IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| 5860 CHICAGO RIDGE LLC, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 07-680 |
| | ) | (Judge Allegra) |
| THE UNITED STATES, | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER

For its answer to the complaint, defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits the allegation contained in paragraph 2 that the United States is the defendant in this action; denies the allegation contained in paragraph 2 that the defendant is acting by and through GSA in the context of this litigation and that GSA's address is correctly stated in paragraph 2.

3. The allegations contained in paragraph 3 constitute conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

4. Admits the allegations contained in paragraph 4 to the extent those allegations are supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 5 .

5. Admits the allegation contained in the first sentence of paragraph 5 that Chicago constructed the premises; denies the remainder of the allegations in paragraph 5. Admits the

allegations contained in the second sentence of paragraph 5 to the extent supported by the cited document, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 5.

6. Admits the allegations contained in paragraph 6 to the extent those allegations are supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 6.

7. Admits the allegations contained in paragraph 7 to the extent supported by the GSAR 552.270-10, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the GSAR 552.270-22, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 8.

9. Admits the allegations contained in paragraph 9 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 9.

10. Admits the allegations contained in paragraph 10 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 10.

11. Admits the allegation contained in paragraph 11 that the IRS took possession of the premises on or about June 25, 2004; denies the remainder of the allegations contained in paragraph 11.

12. Denies

13. Denies.

14. Denies.

15. Admits that on various occasions the IRS denied Chicago's agents access to the premises for failure to follow the agency's security protocols; denies the remainder of the allegations contained in the first sentence of paragraph 11. Denies the allegations contained in the second and third sentences of paragraph 15 for lack of knowledge or information sufficient to form a belief as to their truth.

16. Denies the allegations contained in the first sentence of paragraph 16. The allegations contained in the second and third sentences of paragraph 16 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

17. Admits the allegations contained in first sentence of paragraph 17. Denies the allegations contained in the second sentence of paragraph 17.

18. Denies.

19. Admits the allegations contained in paragraph 19 to the extent supported by the letter cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 19.

20. Admits the allegations contained in the first sentence of paragraph 20 to the extent supported by the communication cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 20. Admits the allegation in the second sentence of paragraph 20 that GSA terminated the lease on May 18, 2007; denies the remainder of the second sentence of paragraph 20.

21. Denies.

22. Denies.

23. Admits the allegation contained in paragraph 23 that GSA has entered a new lease for space to be occupied by the IRS in Chicago; denies the remainder of the allegations contained in paragraph 23.

24. The allegations contained in paragraph 24 are plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to their truth.

25. Denies the allegations contained in paragraph 25 for lack of knowledge or information sufficient to form a belief as to their truth.

26. The allegations contained in paragraph 26 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

27. The allegations contained in paragraph 27 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT I**

28. Defendant incorporates its responses to paragraphs 1 through 27 as if fully set forth herein.

29. Admits the allegations contained in paragraph 29 to the extent supported by the lease cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 29.

30. Admits the allegations contained in paragraph 30 to the extent supported by the notice to cure and the termination for default cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 30.

31. The allegations contained in paragraph 31 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

**COUNT II**

32. Defendant incorporates its responses to paragraphs 1 through 27 as if fully set forth herein.

33. Denies.

34. Denies.

35. Denies.

36. Denies.

37. Denies.

38. Denies.

39. Denies.

40. Denies the allegation contained in paragraph 40 that the termination of the lease was wrongful. Denies the remainder of the allegations contained in paragraph 40 for lack of knowledge or information sufficient to form a belief as to their truth.

41. Denies.

42. The allegations contained in paragraph 42 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

43. The allegations contained in paragraph 43 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed

allegations of fact, they are denied.

**COUNT III**

44. Defendant incorporates its responses to paragraphs 1 through 27 as if fully set forth herein.

45. The allegations contained in paragraph 43 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

46. Denies.

47. The allegations contained in paragraph 47 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

48. The allegations contained in paragraph 48 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

49. The allegations contained in paragraph 49 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

50. The allegations contained in paragraph 50 constitute conclusions of law and plaintiff's characterization of its case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

51. Denies that plaintiff is entitled to the relief set forth in the prayer for relief, or to any relief whatsoever.

52. Denies each and every allegation not previously admitted or otherwise qualified.

**FIRST AFFIRMATIVE DEFENSE**

Defendant was constructively evicted from the premises.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

JEFFREY S. BUCHOLZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

December 19, 2007 Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 19th day of December 2007, a copy of the foregoing "DEFENDANT'S ANSWER" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler