**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **5860 CHICAGO RIDGE, LLC.**<br>**2428 West Bloomingdale**<br>**Chicago, IL 60647**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES**<br><br>**Defendant.** | **Case No.: 07-680C**<br>**Judge Allegra** |

**JOINT PRELIMINARY STATUS REPORT**

In accordance with the Rules of the United States Court of Federal Claims (RCFC) Appendix A, paragraphs 4-5, the parties hereby submit their Joint Preliminary Status Report ("JPSR") in this matter.

**(a)** Does the court have jurisdiction over the action?

Plaintiff states that the Court has jurisdiction over this action under the Contract Disputes Act ("CDA"), 41 U.S.C. § 601-13, and the Tucker Act 28 U.S.C. § 1491. Defendant states that, at this time, it is not aware of any facts that would cause the Court not to have jurisdiction over this matter.

**(b)** Should the case be consolidated with any other case and, if so, why?

The case should not be consolidated with any other case.

**(c)** Should trial of liability and damages be bifurcated and, if so, why?

The trial of liability and damages should not be bifurcated.

**(d)** Should further proceedings in the case be deferred pending consideration of another case before this court or any other tribunal and, if so, why?

Plaintiff states that no related litigation is currently pending. Plaintiff opposes any stay or postponement of these proceedings for any reason.

Defendant is not aware of any related litigation pending before this or any other tribunal at this time, but reserves its right to request a stay of the proceedings in this case should defendant later become aware of any related litigation.

**(e)** In cases other than tax refund actions, will a remand or suspension be sought and, if so, why and for how long?

No remand or suspension will be sought.

**(f)** Will additional parties be joined? If so, the parties shall provide a statement describing parties, their relationship to the case, the efforts to effect joinder, and the schedule proposed to effect joinder.

The parties are not aware of any facts that would necessitate the joinder of additional parties at this time.

**(g)** Does either party intend to file a motion pursuant to RCFC 12(b), 12(c), or 56 and, if so, what is the schedule for the intended filing?

Plaintiff will file a Motion for Summary Judgment and defendant will file a Cross-Motion for Summary Judgment.

**(h)** What are the relevant factual and legal issues?

1. Whether GSA's failure to give Chicago proper notice and opportunity to cure constituted a breach of contract and failure to comply with the applicable regulations.
2. Whether GSA's default termination was a breach of contract because Plaintiff had not defaulted under the terms of the Lease.

3. Whether the Contracting Officer's determination to terminate the lease for default was arbitrary and capricious and an abuse of discretion.

4. Whether IRS was constructively evicted from the leased premises.

**(i)** What is the likelihood of settlement? Is alternative dispute resolution contemplated?

The parties are open to the prospect of settlement and will make good faith efforts to reach a settlement in this matter. Although the parties have not agreed to alternative dispute resolution, they are open to the use of ADR procedures.

**(j)** Do the parties anticipate proceeding to trial? Does either party, or do the parties jointly, request expedited trial scheduling and, if so, why?

The parties anticipate this matter may proceed to trial. The parties are not requesting expedited trial scheduling at this time.

**(k)** Are there special issues regarding electronic case management needs?

There are no special electronic case management needs or issues in this matter.

**(l)** Is there other information of which the court should be aware at this time?

Because most of the witnesses are in Chicago, the Court may consider trying the case there.

Pursuant to Paragraph 5 of Appendix A, the parties propose the following discovery plan and schedule for dispositive motions:

The parties are unable to agree to a discovery schedule.

**Plaintiff's proposed discovery schedule is as follows:**

| | |
|---|---|
| Close of Fact Discovery | June 13, 2008 |
| Disclosure of Experts | June 24, 2008 |
| Submission of Expert Reports | July 18, 2008 |

| | |
|---|---|
| Close of all discovery | August 22, 2008 |
| Plaintiff's Dispositive Motion | September 23, 2008 |
| Defendant's Opposition and Cross Motion | October 23, 2008 |
| Plaintiff's Reply and Opposition to Cross Motion | November 6, 2008 |
| Defendant's Reply | November 20, 2008 |

**Defendant's Proposed Discovery Schedule is as follows:**

| | |
|---|---|
| Disclosure of Experts | June 24, 2008 |
| Submission of Expert Reports | August 29, 2008 |
| Close of all discovery | December 15, 2008 |
| Plaintiff's Dispositive Motion | January 15, 2009 |
| Defendant's Opposition and Cross Motion | February 16, 2009 |
| Plaintiff's Reply and Opposition to Cross Motion | March 16, 2009 |
| Defendant's Reply | April 15, 2009 |

Respectfully submitted,

s/ Laurence Schor
Laurence Schor, D.C.
lschor@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.
1155 15th Street, N.W., Ninth Floor
Washington, D.C. 20005
202-659-3732 fax
Counsel of Record for Chicago Ridge, LLC

JEFFREY S. BUCHOLZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

February 11, 2008

Attorneys for Defendant