**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **5860 CHICAGO RIDGE, LLC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: 07-680C** |
| | ) | **Judge Allegra** |
| **THE UNITED STATES** | ) | |
| **Defendant.** | ) | |

**MOTION FOR ENLARGEMENT OF THE TIME FOR DISCOVERY**

Pursuant to Rules 6.1 and 6(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant requests an enlargement of time of 60 days, to and including August 12, 2008, within which to complete fact discovery. The close of fact discovery is June 13, 2008. In addition, defendant requests that the Court make corresponding changes to the remainder of the discovery schedule. This is our first request for an enlargement of time for this purpose. Plaintiff's counsel has been contacted and has indicated that plaintiff will oppose this request for an enlargement of time.

As the Court and both parties acknowledged at the scheduling conference in this matter held on March 5, 2008, the discovery schedule proposed by plaintiff and largely adopted by the Court is very aggressive. Indeed, the schedule allowed just slightly more than three months for fact discovery, with the time for fact discovery closing on June 13, 2008. Plaintiff's expressed rationale for requesting such an aggressive schedule was that it needed to demonstrate to its lender that it was diligently pursuing and making progress

in this litigation in order to minimize the risk that the lender would foreclose on the subject property. At the time, defendant indicated its belief that more time for discovery would be necessary, and in the parties' Joint Preliminary Status Report proposed that the close of all discovery be set for December 15, 2008. In response to the concerns raised by the defendant, the Court expressed a willingness to consider requests for additional time closer to the end of the discovery period.

Both parties have been diligent in the conduct of discovery, and a significant amount has been accomplished thus far. Each party has propounded a first set of interrogatories and document requests, and has responded to the other party's written discovery. In addition, plaintiff and defendant have each propounded a second set of written discovery requests.[1] Six depositions have been taken in the case, four by plaintiff and two by defendant, all of which have taken place in Chicago, Illinois. Defendant currently is scheduled to take two additional depositions, on June 12 and June 17, 2008 (the latter taking place subject to an agreement by plaintiff to extend the discovery deadline one week).

Despite these diligent efforts, however, a number of factors have combined to make it impossible for defendant to complete fact discovery prior to June 13, 2008. First, defendant's counsel has been required to engage in extensive travel during April and May, 2008. In the 33 business days between April 15, 2008 and May 30, 2008, defendant's counsel was on travel for 20 of them.[2] Naturally, in the little time that defendant's counsel had in the office during that time, he was required to balance his responsibilities in this matter against his many responsibilities in his other cases.

[1] We note that defendant has propounded its second set of written discovery requests on the date of this motion, and plaintiff's responses, therefore, would not be due until after the current close of discovery.
[2] Three of those days were for travel related to personal matters.

Second, and perhaps more importantly, plaintiff has frustrated the Government's attempts to obtain complete and accurate disclosure of the basis for plaintiff's claimed damages. Plaintiff has claimed, among other damages, $1 million in damages in this case as a result of its alleged "potential loss of equity" in the subject property. In its initial disclosures, however, plaintiff failed to provide a "computation of [this] category of damages" as required by RCFC 26(a)(1)(c). Instead, plaintiff merely indicated that it was seeking $1 million in anticipated lost equity.

Moreover, plaintiff's initial disclosures indicated that it would make documents related to all of its damages calculations available to defendant for inspection and copying. The parties later agreed that rather than make documents available for inspection, each side would copy and produce its own responsive documents. The documents produced by plaintiff on May 9, 2008, however, did not include any documents reflecting the calculation of damages that plaintiff had not already provided. Defendant's counsel had hoped to obtain the necessary information regarding plaintiff's alleged damages during the May 29, 2008 deposition of Daniel R. Drew, the managing member of plaintiff 5860 Chicago Ridge LLC (the "LLC") and the person who signed plaintiff's certified claim. Despite persistent efforts by defendant's counsel, however, Mr. Drew did not adequately explain the manner in which the plaintiff's lost equity claim was calculated. Additional discovery is therefore necessary in order for the defendant to be able to understand the calculation of plaintiff's alleged damages.

Third, Mr. Drew's deposition on May 29, 2008 revealed that the property in this case is held by a limited liability company that is part of a complicated network of business entities controlled by Mr. Drew. Although Mr. Drew is its managing member,

he did not make an initial cash contribution to the LLC. Rather, the cash paid into the LLC came from his business partner Rust Gilbert, and Mr. Drew's contribution came in the form of services provided by a company called Drew Management, Inc., of which Mr. Drew is president. The Government believes that the LLC's equity in the property may be, at least to some extent, a function of the value of the in-kind services provided by Drew Management, Inc. Additional discovery is necessary in order for the Government to determine the value of those services and the impact of other transactions involving the LLC or Drew Management, Inc. on the LLC's equity in the property.

Fourth, based upon Mr. Drew's deposition testimony, the Government is now investigating possible fraud claims and, depending on the outcome of that investigation, may seek authority to assert fraud counterclaims in this case. Additional time is necessary for the Government to develop this aspect of its case.

Finally, plaintiff's need for a compressed discovery schedule has diminished since the scheduling conference. On May 23, 2008, plaintiff and its lender, Protective Life Insurance Company ("Protective Life"), signed a forbearance agreement in which Protective Life has agreed not to foreclose on the property before July 2009. Attachment A. Thus, plaintiff's prior rationale for expedited discovery, that a demonstration of diligence and progress was necessary to stave off foreclosure, is no longer applicable.

For the reasons stated above, the Government respectfully requests that the Court extend the time for fact discovery 60 days. If corresponding adjustments are made to the remainder of the discovery schedule, the resulting schedule will be:

| | |
|---|---|
| Close of Fact Discovery | August 12, 2008 |
| Expert Identification | August 25, 2008 |
| Expert Reports | October 9, 2008 |
| Close of Discovery | November 20, 2008 |
| Joint Status Report | December 4, 2008 |

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

June 6, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 6th day of June 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR ENLARGEMENT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler