**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **5860 CHICAGO RIDGE, LLC.**<br>**2428 West Bloomingdale**<br>**Chicago, IL 60647**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES**<br><br>**Defendant.** | **Case No.: 07-680C**<br>**Judge Allegra** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME**

Plaintiff 5860 Chicago Ridge, LLC, ("Chicago"), by undersigned counsel, hereby submits its Opposition to Defendant's Motion for Enlargement of Time ("Motion"). Discovery is currently scheduled to close on June 13, 2008. For the reasons set forth below, Plaintiff requests that the Court deny Defendant's motion except for the one week extension ( until June 20, 2008) previously agreed to by Plaintiff, with all other discovery deadlines remaining unchanged.

**Status of Discovery**

The status of discovery is as follows: Plaintiff served its first set of Interrogatories and Request for Production of Documents on February 11, 2008. Defendant served its First Set of Interrogatories and Request for Production of Documents on April 9, 2008, more than one month after the Court entered its scheduling order on March 6, 2008. Plaintiff took four depositions of GSA and IRS personnel in Chicago on April 29-31, 2008. Defendant took the depositions of Dan Drew and Tony Lombardo in Chicago on May 29-30, 2008.

On June 6, just 7 days before the fact discovery cut-off date, Plaintiff agreed at Defendant's request to a one week enlargement of the discovery schedule until June 20, 2008 based on Defendant's representation that it wished to conclude further depositions in this matter. Plaintiff did not agree to an extension of time for the service of further Interrogatories and Requests for Production of Documents. Depositions were then scheduled, again as an accommodation to Defendant's counsel, for Rust Gilbert in Washington, D.C. on June 13, 2008 and for Tom Boucher in Washington, D.C. on June 17, 2008. Broad-reaching and burdensome Interrogatories and Requests for Production of Documents concerning the LLCs were served by the Defendant later on the day of June 6. Attachment 1. Although Plaintiff has concluded its fact discovery in this matter, it reserves the right to conduct further discovery if Defendant's Motion is granted, in whole or in part, and/or if Defendant moves to Amend its Answer to assert a fraud counterclaim.

As is discussed in detail below, Defendant now seeks an extension of time, *inter alia,* to conduct a fraud "investigation," even though it has not provided any information about why such an investigation is required or what relevance it has or may have to any claim or defense currently pending before this Court.[1]

**<u>Defendant's Motion Should Be Denied</u>**

Defendant argues in its Motion that: (1) the discovery schedule is very aggressive and such a schedule is no longer required because the Forbearance Agreement eliminates the financial pressure on Plaintiff; (2) despite its diligence, it is impossible for several reasons, including travel by Defendant's counsel, for Defendant to comply with the

[1] Defendant's Answer does not assert an affirmative defense of fraud and no fraud Counterclaim has been asserted.

discovery schedule established by the Court; (3) Defendant has been "frustrated" in its efforts to understand the basis for Plaintiff's damages claim due to lack of documentation; (4) Defendant needs additional time to "investigate" a possible fraud claim; and (5) Defendant needs to "investigate" the value of "in-kind" services provided by Dan Drew to Plaintiff Chicago. Each of these arguments will be addressed in turn.

**1. The Discovery Schedule is Reasonable and Remains Necessary**

Plaintiff does not dispute that the discovery schedule entered by the Court is "aggressive" and based in part upon the fact that the improper default termination resulted in a corresponding default by Plaintiff under the terms of its loan agreement. At the time the Complaint was filed on September 20, 2007 and Plaintiff's claim was certified on September 24, 2007, no Forbearance Agreement was in place or even contemplated, and Plaintiff was in danger of losing its investment in the property to foreclosure.

Although Plaintiff and its lender entered into a Forbearance Agreement on June 1, 2008, execution of this Agreement does not justify extending the discovery schedule by 60 days. The Agreement provides only limited relief to Plaintiff, since its lender has only agreed to forego foreclosure as long as Plaintiff continues to make substantial monthly payments of interest, at the rate of 5.625%, on the principal balance of approximately $3.2 Million. The financial pressure remains because if Chicago is unable to make the substantial payments, it will also be in default of the Forbearance Agreement and will most certainly lose the building to foreclosure.[2] Therefore, the existence of a

[2] Plaintiff has made diligent efforts to mitigate its damages by hiring a real estate broker to market the building for sale or lease, but these efforts have so far been fruitless.

Forbearance Agreement does not substantially alter the assumptions of the parties at the Status Conference that the discovery schedule needs to be aggressive.

**2. <u>Defendant Delayed Initiating Discovery</u>**

Plaintiff disagrees that Defendant has been "diligent" in its discovery efforts. Even though Defendant was well aware of the "aggressive" schedule and the reasons therefore, it failed to initiate any discovery until April 9, 2008 – almost 7 full months after Plaintiff filed its Complaint and one month after the Status Conference Order was entered. [3] Defendant could not fail to recognize that its decision to wait to initiate its discovery could foreclose further discovery efforts.

Discovery deadlines are established by the Court, *inter alia,* to lend certainty to proceedings, to ensure that cases move towards resolution on the merits, and to guard against abuse of the discovery process. To the extent Defendant seeks an extension because its counsel has been busy with other matters, Plaintiff could similarly plead the press of work but has made discovery in this matter a priority, an option open to Defendant as well.

**3. <u>Plaintiff Has Not "Frustrated" Defendant's Discovery</u>**

The Government argues that more time is required for discovery because Plaintiff "frustrated" its discovery process. With regard to the alleged "frustration" caused by Plaintiff, Plaintiff could not disagree more. Daniel Drew, a member of Plaintiff, submitted to repeated questioning by Defendant on the issue of the several LLCs and his "in-kind" contributions to Plaintiff when he was deposed by Defendant for more than 7

---

Therefore, there is no rental income to offset the interest payments under the Forbearance Agreement.

[3] Plaintiff filed its first discovery requests on February 11, 2008.

hours on May 29, 2008. Mr. Drew also testified at length about the $1 million in lost equity claimed . He answered all questions posed by Defendant that did not involve attorney-client privilege. If Defendant was dissatisfied with Mr. Drew's answers, they were nonetheless given in good faith. Under the circumstances, it is unclear what was "inadequate" or "frustrating" about the testimony.

Defendant also alleges without cause that it was frustrated by Plaintiff's failure to produce any documents supporting its damages claim. This argument is meritless.

Mr. Drew testified in his deposition that there ***were no documents*** supporting his calculation for lost equity other than the spreadsheet provided with the certified claim, which was produced to Defendant and also provided to the Contracting Officer as part of Plaintiff's certified claim. *See* Attachment 2 hereto.

Defendant's position appears to be that in the absence of existing documents, Plaintiff should have ***created*** some. To the contrary, courts have repeatedly denied discovery requests in which a party or non-party would be required to "create" or "prepare" documents that do not already exist. See, *e.g. In re Claims for Vaccine Injuries Resulting in Autism,* WL 1983780 (Fed.Cl. 2007), *citing Alexander v. Federal Bureau of Investigation,* 194 F.R.D. 305, 310 (D.D.C. 2000) ("Rule 34 * * * only requires a party to produce documents that *are already in existence* "; a party "is not required to prepare, or cause to be prepared, new documents solely for their production") (emphasis added); *Insituform Technologies, Inc. v. Cat Contracting, Inc.,* 168 F.R.D. 630, 633 (N.D.Ill.1996).

Defendant's belief that Plaintiff's document production was "inadequate" is without merit and does not justify an extension of the discovery schedule.

**4. There is No Basis to Extend Discovery for "Investigation" Purposes**

Defendant asserts that it needs additional time to conduct an "investigation," via this Court's discovery process, into a possible fraud claim.

Defendant attributes its difficulty in supporting its alleged fraud claim as being, in part, the result of the fact that the property at issue is "held by a limited liability company that is part of a complicated network of business entities controlled by Mr. Drew". Motion at 3-4.[4] Defendant fails to acknowledge that it has had ample discovery on this issue through the testimony of Mr. Drew, and it can also address this issue in the depositions of Messrs. Gilbert and Boucher, which have been scheduled for June 13 and 17, respectively.

It is also relevant that Defendant has known that Plaintiff is an LLC since the Complaint was filed; there is simply no justification for additional time just because Defendant delayed exploring the composition of Plaintiff's ownership.

Defendant is plainly on a fishing expedition for sufficient support to bring unspecified claims of fraud. Its request for time to conduct such an "investigation" should be denied because it has not presented any basis for a fraud claim, which is irrelevant to the issues currently pending before the Court.

**Conclusion**

For the foregoing reasons, Defendant's Motion for Enlargement of Time should be denied.

---

[4] Plaintiff disagrees that the ownership of the building is "complicated" and in any even it is not clear what the relevance is, to any issue pending for this Court, of the alleged complexity.

Respectfully submitted,

Date: June 10, 2008

____________________________________
Laurence Schor, D.C.
lschor@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.
1155 15th Street, N.W., Ninth Floor
Washington, D.C. 20005
202-296-9260
202-659-3732 fax
Counsel of Record for Chicago Ridge, LLC

Of Counsel:
Susan L. Schor
sschor@msadlaw.com
Jeanne A. Anderson
janderson@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.

Attachments

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically filed, this 10th day of June 2008 on:

Robert E. Chandler
U.S. Department of Justice
Civil Division
1100 L St., N.W.
Washington, D.C. 20530
Counsel for the Defendant

______________________________

Laurence Schor