**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| 5860 CHICAGO RIDGE, LLC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-680 |
| THE UNITED STATES, | ) | |
| Defendant | ) | |

DEFENDANT'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33 and 34 of the United States Court of Federal Claims ("RCFC"), defendant requests that plaintiff answer under oath the following written interrogatories within thirty (30) days from the date of service and that plaintiff produce documents for inspection and copying within that thirty-day period. These discovery requests are governed by the following definitions and instructions:

DEFINITIONS

1. The terms "plaintiff," "you," "your" or "the LLC," as used herein, mean the party plaintiff, 5860 Chicago Ridge LLC ("Chicago Ridge"), and any entity owned in whole, in part, or controlled by plaintiff, and includes all present and past employees, subcontractors, consultants, agents, investigators, directors, officers, experts, and representatives, including counsel and all other persons or entities acting or purporting to act on plaintiff's behalf, who could reasonably be expected to have personal knowledge that would effect the completeness and accuracy of the answers to these interrogatories.

2. The term "person," as used herein, includes any natural person, corporation, partnership, other business association or entity recognized by law, and the employees or independent contractors thereof, and any domestic or foreign government body, commission, board, agency, branch, department, component, or element thereof.

3. The term "document," as used herein, means and includes without limitation the following items, whether printed, micro-filmed, electronically recorded in sound or pictures, stored in computer memory or in a computer database, or re-produced by any process, or written or produced by hand, and regardless of whether claimed to be privileged or confidential or personal: letters, correspondence, memoranda, reports, summaries, notes, notebooks, electronic mailings ("e-mails"), sketches, prints, photographs, printed forms, manuals, brochures, diaries, books, lists, publications, agreements, working papers, intra-company and inter-company communications, forecasts, statistical statements, graphs, charts, plans, drawings, minutes or records of meetings or conferences, policy statements, circulars, and any and all other writings. The above includes any and all other materials of any tangible medium of expression and original or preliminary notes, including drafts, typing, printings, minutes, or copies or reproductions thereof that are now or have ever been in the possession, custody or control of Chicago Ridge.

4. References to the name of a company or the designation of a party include the company or corporation, as the case may be, or the party, and its employees, agents, directors, officers, stockholders, principals, partners, representatives, attorneys, investigators, consultants, and subcontractors.

5. An interrogatory asking you to "explain in detail," "describe in detail," "state each fact," or "state all facts" seeks disclosure of each and every fact, circumstance, condition, and thing known to you about the subject of the interrogatory containing such a phrase and full identification and description of the source(s) of such facts, circumstances, conditions and things, including, but not limited to, identification of each person having knowledge of and each document containing information relating to such fact, circumstance, condition or thing.

6. The "complaint" refers to the amended complaint filed by Chicago Ridge on September 27, 2007 against the United States, No. 07-680C, before the United States Court of Federal Claims.

7. The "lease" means the contract identified in paragraph 4 of the complaint.

8. The "building" or "premises" refers to the building owned by Chicago Ridge located at 5860 W. 111th St., Chicago Ridge, Illinois which is the subject of the lease.

9. The "property" refers to the building and the parcel of land upon which it sits.

INSTRUCTIONS

1. In answering these interrogatories, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of yourself, your employees, subcontractors, experts, plaintiff's attorney, or appearing in your documents, not merely information within the personal knowledge of the individual(s) executing plaintiff's answer to interrogatories.

2. If plaintiff cannot answer the following interrogatories in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Specify plaintiff's inability to answer the remainder, and state whatever information or knowledge plaintiff has concerning the unanswered portion.

3. These interrogatories are continuing in nature to the extent provided in Rule 26(e) of the Rules of the United States Court of Federal Claims. If plaintiff obtains additional information, a supplemental response shall be furnished when such information becomes available, but not later than a date thirty days preceding the scheduled trial of this case.

4. Provide separate responses for each interrogatory or sub-part thereof; do not join together and provide a common response or answer to two or more interrogatories or to sub-parts of an interrogatory.

5. Where exact statistical or numerical information, including dates or times, ~~cannot be furnished, estimated or approximate information is to be supplied. Where an~~ estimate or approximation is supplied, it should be so indicated, and an explanation provided as to the basis upon which the estimate or approximation was made. State the reason(s) why exact statistical or numerical information cannot be furnished.

6. If any response, or any portion of any response, to any of the following interrogatories or subparts thereof is not made on or by the present knowledge of the person signing or swearing to such response, identify each person from whom the information was obtained and is a matter of personal knowledge. Designate the number of the interrogatory for which each such person supplied information.

7. To the extent you consider any of the following interrogatories, or sub-parts thereof, to be objectionable, answer that portion of the interrogatory, or sub-part thereof, to which you have no objection and separately state the portion of the interrogatory, or sub-part thereof, to which you lodge an objection and state the specific grounds therefore.

8. Should plaintiff claim a privilege for any document requested, or about which information is requested by any of the following interrogatories, plaintiff shall so state. Plaintiff shall describe such document(s) in the manner indicated above. Plaintiff shall state all facts that demonstrate why the document(s) sought or the information requested by any of the following document requests or interrogatories is entitled to the privilege requested.

9. When answering these interrogatories, please type the interrogatory or request, as well as your response or objection in accordance with all provisions of Rule 33 and Appendix G of the Rules of the United States Court of Federal Claims.

10. To the extent possible, all documents produced in response to this Request should be arranged in separate categories identified by the paragraph number of the Request to which such documents are responsive.

11. After your initial production, if you, or others subject to your control, including your attorneys, become aware of documents responsive to this Request, such documents promptly should be made available to the Government for inspection and copying. A document shall be deemed to refer or pertain to a matter if it expressly or otherwise refers to the matter, or if its subject matter bears a clear logical relationship to the matter.

**INTERROGATORIES**

16. Explain in detail how plaintiff computed the amount of equity it expects to lose in the property for purposes of the certified claim it submitted to the contracting officer on September 26, 2007. For each figure used in plaintiff's calculation, explain what the figure respresents, why it was used in the calculation and the source of the information. Identify any records that contain source material for the calculation, any records used to perform the calculations and any records of the calculation itself.

17. Identify all services provided to plaintiff by Drew Management, Inc. ("Drew Management"), including a detailed description of the services, the date the services were provided and the person(s) performing the services.

18. Identify all loans made to plaintiff and, for each such loan, identify the lender, the amount of the loan, the interest rate on the loan and the terms of repayment.

19. Identify all business organizations in which Daniel R. Drew ("Drew") holds a financial, management or other interest (excluding interests represented by securities traded on a major national exchange) and, for each such organization, identify all transactions between the organization and the LLC.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents referred to or relied upon in answering the defendant's Second Set of Interrogatories.
2. Produce all documents relating to the formation of the LLC, all documents reflecting the initial membership of the LLC and all documents refelcting any changes in the membership of the LLC.
3. Produce all documents relating to capital contributions made to the LLC.
4. Produce all documents relating to loans made to the LLC.
5. Produce all documents realating to transactions involving the LLC where the amount of the transaction was $100,000 or more (including all transactions or series of transactions where the LLC conferred or received benefits valued at $100,000 or more).
6. Produce all financial statements (either audited or unaudited) and financial reports relating to the LLC.
7. Produce all documents evidencing any interest in the business organizations identified in Interrogatory 19.
8. Produce all documents evidencing any transaction identified in Interrogatory 19.

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

KIRK T. MANHARDT
Assistant Director

ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

June 10, 2008

Attorneys for Defendant