**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **5860 CHICAGO RIDGE, LLC.**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES**<br><br>**Defendant.** | **Case No.: 07-680C**<br>**Judge Allegra** |

**MOTION FOR ENLARGEMENT OF THE TIME FOR DISCOVERY**

Pursuant to Rules 6.1 and 6(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully requests that the Court extend the time for fact discovery 14 days, until July 28, 2008. Plaintiff's counsel has indicated that plaintiff will not consent to this enlargement of time.

On June 6, 2008, defendant submitted a motion to enlarge the time for discovery by 60 days, which plaintiff opposed. The Court issued an order on June 16, 2008 enlarging the time for discovery by approximately 30 days, and making corresponding adjustments to the remainder of the schedule in this case. Under the newly-established schedule, however, fact discovery would close just three business days after plaintiff produces documents in this matter, leaving the Government without sufficient time to review the additional documents and to take depositions regarding those documents. Although the Court indicated in its order that no further enlargements would be granted, the Government respectfully requests that the Court grant this motion for enlargement in order to be able conduct adequate discovery with respect to issues and facts raised during

the May 29, 2008 deposition of Daniel Drew. In order to adhere as closely as possible to the Court's revised schedule, the Government does not request a corresponding adjustment in the remainder of the schedule.

The Government's deposition of Daniel Drew, managing member of 5860 Chicago Ridge LLC ("Chicago Ridge"), on May 29, 2008 gave rise to several developments that made it necessary for the Government to conduct further discovery. First, the Government learned for the first time at Mr. Drew's deposition that Chicago Ridge is part of a complicated network of special purpose entities that comprise Mr. Drew's business interests. In order to assess Chicago Ridge's claim for lost equity, therefore, it became necessary to understand the relationships and transactions between the business entities controlled by Mr. Drew. Second, Mr. Drew's responses to questions seeking an explanation of the manner in which Chicago Ridge's claimed damages were calculated were non-responsive and evasive. This information should have been provided as part of Chicago Ridge's initial disclosures, and Mr. Drew's failure to respond has left the Government without basic information regarding Chicago Ridge's damage claims.[1] Finally, Mr. Drew's inability or unwillingness to explain the calculation of the damages asserted in Chicago Ridge's claim, when combined with the fact that Chicago Ridge has overstated its damages by nearly $2 million, made it necessary for the Government to investigate possible fraud counterclaims.

[1] On June 13, 2008, Chicago Ridge agreed to provide "additional information" regarding its calculation of its damages on or before June 20, 2008, after the Government threatened to file a motion to compel. Attachment A. When the Court issued its June 16, 2008 order, however, Chicago Ridge took the position that it would not provide additional damages disclosure until the due date for its discovery responses, July 9, 2008. Attachment B. There is no basis in the rules of this Court for Chicago Ridge's continued failure to meet its initial disclosure obligations.

The Government acted promptly in response to the developments described above. One week after the conclusion of depositions in Chicago, on June 6, 2008, the Government served its second set of interrogatories and document requests on Chicago Ridge. Attachment B. Chicago Ridge's response date, therefore, is July 9, 2008, which leaves just three business days for the Government to review Chicago Ridge's responses and documents and to conduct any follow-up depositions before the July 14, 2008 close of fact discovery. After the Court issued its order setting the July 14, 2008 deadline, Government counsel immediately requested that Chicago Ridge either respond to the Government's discovery requests by June 25, 2008 or agree to permit the Government to take additional depositions during the two weeks following the close of discovery. Attachment D. Chicago Ridge declined to cooperate in this manner. Id.

The additional two weeks for fact discovery requested by the Government is appropriate under the circumstances. Clearly, three business days is not a sufficient amount of time to permit the Government to review Chicago Ridge's documents and responses and to conduct any remaining depositions. More time is necessary to permit the Government to develop these critical aspects of its defense, and potential counterclaims, described above. Moreover, the Government acted diligently in response to the developments that arose during Mr. Drew's deposition. In addition, the proposed extension of fact discovery would not affect any of the other deadlines the Court has set in this matter and, therefore, would not delay the resolution of this litigation.

Also, Chicago Ridge will not be prejudiced by a two week extension. Again, the overall schedule for this litigation will not be altered, and an additional two weeks of fact discovery is not, by itself, burdensome. Moreover, Chicago Ridge has failed to present

any basis for its suggestion that any extension of the discovery schedule will increase the likelihood that its lender will foreclose upon the subject property. In its response to the Government's June 6, 2008 motion for enlargement, Chicago Ridge states that, notwithstanding the execution of the Forbearance Agreement, "[t]he financial pressure remains, because if Chicago is unable to make substantial payments, it will also be in default of the Forbearance Agreement and will most certainly lose the building to foreclosure." Plaintiff's Opposition to Defendant's Motion for an Enlargement of Time, 3. Chicago Ridge failed to demonstrate, however, that it is even close to default under the forbearance agreement or that extensions of discovery might lead to additional costs that would cause its financial collapse. Even the few facts that Chicago Ridge presented in its motion are entirely without support – Chicago Ridge submitted no affidavits supporting its claim of hardship and its attorneys did not sign the motion that contained these assertions, even after the omission was brought to their attention. Attachment E and Attachment F.

Moreover, given that the aggressive discovery schedule in this case was at the request of and for the benefit of Chicago Ridge, it bears a heightened responsibility to cooperate during discovery. Instead, it has sought to frustrate the Government's discovery efforts at every turn. It failed to meet its initial disclosure obligations by wholly neglecting to provide the calculations upon which its claim of lost equity is based, and agreed to provide that information only after the Government threatened to seek an order from the Court. Attachment A. Then it took the absurd position that, because there is some overlap in its initial disclosure obligations and the Government's discovery requests, that it will not provide its damages calculations pursuant to RCFC 26(a)(1)(c),

which were due on February 25, 2008, until the due date for its responses to the Government's discovery, July 9, 2008. Attachment B. Its witnesses have been evasive during their depositions, particularly in the context of the Government's efforts to learn about Chicago Ridge's lost equity calculation. Chicago Ridge's counsel has advised witnesses not to answer deposition questions on the basis of dubious privilege assertions[2] and, on three occasions, simply walked out of the deposition. Chicago Ridge also rebuffed the Government's attempt to reach a reasonable compromise with respect to the timing issue described in this motion, thus necessitating this request for Court involvement. In short, Chicago Ridge has sought the benefit of an accelerated discovery schedule, but has conducted discovery in a manner designed to hamper the Government's ability to meet that schedule.

We note that, just as the Government was about to file this motion, plaintiff submitted its motion for leave to amend its complaint. Defendant has not yet had an opportunity to review and give due consideration to plaintiff's motion or amended complaint. We therefore take no position as to whether defendant will need additional time for discovery in the event that Chicago Ridge is permitted to amend its complaint.

For the reasons set forth above, the Government respectfully requests an enlargement of the time for fact discovery of 14 days, until July 28, 2008.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

---

[2] The Government anticipates submitting motions to compel in response to several of these privilege assertions.

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

June 6, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 6th day of June 2008, a copy of the foregoing "DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler