A

**Chandler, Robert (CIV)**

**From:** Larry Schor [LSchor@msadlaw.com]
**Sent:** Monday, June 16, 2008 5:22 PM
**To:** Chandler, Robert (CIV)
**Subject:** Fwd: Re: Chicago Ridge

Rob: Here is a copy of the email I sent to you at 1:28pm on Friday, June 13, 2008. Sorry if it got lost in the ether. Larry

>>> Larry Schor 6/13/2008 1:28 PM >>>
Rob: We reject the premise of your request as our initial disclosure met the intent of the Rules. Moreover, you have participated in extensive discovery regarding the matter of Plaintiff's damages. However, because we believe that the case can continue to move forward by responding to your request for additional information on Plaintiff's damages demand, we will provide additional information in writing before the end of next week, June 20, 2008.

Larry Schor

Laurence Schor
McManus, Schor, Asmar, & Darden LLP
1155 Fifteenth Street, NW, Suite 900
Washington, DC 20005
Telephone # : 202-296-9260
Fax #: 202-659-3732
email: lschor@msadlaw.com

The information contained in this E-mail message is privileged, confidential, and is protected from disclosure. If you are not the intended recipient, please be aware that any other use, printing, copying, disclosure, dissemination, and the taking of any act on reliance of this communication is strictly prohibited. If you think that you have received this E-mail message in error, please delete it and notify the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by McManus, Schor, Asmar, & Darden LLP for any loss or damage arising in any way from its use.

>>> "Chandler, Robert (CIV)" <Robert.Chandler@usdoj.gov> 06/12/08 11:54
>>> PM >>>
Larry,

As I indicated in my motion for enlargement, plaintiff has not satisfied its obligation to provide a computation of each category of its damages as required by RCFC 26(a)(1)(c). Plaintiff is, of course, under a continuing obligation to do so, regardless of whether the judge permits discovery to continue in this matter. Please provide a complete disclosure of plaintiff's alleged damages as soon as possible. I would prefer to resolve this without Court action, but plaintiff's continued failure to satisfy its initial disclosure obligations will leave the Government no option other than to file a motion to compel. I would appreciate an indication of how you intend to proceed on this issue by close of business on Friday, June 13, 2008.

Regards,

Robert E. Chandler
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington D.C. 20530
(202)514-4678

robert.chandler@usdoj.gov

B

**Chandler, Robert (CIV)**

**From:** Larry Schor [LSchor@msadlaw.com]
**Sent:** Tuesday, June 17, 2008 4:05 PM
**To:** Chandler, Robert (CIV)
**Cc:** Jeanne Anderson; Susan Schor
**Subject:** Re: 5860 Chicago Ridge v. United States; Fed. Cl. No. 07-680

Rob:

The discovery situation, as we see it, after the Order issued by the Court is that you now have until the close of business July 14 to complete all fact discovery. We will abide by that date and do not agree in advance to any extension for purposes of additional depositions.

With regard to your request that we accelerate the July 9 date to respond to your second set of interrogatories, we will not do so. Moreover, our agreement to provide a separate explanation of our damages calculation was sent to you before the Judge ruled on your motion. Because the information you are seeking is the same as that which you are seeking in your second interrogatories and request for production of documents, we will respond to your discovery as required by the Rules of the Court.

We believe that your continuous search to undermine the $1 M in equity loss claimed by the plaintiff is a fruitless search which has already cost our client thousands of dollars and, based upon your announcement that you will take additional depositions, will cost more money without producing any additional information for you. We recognize your right to take discovery and we will not move for a protective order against additional depositions at this time but we will do so if you continue a broad fishing expedition.

We look forward to the receipt of the documents we requested.

Larry

>>> "Chandler, Robert (CIV)" <Robert.Chandler@usdoj.gov> 6/16/2008 6:48
>>> PM >>>
Larry,

Attached please find defendant's responses to plaintiff's second set of interrogatories and document requests. Note that several of the document responses indicate that documents will be made available for inspection. According to our earlier agreement, we will be providing copies of these documents, which I expect to deliver in the next three days.

As I am sure you have seen by now, Judge Allegra gave us an additional 30 days for discovery. I am going to want to conduct additional depositions after we receive your responses to our second set of
document requests and interrogatories, which are due July 7, 2008. I
anticipate needing more than one week with the documents prior to conducting the additional depositions, however, and would ask that (a) you agree to provide the outstanding discovery responses on or before June 25, 2008 OR (b) you agree to permit us to take depositions during the two weeks following the July 14 close of discovery. I would very much appreciate your cooperation.

Regards,

Robert E. Chandler
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington D.C. 20530
(202)514-4678
robert.chandler@usdoj.gov

C

**Chandler, Robert (CIV)**

**From:** Chandler, Robert (CIV)
**Sent:** Wednesday, June 18, 2008 12:19 AM
**To:** Larry Schor
**Cc:** Jeanne Anderson; Susan Schor
**Subject:** RE: 5860 Chicago Ridge v. United States; Fed. Cl. No. 07-680

Larry,

Your position that plaintiff is not required to meet its initial disclosure obligation until it responds to the Government's June 6, 2008 discovery is, to put it charitbly, wrong. Plaintiff already is three months late in providing that information. The fact that the Government has served discovery that may overlap with the requirements of RCFC 26(a)(1)(c) does not relieve plaintiff of the obligation to disclose the basis for its claim of damages. Please confirm by noon on Wednesday, June 18, that plaintiff will provide the required disclosures on or before June 20. If you fail to do so, we will be filing a motion to compel.

Regards,

Robert E. Chandler
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington D.C. 20530
(202)514-4678
robert.chandler@usdoj.gov

-----Original Message-----
From: Larry Schor [mailto:LSchor@msadlaw.com]
Sent: Tuesday, June 17, 2008 4:05 PM
To: Chandler, Robert (CIV)
Cc: Jeanne Anderson; Susan Schor
Subject: Re: 5860 Chicago Ridge v. United States; Fed. Cl. No. 07-680

Rob:

The discovery situation, as we see it, after the Order issued by the Court is that you now have until the close of business July 14 to complete all fact discovery. We will abide by that date and do not agree in advance to any extension for purposes of additional depositions.

With regard to your request that we accelerate the July 9 date to respond to your second set of interrogatories, we will not do so. Moreover, our agreement to provide a separate explanation of our damages calculation was sent to you before the Judge ruled on your motion. Because the information you are seeking is the same as that which you are seeking in your second interrogatories and request for production of documents, we will respond to your discovery as required by the Rules of the Court.

We believe that your continuous search to undermine the $1 M in equity loss claimed by the plaintiff is a fruitless search which has already cost our client thousands of dollars and, based upon your announcement that you will take additional depositions, will cost more money without producing any additional information for you. We recognize your right to take discovery and we will not move for a protective order against additional depositions at this time but we will do so if you continue a broad fishing expedition.

We look forward to the receipt of the documents we requested.

Larry

>>> "Chandler, Robert (CIV)" <Robert.Chandler@usdoj.gov> 6/16/2008 6:48
>>> PM >>>
Larry,

Attached please find defendant's responses to plaintiff's second set of interrogatories and document requests. Note that several of the document responses indicate that documents will be made available for inspection. According to our earlier agreement, we will be providing copies of these documents, which I expect to deliver in the next three days.

As I am sure you have seen by now, Judge Allegra gave us an additional 30 days for discovery. I am going to want to conduct additional depositions after we receive your responses to our second set of document requests and interrogatories, which are due July 7, 2008. I anticipate needing more than one week with the documents prior to conducting the additional depositions, however, and would ask that (a) you agree to provide the outstanding discovery responses on or before June 25, 2008 OR (b) you agree to permit us to take depositions during the two weeks following the July 14 close of discovery. I would very much appreciate your cooperation.

Regards,

Robert E. Chandler
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington D.C. 20530
(202)514-4678
robert.chandler@usdoj.gov

D

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| 5860 CHICAGO RIDGE, LLC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-680 |
| THE UNITED STATES, | ) | |
| Defendant | ) | |

DEFENDANT'S SECOND SET OF INTERROGATORIES AND
REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33 and 34 of the United States Court of Federal Claims ("RCFC"), defendant requests that plaintiff answer under oath the following written interrogatories within thirty (30) days from the date of service and that plaintiff produce documents for inspection and copying within that thirty-day period. These discovery requests are governed by the following definitions and instructions:

DEFINITIONS

1. The terms "plaintiff," "you," "your" or "the LLC," as used herein, mean the party plaintiff, 5860 Chicago Ridge LLC ("Chicago Ridge"), and any entity owned in whole, in part, or controlled by plaintiff, and includes all present and past employees, subcontractors, consultants, agents, investigators, directors, officers, experts, and representatives, including counsel and all other persons or entities acting or purporting to act on plaintiff's behalf, who could reasonably be expected to have personal knowledge that would effect the completeness and accuracy of the answers to these interrogatories.

2. The term "person," as used herein, includes any natural person, corporation, partnership, other business association or entity recognized by law, and the employees or independent contractors thereof, and any domestic or foreign government body, commission, board, agency, branch, department, component, or element thereof.

3. The term "document," as used herein, means and includes without limitation the following items, whether printed, micro-filmed, electronically recorded in sound or pictures, stored in computer memory or in a computer database, or re-produced by any process, or written or produced by hand, and regardless of whether claimed to be privileged or confidential or personal: letters, correspondence, memoranda, reports, summaries, notes, notebooks, electronic mailings ("e-mails"), sketches, prints, photographs, printed forms, manuals, brochures, diaries, books, lists, publications, agreements, working papers, intra-company and inter-company communications, forecasts, statistical statements, graphs, charts, plans, drawings, minutes or records of meetings or conferences, policy statements, circulars, and any and all other writings. The above includes any and all other materials of any tangible medium of expression and original or preliminary notes, including drafts, typing, printings, minutes, or copies or reproductions thereof that are now or have ever been in the possession, custody or control of Chicago Ridge.

4. References to the name of a company or the designation of a party include the company or corporation, as the case may be, or the party, and its employees, agents, directors, officers, stockholders, principals, partners, representatives, attorneys, investigators, consultants, and subcontractors.

5. An interrogatory asking you to "explain in detail," "describe in detail," "state each fact," or "state all facts" seeks disclosure of each and every fact, circumstance, condition, and thing known to you about the subject of the interrogatory containing such a phrase and full identification and description of the source(s) of such facts, circumstances, conditions and things, including, but not limited to, identification of each person having knowledge of and each document containing information relating to such fact, circumstance, condition or thing.

6. The "complaint" refers to the amended complaint filed by Chicago Ridge on September 27, 2007 against the United States, No. 07-680C, before the United States Court of Federal Claims.

7. The "lease" means the contract identified in paragraph 4 of the complaint.

8. The "building" or "premises" refers to the building owned by Chicago Ridge located at 5860 W. 111th St., Chicago Ridge, Illinois which is the subject of the lease.

9. The "property" refers to the building and the parcel of land upon which it sits.

INSTRUCTIONS

1. In answering these interrogatories, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of yourself, your employees, subcontractors, experts, plaintiff's attorney, or appearing in your documents, not merely information within the personal knowledge of the individual(s) executing plaintiff's answer to interrogatories.

2. If plaintiff cannot answer the following interrogatories in full after exercising due diligence to secure the information, so state, and answer to the extent possible. Specify plaintiff's inability to answer the remainder, and state whatever information or knowledge plaintiff has concerning the unanswered portion.

3. These interrogatories are continuing in nature to the extent provided in Rule 26(e) of the Rules of the United States Court of Federal Claims. If plaintiff obtains additional information, a supplemental response shall be furnished when such information becomes available, but not later than a date thirty days preceding the scheduled trial of this case.

4. Provide separate responses for each interrogatory or sub-part thereof; do not join together and provide a common response or answer to two or more interrogatories or to sub-parts of an interrogatory.

5. Where exact statistical or numerical information, including dates or times, ~~cannot be furnished, estimated or approximate information is to be supplied. Where an~~ estimate or approximation is supplied, it should be so indicated, and an explanation provided as to the basis upon which the estimate or approximation was made. State the reason(s) why exact statistical or numerical information cannot be furnished.

6. If any response, or any portion of any response, to any of the following interrogatories or subparts thereof is not made on or by the present knowledge of the person signing or swearing to such response, identify each person from whom the information was obtained and is a matter of personal knowledge. Designate the number of the interrogatory for which each such person supplied information.

7. To the extent you consider any of the following interrogatories, or sub-parts thereof, to be objectionable, answer that portion of the interrogatory, or sub-part thereof, to which you have no objection and separately state the portion of the interrogatory, or sub-part thereof, to which you lodge an objection and state the specific grounds therefore.

8. Should plaintiff claim a privilege for any document requested, or about which information is requested by any of the following interrogatories, plaintiff shall so state. Plaintiff shall describe such document(s) in the manner indicated above. Plaintiff shall state all facts that demonstrate why the document(s) sought or the information requested by any of the following document requests or interrogatories is entitled to the privilege requested.

9. When answering these interrogatories, please type the interrogatory or request, as well as your response or objection in accordance with all provisions of Rule 33 and Appendix G of the Rules of the United States Court of Federal Claims.

10. To the extent possible, all documents produced in response to this Request should be arranged in separate categories identified by the paragraph number of the Request to which such documents are responsive.

11. After your initial production, if you, or others subject to your control, including your attorneys, become aware of documents responsive to this Request, such documents promptly should be made available to the Government for inspection and copying. A document shall be deemed to refer or pertain to a matter if it expressly or otherwise refers to the matter, or if its subject matter bears a clear logical relationship to the matter.

## INTERROGATORIES

16. Explain in detail how plaintiff computed the amount of equity it expects to lose in the property for purposes of the certified claim it submitted to the contracting officer on September 26, 2007. For each figure used in plaintiff's calculation, explain what the figure respresents, why it was used in the calculation and the source of the information. Identify any records that contain source material for the calculation, any records used to perform the calculations and any records of the calculation itself.

17. Identify all services provided to plaintiff by Drew Management, Inc. ("Drew Management"), including a detailed description of the services, the date the services were provided and the person(s) performing the services.

18. Identify all loans made to plaintiff and, for each such loan, identify the lender, the amount of the loan, the interest rate on the loan and the terms of repayment.

19. Identify all business organizations in which Daniel R. Drew ("Drew") holds a financial, management or other interest (excluding interests represented by securities traded on a major national exchange) and, for each such organization, identify all transactions between the organization and the LLC.

REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents referred to or relied upon in answering the defendant's Second Set of Interrogatories.

2. Produce all documents relating to the formation of the LLC, all documents reflecting the initial membership of the LLC and all documents refelcting any changes in the membership of the LLC.

3. Produce all documents relating to capital contributions made to the LLC.

4. Produce all documents relating to loans made to the LLC.

5. Produce all documents realating to transactions involving the LLC where the amount of the transaction was $100,000 or more (including all transactions or series of transactions where the LLC conferred or received benefits valued at $100,000 or more).

6. Produce all financial statements (either audited or unaudited) and financial reports relating to the LLC.

7. Produce all documents evidencing any interest in the business organizations identified in Interrogatory 19.

8. Produce all documents evidencing any transaction identified in Interrogatory 19.

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

KIRK T. MANHARDT
Assistant Director

ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

June 16, 2008

Attorneys for Defendant

E

**Chandler, Robert (CIV)**

| | |
|---|---|
| **From:** | Chandler, Robert (CIV) |
| **Sent:** | Monday, June 16, 2008 6:48 PM |
| **To:** | Larry Schor |
| **Cc:** | Jeanne Anderson |
| **Subject:** | 5860 Chicago Ridge v. United States; Fed. Cl. No. 07-680 |
| **Attachments:** | 20080616_181747_1326.pdf |

20080616_181
'_1326.pdf (242

Larry,

Attached please find defendant's responses to plaintiff's second set of interrogatories and document requests. Note that several of the document responses indicate that documents will be made available for inspection. According to our earlier agreement, we will be providing copies of these documents, which I expect to deliver in the next three days.

As I am sure you have seen by now, Judge Allegra gave us an additional 30 days for discovery. I am going to want to conduct additional depositions after we receive your responses to our second set of document requests and interrogatories, which are due July 7, 2008. I anticipate needing more than one week with the documents prior to conducting the additional depositions, however, and would ask that (a) you agree to provide the outstanding discovery responses on or before June 25, 2008 OR (b) you agree to permit us to take depositions during the two weeks following the July 14 close of discovery. I would very much appreciate your cooperation.

Regards,

Robert E. Chandler
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington D.C. 20530
(202)514-4678
robert.chandler@usdoj.gov

F

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| 5860 CHICAGO RIDGE, LLC.<br>2428 West Bloomingdale<br>Chicago, IL 60647<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | Case No.: 07-680C<br>Judge Allegra |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR ENLARGEMENT OF TIME**

Plaintiff 5860 Chicago Ridge, LLC, ("Chicago"), by undersigned counsel, hereby submits its Opposition to Defendant's Motion for Enlargement of Time ("Motion"). Discovery is currently scheduled to close on June 13, 2008. For the reasons set forth below, Plaintiff requests that the Court deny Defendant's motion except for the one week extension ( until June 20, 2008) previously agreed to by Plaintiff, with all other discovery deadlines remaining unchanged.

**Status of Discovery**

The status of discovery is as follows: Plaintiff served its first set of Interrogatories and Request for Production of Documents on February 11, 2008. Defendant served its First Set of Interrogatories and Request for Production of Documents on April 9, 2008, more than one month after the Court entered its scheduling order on March 6, 2008. Plaintiff took four depositions of GSA and IRS personnel in Chicago on April 29-31, 2008. Defendant took the depositions of Dan Drew and Tony Lombardo in Chicago on May 29-30, 2008.

On June 6, just 7 days before the fact discovery cut-off date, Plaintiff agreed at Defendant's request to a one week enlargement of the discovery schedule until June 20, 2008 based on Defendant's representation that it wished to conclude further depositions in this matter. Plaintiff did not agree to an extension of time for the service of further Interrogatories and Requests for Production of Documents. Depositions were then scheduled, again as an accommodation to Defendant's counsel, for Rust Gilbert in Washington, D.C. on June 13, 2008 and for Tom Boucher in Washington, D.C. on June 17, 2008. Broad-reaching and burdensome Interrogatories and Requests for Production of Documents concerning the LLCs were served by the Defendant later on the day of June 6. Attachment 1. Although Plaintiff has concluded its fact discovery in this matter, it reserves the right to conduct further discovery if Defendant's Motion is granted, in whole or in part, and/or if Defendant moves to Amend its Answer to assert a fraud counterclaim.

As is discussed in detail below, Defendant now seeks an extension of time, *inter alia,* to conduct a fraud "investigation," even though it has not provided any information about why such an investigation is required or what relevance it has or may have to any claim or defense currently pending before this Court.[1]

**<u>Defendant's Motion Should Be Denied</u>**

Defendant argues in its Motion that: (1) the discovery schedule is very aggressive and such a schedule is no longer required because the Forbearance Agreement eliminates the financial pressure on Plaintiff; (2) despite its diligence, it is impossible for several reasons, including travel by Defendant's counsel, for Defendant to comply with the

[1] Defendant's Answer does not assert an affirmative defense of fraud and no fraud Counterclaim has been asserted.

discovery schedule established by the Court; (3) Defendant has been "frustrated" in its efforts to understand the basis for Plaintiff's damages claim due to lack of documentation; (4) Defendant needs additional time to "investigate" a possible fraud claim; and (5) Defendant needs to "investigate" the value of "in-kind" services provided by Dan Drew to Plaintiff Chicago. Each of these arguments will be addressed in turn.

**1. <u>The Discovery Schedule is Reasonable and Remains Necessary</u>**

Plaintiff does not dispute that the discovery schedule entered by the Court is "aggressive" and based in part upon the fact that the improper default termination resulted in a corresponding default by Plaintiff under the terms of its loan agreement. At the time the Complaint was filed on September 20, 2007 and Plaintiff's claim was certified on September 24, 2007, no Forbearance Agreement was in place or even contemplated, and Plaintiff was in danger of losing its investment in the property to foreclosure.

Although Plaintiff and its lender entered into a Forbearance Agreement on June 1, 2008, execution of this Agreement does not justify extending the discovery schedule by 60 days. The Agreement provides only limited relief to Plaintiff, since its lender has only agreed to forego foreclosure as long as Plaintiff continues to make substantial monthly payments of interest, at the rate of 5.625%, on the principal balance of approximately $3.2 Million. The financial pressure remains because if Chicago is unable to make the substantial payments, it will also be in default of the Forbearance Agreement and will most certainly lose the building to foreclosure.[2] Therefore, the existence of a

[2] Plaintiff has made diligent efforts to mitigate its damages by hiring a real estate broker to market the building for sale or lease, but these efforts have so far been fruitless.

Forbearance Agreement does not substantially alter the assumptions of the parties at the Status Conference that the discovery schedule needs to be aggressive.

**2. Defendant Delayed Initiating Discovery**

Plaintiff disagrees that Defendant has been "diligent" in its discovery efforts. Even though Defendant was well aware of the "aggressive" schedule and the reasons therefore, it failed to initiate any discovery until April 9, 2008 – almost 7 full months after Plaintiff filed its Complaint and one month after the Status Conference Order was entered.[3] Defendant could not fail to recognize that its decision to wait to initiate its discovery could foreclose further discovery efforts.

Discovery deadlines are established by the Court, *inter alia,* to lend certainty to proceedings, to ensure that cases move towards resolution on the merits, and to guard against abuse of the discovery process. To the extent Defendant seeks an extension because its counsel has been busy with other matters, Plaintiff could similarly plead the press of work but has made discovery in this matter a priority, an option open to Defendant as well.

**3. Plaintiff Has Not "Frustrated" Defendant's Discovery**

The Government argues that more time is required for discovery because Plaintiff "frustrated" its discovery process. With regard to the alleged "frustration" caused by Plaintiff, Plaintiff could not disagree more. Daniel Drew, a member of Plaintiff, submitted to repeated questioning by Defendant on the issue of the several LLCs and his "in-kind" contributions to Plaintiff when he was deposed by Defendant for more than 7

---

Therefore, there is no rental income to offset the interest payments under the Forbearance Agreement.

[3] Plaintiff filed its first discovery requests on February 11, 2008.

hours on May 29, 2008. Mr. Drew also testified at length about the $1 million in lost equity claimed . He answered all questions posed by Defendant that did not involve attorney-client privilege. If Defendant was dissatisfied with Mr. Drew's answers, they were nonetheless given in good faith. Under the circumstances, it is unclear what was "inadequate" or "frustrating" about the testimony.

Defendant also alleges without cause that it was frustrated by Plaintiff's failure to produce any documents supporting its damages claim. This argument is meritless.

Mr. Drew testified in his deposition that there ***were no documents*** supporting his calculation for lost equity other than the spreadsheet provided with the certified claim, which was produced to Defendant and also provided to the Contracting Officer as part of Plaintiff's certified claim. *See* Attachment 2 hereto.

Defendant's position appears to be that in the absence of existing documents, Plaintiff should have ***created*** some. To the contrary, courts have repeatedly denied discovery requests in which a party or non-party would be required to "create" or "prepare" documents that do not already exist. See, *e.g. In re Claims for Vaccine Injuries Resulting in Autism,* WL 1983780 (Fed.Cl. 2007), *citing Alexander v. Federal Bureau of Investigation,* 194 F.R.D. 305, 310 (D.D.C. 2000) ("Rule 34 * * * only requires a party to produce documents that *are already in existence* "; a party "is not required to prepare, or cause to be prepared, new documents solely for their production") (emphasis added); *Insituform Technologies, Inc. v. Cat Contracting, Inc.,* 168 F.R.D. 630, 633 (N.D.Ill.1996).

Defendant's belief that Plaintiff's document production was "inadequate" is without merit and does not justify an extension of the discovery schedule.

### 4. There is No Basis to Extend Discovery for "Investigation" Purposes

Defendant asserts that it needs additional time to conduct an "investigation," via this Court's discovery process, into a possible fraud claim.

Defendant attributes its difficulty in supporting its alleged fraud claim as being, in part, the result of the fact that the property at issue is "held by a limited liability company that is part of a complicated network of business entities controlled by Mr. Drew". Motion at 3-4.[4] Defendant fails to acknowledge that it has had ample discovery on this issue through the testimony of Mr. Drew, and it can also address this issue in the depositions of Messrs. Gilbert and Boucher, which have been scheduled for June 13 and 17, respectively.

It is also relevant that Defendant has known that Plaintiff is an LLC since the Complaint was filed; there is simply no justification for additional time just because Defendant delayed exploring the composition of Plaintiff's ownership.

Defendant is plainly on a fishing expedition for sufficient support to bring unspecified claims of fraud. Its request for time to conduct such an "investigation" should be denied because it has not presented any basis for a fraud claim, which is irrelevant to the issues currently pending before the Court.

## Conclusion

For the foregoing reasons, Defendant's Motion for Enlargement of Time should be denied.

[4] Plaintiff disagrees that the ownership of the building is "complicated" and in any even it is not clear what the relevance is, to any issue pending for this Court, of the alleged complexity.

Respectfully submitted,

Date: June 10, 2008

Laurence Schor, D.C.
lschor@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.
1155 15th Street, N.W., Ninth Floor
Washington, D.C. 20005
202-296-9260
202-659-3732 fax
Counsel of Record for Chicago Ridge, LLC

Of Counsel:
Susan L. Schor
sschor@msadlaw.com
Jeanne A. Anderson
janderson@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.

Attachments

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically filed, this 10th day of June 2008 on:

Robert E. Chandler
U.S. Department of Justice
Civil Division
1100 L St., N.W.
Washington, D.C. 20530
Counsel for the Defendant

______________________________
Laurence Schor

G

**Chandler, Robert (CIV)**

**From:** Chandler, Robert (CIV)
**Sent:** Wednesday, June 11, 2008 3:21 PM
**To:** Larry Schor
**Cc:** Jeanne Anderson; Susan Schor
**Subject:** Chicago Ridge

Larry,

I am writing, as a courtesy, to point out that your response to our motion for enlargment was unsigned, as was the accompanying certificate of service. You might consider filing signed copies, as I have seen briefs bounced for far more trivial infractions. In fact, my opposing counsel in another case had a brief bounced because it used "s/" in the signature block, instead of "/s". Rules is rules, I guess.

Regards,

Robert E. Chandler
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington D.C. 20530
(202)514-4678
robert.chandler@usdoj.gov