**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **5860 CHICAGO RIDGE, LLC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: 07-680C** |
| | ) | **Judge Allegra** |
| **THE UNITED STATES** | ) | |
| **Defendant.** | ) | |

**MOTION TO COMPEL THOMAS BOUCHER TO PROVIDE DEPOSITION TESTIMONY REGARDING THE FACTS UNDERLYING PLAINTIFF'S COUNSEL'S CLAIM OF PRIVILEGE AND TO COMPEL PLAINTIFF TO PROVIDE COMPLETE INITIAL DISCLOSURES**

Pursuant to Rule 37 of the Rules of the Court of Federal Claims ("RCFC"), defendant, the United States, respectfully requests that the Court (1) order Thomas Boucher, a deponent in the above-captioned matter, to testify at deposition regarding the facts and circumstances which form the basis for his claim of privilege regarding communications between him and plaintiff's counsel, and (2) order plaintiff to comply with RCFC 26(a)(1)(c) by providing additional disclosures with respect to its claimed damages. The United States certifies that it has in good faith conferred with plaintiff in an effort to secure the above-described discovery without court action.

**I. The Facts Underlying Mr. Boucher's Claim Of Privilege Are Not Protected By The Attorney-Client Privilege**

The Government deposed Mr. Boucher on June 17, 2008. At that deposition, Government counsel, Mr. Robert Chandler, asked Mr. Boucher if he was represented by plaintiff's counsel, the law firm of McManus, Schor, Asmar & Darden ("McManus Schor"). Mr.

Boucher responded "no." Attachment A. Ms. Jeanne Anderson, counsel to McManus Schor and the only representative of the plaintiff then present at the deposition, interjected to assert that she represented Mr. Boucher "in this deposition." Id. Government counsel then asked a series of questions designed to determine whether an attorney-client relationship existed between Mr. Boucher and McManus Schor and whether the factual predicate for an assertion of attorney-client privilege existed. Id. In response to the first several questions, Mr. Boucher testified that he did not, to his knowledge, have a representation agreement with McManus Schor; that he was not personally paying a fee to the firm; and that he was not aware that anyone else was paying a fee to the firm on his behalf. Id. Government counsel then asked when the first meeting between Mr. Boucher and McManus Schor took place, at which point Ms. Anderson demanded an immediate recess.

Mr. Laurence Schor, attorney of record for plaintiff in this matter and a member of McManus Schor, entered the deposition room several minutes later. He asserted, both on and off the record, that his firm represented Mr. Boucher, that they considered their communications with Mr. Boucher to be privileged, and that they would "instruct [Mr. Boucher] not to answer any questions that in any way have to deal with matters that we consider privileged ... ." Id. When Mr. Boucher reentered the deposition room, Government counsel again asked a series of questions in order to determine whether there existed a factual predicate for the assertion of privilege. Id. In response to each of these questions, Ms. Anderson invoked the attorney-client privilege and instructed Mr. Boucher not to answer. Id.

McManus Schor's assertion of privilege in response to Government counsel's questions relating to the foundation of privilege assertion is unquestionably meritless. See Edna Selan Epstein, THE ATTORNEY-CLIENT PRIVILEGE AND THE WORK PRODUCT DOCTRINE

(Fifth Ed. 2007). The law is clear that the attorney-client privilege does not apply to such foundational questions. "[O]nly the communication itself is privileged; the underlying facts, as well as the factual circumstances surrounding the attorney-client relationship, are discoverable." Stabilus v. Haynsworth, Baldwin, Johnson and Greaves, P.A., 144 F.R.D. 258, 268 (E.D.Pa. 1992). See also, Nat. Union Fire Ins. Co. of Pittsburgh v. Aetna Cas. & Surety Co., 384 F.2d 316, 317-18 (D.C. Cir. 1967).

We therefore respectfully request that the Court order Mr. Boucher to answer all questions relating to the facts and circumstances that form the basis for his claim of privilege regarding communications between him and plaintiff's counsel.

## II. Chicago Ridge Is Required To Disclose The Basis For Its Damages Claims Immediately

Pursuant to RCFC 26(a)(1)(c), plaintiff is required to provide as part of its initial disclosures "a computation of any category of damages claimed[.]" In its initial disclosures in this case, plaintiff indicated that it was asserting three categories of damages: (1) lost rents, (2) amounts that it believed were wrongfully withheld by the Government from its rent payments and (3) its "potential loss of equity in the building of $1 million should the lender foreclose on the building." Attachment B. Plaintiff included attachments to its initial disclosures that disclose the computations that form the basis for its first two categories of damages. It has not, however, disclosed the calculations supporting its claim of lost equity, and we respectfully request that the Court order it to do so immediately.

On June 13, 2008, in response to the Government's suggestion that it would file a motion to compel the above-described disclosure, Chicago Ridge agreed to provide "additional information" regarding its calculation of lost equity on or before June 20, 2008. Attachment C. When the Court issued its June 16, 2008 order, however, Chicago Ridge answered that it would

not provide additional damages disclosure until the due date for its discovery responses, July 9, 2008, because there was some overlap between the initial disclosure requirements and the Government's discovery requests. Attachment D.

Chicago Ridge's continued failure to disclose its lost equity computation is a blatant attempt to prevent the Government from obtaining discovery regarding the calculation of Chicago Ridge's damages claims. Initial disclosures in this case were due February 25, 2008. Chicago Ridge has never asserted any basis, let alone a legitimate basis, for not having disclosed its lost equity calculations. It similarly fails to assert a basis for its continuing recalcitrance in providing that information. Chicago Ridge is seeking to delay its disclosures until July 9, 2008, when there will be just three business days left in the period for fact discovery. This tactic clearly is designed to limit severely the Government's ability to conduct follow-up discovery on Chicago Ridge's lost equity calculations. Disclosure about the calculation of claimed damages is a fundamental part of the discovery process, so much so that the RCFC require that these disclosures be made early and automatically. Chicago Ridge should not be permitted thwart this process by avoiding its initial disclosure obligation so as to prevent the Government from conducting any meaningful discovery about the basis for the lost equity component of its damages claims.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court (1) order Mr. Boucher to answer all questions relating to the facts and circumstances that form the basis for his claim of privilege regarding communications between him and plaintiff's counsel and (2) order Chicago Ridge immediately to disclose the calculations underlying its claim for $1 million in lost equity, as required by RCFC 26(a)(1)(c).

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

June 23, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 23rd day of June 2008, a copy of the foregoing "DEFENDANT'S MOTION TO COMPEL" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler