A



For example, 5860's files are not in our office.

Q. Where are they?

A. Chicago Land Commercial.

Q. Are there any files related to 5860 in your office?

A. I could not -- honestly, I don't know.

Q. So the files at Chicago Land for 5860, would those include financing documents, real estate documents, transaction documents, that sort of thing?

A. From whenever that LLC was formed, they were the ones that were managing that property at the time. So I -- I don't know what they have there. I really don't. I know that they manage all of the dollars that go in and out. We don't have anything to do with that in my office.

Q. Does Ms. Anderson or anyone from her firm represent you?

A. No.

MS. ANDERSON: Let me just say for the record that we're representing him in this deposition.

MR. CHANDLER: I'm not sure I understand what you mean by that.

MS. ANDERSON: I'm his counsel. I'm defending this deposition.

MR. CHANDLER: Okay.

BY MR. CHANDLER:

Q. Mr. Boucher, do you have any sort of representation agreement with Ms. Anderson or her firm?

A. Not to my knowledge.

Q. Are you paying a fee to Ms. Anderson or her firm?

A. Personally?

Q. Yes.

A. No.

Q. Is anyone paying a fee on your behalf?

A. Not to my knowledge. I don't know.

Q. When did you first meet with Ms. Anderson or anyone from her firm?

MS. ANDERSON: Okay. We need to stop right now and I'm going to bring in Larry. We need to take a recess.

MR. CHANDLER: I don't think that's appropriate.

MS. ANDERSON: Well, unfortunately,

we're going to have to do that.

MR. CHANDLER: So you're walking out of the deposition?

MS. ANDERSON: I am taking a break as we're entitled to do.

MR. CHANDLER: I'm in the middle of questioning Mr. Boucher.

MS. ANDERSON: That's too bad. Come with me, please.

(Thereupon, a recess was taken.)

(Only Mr. Chandler and Mr. Schor present.)

MR. SCHOR: I'm Laurence Schor, L-a-u-r-e-n-c-e S-c-h-o-r. I'm a partner in the firm of McManus, Schor, Asmar & Darden, and our firm represents the plaintiff in the subject case about which this deposition is being taken.

Now, I'm representing to counsel for the government that Mr. Boucher is an employee of a company owned by Dan Drew. That it was our position that he is represented by our firm, as well as part of the whole plaintiff group. That he has been from the

inception of this case.

That we consider any discussions he had with me or any other attorney affiliated in any way with this firm to be privileged, and that I'm informing the counsel for the government that we will instruct him not to answer any questions that in any way have to deal with matters that we consider to be privileged, or attorney work product, or impressions of counsel, or communications of any kind that he had directly with counsel or where he was present, at meetings, sessions, telephone conferences where counsel participated in meetings in any way concerning this case.

MR. CHANDLER: Okay. And I'd like to make clear for the record that Mr. Boucher is not an employee of the plaintiff. He is not paid by the plaintiff. Although he works with and for Mr. Drew, Mr. Drew is not a plaintiff to this action.

Mr. Boucher is a third party witness. He has already testified here today that he doesn't have representation agreement with Mr. Schor or his firm. That he's not paying any fees to Mr. Schor or his firm.

I attempted to get further details as to the nature of the relationship between Mr. Boucher and Mr. Schor's firm, and Ms. Anderson terminated the deposition and walked out with Mr. Boucher.

Well, I think that about covers it. But I think we should call the judge.

MR. SCHOR: Okay. That's fine.

MR. CHANDLER: Let's go off the record.

(Discussion off the record.)

(Thereupon, a recess was taken.)

(Mr. Schor no longer present.)

BY MR. CHANDLER:

Q. Okay. We're back on record.

Mr. Boucher, can you explain the scope of the representation -- well, let's take a step back.

In going through this line of questioning, I'll refer from time to time as the Schor firm or the Schor law firm, I'm referring to McManus Schor and any of the attorneys there, including Ms. Anderson, Larry Schor and Susan Schor. Do you understand that?

A. Yes.

Q. Okay. Can you explain the scope of the

representation between you and the Schor law firm?

MS. ANDERSON: Objection. Attorney-client privileged. Do not answer.

BY MR. CHANDLER:

Q. Have you ever had any discussions about conflicts or the potential conflicts with anyone from the Schor law firm?

MS. ANDERSON: Objection. Attorney-client privileged. Don't answer.

BY MR. CHANDLER:

Q. Mr. Boucher, do you have any intention to have the Schor law firm represent you going forward?

MS. ANDERSON: Objection. Attorney-client privileged. Don't answer.

BY MR. CHANDLER:

Q. Mr. Boucher, can you describe the circumstances under which you first came in contact with the Schor law firm?

MS. ANDERSON: Objection. Attorney-client privileged. Don't answer.

MR. CHANDLER: Okay. I think we're done.

MS. ANDERSON: Okay.

(Whereupon, signature not having been waived, the taking of the deposition concluded at 11:38 a.m.)

* * *



1f07bc2a-2d22-473a-99ef-d891694994ad

B

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **5860 CHICAGO RIDGE, LLC.**<br>**2428 West Bloomingdale**<br>**Chicago, IL 60647**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES**<br><br>**Defendant.** | **Case No.: Case No.: 07-680C**<br>**Judge Allegra** |

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Rule 26 of the Rules of the Court of Federal Claims ("RCFC"), Plaintiff 5860 Chicago Ridge Road ("Chicago") hereby submits its initial disclosures.

**(A)** The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

Dan Drew
5860 Chicago Ridge LLC
2428 West Bloomingdale
Chicago, IL 60647
Tel: 773-230-6699

Mr. Drew is knowledgeable concerning all matters alleged in the Complaint.

Tom Boucher
800 E. Northwest Highway, Suite 700
Palatine, IL 60074847-705-3861
Tel: 847-705-3861

Mr. Boucher is knowledgeable concerning all matters alleged in the Complaint.

Tony Lombardo

Chicagoland Commercial Real Estate Management LLC
1240 W. Northwest Highway
Palatine, IL 60067
Tel: 847-438-4300

Mr. Lombardo is knowledgeable concerning problems in the building, repairs, difficulty in obtaining access to the building to accomplish repairs, and other buildings leased to GSA by Drew.

**(B)** a copy of, or a description by category and location of, all documents, electronically stored information, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment.

Documents related to the Complaint allegations, not privileged, are located at the offices of McManus, Schor, Asmar and Darden and may be inspected at a time mutually agreed upon by the parties.

**(C)** A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under RCFC 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

(1) Attachment A is an Excel spreadsheet containing the computation of damages for rents lost due to the wrongful termination for default in the amount of $2,962,910.00.

(2) Attachment B, "Delinquency Report", represents underpayments in the form of GSA's improper rental reductions in the amount of $4,711 per month for the period from October 2006 to January 2008. This report shows a total amount of $73,538.58 improperly withheld by GSA for which Plaintiff makes claim.

(3) A certified claim for termination for convenience damages was submitted to the GSA Contracting Officer and that claim identified plaintiff's potential loss of equity in the building of $1 Million should the Lender foreclose on the building.

Any other documents, not privileged, relating to the computation of damages are located at the offices of McManus, Schor, Asmar & Darden and may be inspected at a time mutually agreed upon by the parties.

Respectfully submitted,

Date: February 15, 2008

Laurence Schor, D.C.
lschor@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.
1155 15th Street, N.W., Ninth Floor
Washington, D.C. 20005
202-296-9260
202-659-3732 fax
Counsel of Record for Chicago Ridge, LLC

Of Counsel:
Susan L. Schor
sschor@msadlaw.com
Jeanne A. Anderson
janderson@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.

Attachments

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served by e-mail and first class mail, postage prepaid, this 15th day of February 2008 on:

Robert E. Chandler
U.S. Department of Justice
Civil Division
1100 L St., N.W.
Washington, D.C. 20530
Counsel for the Defendant

Laurence Schor

C

**Chandler, Robert (CIV)**

**From:** Larry Schor [LSchor@msadlaw.com]
**Sent:** Monday, June 16, 2008 5:22 PM
**To:** Chandler, Robert (CIV)
**Subject:** Fwd: Re: Chicago Ridge

Rob: Here is a copy of the email I sent to you at 1:28pm on Friday, June 13, 2008. Sorry if it got lost in the ether. Larry

>>> Larry Schor 6/13/2008 1:28 PM >>>
Rob: We reject the premise of your request as our initial disclosure met the intent of the Rules. Moreover, you have participated in extensive discovery regarding the matter of Plaintiff's damages. However, because we believe that the case can continue to move forward by responding to your request for additional information on Plaintiff's damages demand, we will provide additional information in writing before the end of next week, June 20, 2008.

Larry Schor

Laurence Schor
McManus, Schor, Asmar, & Darden LLP
1155 Fifteenth Street, NW, Suite 900
Washington, DC 20005
Telephone # : 202-296-9260
Fax #: 202-659-3732
email: lschor@msadlaw.com

The information contained in this E-mail message is privileged, confidential, and is protected from disclosure. If you are not the intended recipient, please be aware that any other use, printing, copying, disclosure, dissemination, and the taking of any act on reliance of this communication is strictly prohibited. If you think that you have received this E-mail message in error, please delete it and notify the sender.

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by McManus, Schor, Asmar, & Darden LLP for any loss or damage arising in any way from its use.

>>> "Chandler, Robert (CIV)" <Robert.Chandler@usdoj.gov> 06/12/08 11:54
>>> PM >>>
Larry,

As I indicated in my motion for enlargement, plaintiff has not satisfied its obligation to provide a computation of each category of its damages as required by RCFC 26(a)(1)(c). Plaintiff is, of course, under a continuing obligation to do so, regardless of whether the judge permits discovery to continue in this matter. Please provide a complete disclosure of plaintiff's alleged damages as soon as possible. I would prefer to resolve this without Court action, but plaintiff's continued failure to satisfy its initial disclosure obligations will leave the Government no option other than to file a motion to compel. I would appreciate an indication of how you intend to proceed on this issue by close of business on Friday, June 13, 2008.

Regards,

Robert E. Chandler
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington D.C. 20530
(202)514-4678

robert.chandler@usdoj.gov

D

**Chandler, Robert (CIV)**

**From:** Larry Schor [LSchor@msadlaw.com]
**Sent:** Tuesday, June 17, 2008 4:05 PM
**To:** Chandler, Robert (CIV)
**Cc:** Jeanne Anderson; Susan Schor
**Subject:** Re: 5860 Chicago Ridge v. United States; Fed. Cl. No. 07-680

Rob:

The discovery situation, as we see it, after the Order issued by the Court is that you now have until the close of business July 14 to complete all fact discovery. We will.abide by that date and do not agree in advance to any extension for purposes of additional depositions.

With regard to your request that we accelerate the July 9 date to respond to your second set of interrogatories, we will not do so. Moreover, our agreement to provide a separate explanation of our damages calculation was sent to you before the Judge ruled on your motion. Because the information you are seeking is the same as that which you are seeking in your second interrogatories and request for production of documents, we will respond to your discovery as required by the Rules of the Court.

We believe that your continuous search to undermine the $1 M in equity loss claimed by the plaintiff is a fruitless search which has already cost our client thousands of dollars and, based upon your announcement that you will take additional depositions, will cost more money without producing any additional information for you. We recognize your right to take discovery and we will not move for a protective order against additional depositions at this time but we will do so if you continue a broad fishing expedition.

We look forward to the receipt of the documents we requested.

Larry

>>> "Chandler, Robert (CIV)" <Robert.Chandler@usdoj.gov> 6/16/2008 6:48
>>> PM >>>
Larry,

Attached please find defendant's responses to plaintiff's second set of interrogatories and document requests. Note that several of the document responses indicate that documents will be made available for inspection. According to our earlier agreement, we will be providing copies of these documents, which I expect to deliver in the next three days.

As I am sure you have seen by now, Judge Allegra gave us an additional 30 days for discovery. I am going to want to conduct additional depositions after we receive your responses to our second set of document requests and interrogatories, which are due July 7, 2008. I anticipate needing more than one week with the documents prior to conducting the additional depositions, however, and would ask that (a) you agree to provide the outstanding discovery responses on or before June 25, 2008 OR (b) you agree to permit us to take depositions during the two weeks following the July 14 close of discovery. I would very much appreciate your cooperation.

Regards,

Robert E. Chandler
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington D.C. 20530
(202)514-4678
robert.chandler@usdoj.gov