IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **5860 CHICAGO RIDGE, LLC.**<br>**2428 West Bloomingdale**<br>**Chicago, IL 60647**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES**<br><br>**Defendant.** | **Case No.: 07-680C**<br>**Judge Allegra** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL THOMAS BOUCHER TO PROVIDE DEPOSITION TESTIMONY REGARDING THE FACTS UNDERLYING PLAINTIFF'S COUNSEL'S CLAIM OF PRIVILEGE AND TO COMPEL PLAINTIFF TO PROVIDE COMPLETE INITIAL DISCLOSURES**

Plaintiff 5860 Chicago Ridge, LLC ("Chicago"), by undersigned counsel, hereby opposes Defendant's Motion to Compel Thomas Boucher to Provide Deposition Testimony Regarding the Facts Underlying Plaintiff's Counsel's Claim of Privilege and to Compel Plaintiff to Provide Complete Initial Disclosure ("Motion").[1]

## I. THERE IS NO BASIS TO RECALL MR. BOUCHER

Defendant seeks to recall Thomas Boucher, whose deposition was taken on June 17, 2008, solely for the purpose of inquiring into the "facts and circumstances" that are the basis for Plaintiff's claim that communications between Mr. Boucher and counsel for Plaintiff are protected by attorney-client privilege (Motion at 1), which Plaintiff's counsel asserted during Mr. Boucher's deposition on June 17, 2008. Recalling Mr. Boucher to inquire into the bases for the privilege is unnecessary. Although not disclosed in Defendant's Motion, on June 19, before

[1] Although Defendant's Motion and Certificate of Filing are dated June 6, the Motion was filed on June 18 and not served electronically on Chicago until the afternoon of June 19.

Defendant filed its Motion, Plaintiff notified Defendant that Mr. Boucher is the Trustee of the Daniel R. Drew 1998 Children's Trusts, dated March 25, 1998 ("Trust"). *See* Exhibit 1. By email dated June 26, and in an effort to resolve Defendant's Motion without the intervention of the Court, Plaintiff provided Defendant with documentary evidence of Mr. Boucher's status of Trustee. *See* Exhibit 2. Defendant rejected Plaintiff's settlement efforts without identifying any "facts and circumstances" that it contends are still at issue or otherwise providing a reason why Mr. Boucher should be recalled. *See* Exhibit 3. Notably, Defendant did not challenge that the Trust is a 50% owner of the LLC or that Mr. Boucher is the Trustee.

There can be no genuine dispute that the Trust is a 50% Member of Plaintiff. As Trustee of the Trust, Mr. Boucher has the authority (and is the only person or entity so authorized) to act on the Trust's behalf. Because the Trust is a Member of Plaintiff, there is an attorney-client relationship between Mr. Boucher and Plaintiff's counsel and their communications are protected by the attorney-client privilege.

Because Defendant seeks to recall Mr. Boucher only to determine the "facts and circumstances" upon which the alleged attorney-client privilege is based, and since Plaintiff has provided Defendant undisputed proof thereof, Defendant's Motion is moot and should be denied.

## II. PLAINTIFF HAS AGREED TO SUPPMENT ITS INITIAL DISCLOSURE

Defendant asserts that Plaintiff's initial disclosure was deficient with respect to its calculation of its claim for lost equity and has demanded that Plaintiff supplement the same. (Motion at 3).

Defendant did not assert any deficiency in Plaintiff's initial disclosure until June 6, 2008, almost four months after the disclosure was provided, nor did Defendant serve any discovery relating to Plaintiff's damages until its second discovery requests, which it served on June 6.

Moreover, counsel for Defendant deposed Daniel Drew, a principal witness for Plaintiff, for a full day on May 29, 2008, and Mr. Drew testified that he calculated Plaintiff's claimed damages, how he did it, and why he believes the Government was responsible for them. He further testified that there was no written "calculation" of the lost equity Plaintiff is claiming should it lose the property, but he provided a full explanation of his reasoning in support of Plaintiff's claim.

Defendant's counsel is raising a "straw" issue because he does not agree with Mr. Drew. However, a deposition is not a trial and the Court will decide the propriety of Plaintiff's damages claim.

While not agreeing that its initial disclosure was deficient, Plaintiff notified Defendant that it would supplement its disclosures by June 20, as there is more than one way to calculate and prove the equity Plaintiff will lose if it loses the property. However, after Defendant filed its initial motion for an extension of fact discovery and the Court granted extended fact discovery by 30 days, Plaintiff advised Defendant that it would supplement its initial disclosure by July 9, when its responses to Plaintiff's additional discovery requests are due, since much of the information and many of the documents responsive to the discovery requests are the same documents and information that supplement the initial disclosure. Plaintiff later agreed to supplement as soon as possible but not later than July 9 (*see* Exhibit 4), but Defendant seeks supplementation immediately.

Plaintiff has been working for several weeks to gather the responsive documents and information so that it can make as complete a response as possible. Plaintiff submits that it is reasonable to allow it to provide a full response, rather than a piecemeal production.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully prays that the Court deny Defendant's Motion.

Respectfully submitted,

Date: June 30, 2008

/s/

Laurence Schor, D.C.
lschor@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.
1155 15th Street, N.W., Ninth Floor
Washington, D.C. 20005
202-296-9260; 202-659-3732 fax
Counsel of Record for 5860 Chicago Ridge, LLC

**Of Counsel:**
Susan L. Schor
sschor@msadlaw.com
Jeanne A. Anderson
janderson@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.

Attachments

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically filed, this 30th day of June 2008 on:

Robert E. Chandler
U.S. Department of Justice
Civil Division
1100 L St., N.W.
Washington, D.C. 20530
Counsel of Record for Defendant

/s/
Laurence Schor