**From:** Susan Schor
**To:** robert.chandler@usdoj.gov
**CC:** Jeanne Anderson; Larry Schor
**Date:** 6/26/2008 3:12 PM
**Subject:** Discovery Motions
**Attachments:** 004. Boucher Certificate.pdf

Rob -

We thought it might be useful, in light of the Judge's order, to further discuss a resolution of your pending discovery motions.

At this point, all the Judge has before him are your motions. We believe we have meritorious responses that rebut your allegations in both, which we will present to the Court if necessary. However, we are willing to try to work out a resolution short of further involvement by the Court.

With respect to your request for an additional extension, we will agree to the 2 weeks you requested but we need to know who you propose to depose and in what order.

Regarding our claim of privilege based on Tom Boucher's status as a Trustee of the Trust, there has been substantial testimony that the Trust is a 50% owner of the LLC. Even though you never sought to ascertain who the Trustees are we advised you on June 19 that Mr. Boucher is a Trustee and are attaching to this email the declaration of appointment as proof of his position.

As you know, only the Trustees can act on behalf of the Trust. Since the Trust is a member of Plaintiff LLC, the Trust is also our client. We believe this provides sufficient "facts and circumstances" of the attorney-client relationship between Mr. Boucher and this firm that re-deposing him as to the basis of the claim of privilege is unnecessary and burdensome. We further believe the cases you cited in this regard do not support compelling deposition testimony here, since they relate solely to written discovery and to a situation where no support of a claim of privilege had been provided.

This is also to advise you that we are assembling additional information to supplement Plaintiff's initial disclosure regarding the calculation of its damages and will provide it to you no later than July 9.

Please get back to me by tomorrow, otherwise we will proceed with our pleadings in opposition to your motions.

Susan

Susan L. Schor
McManus, Schor, Asmar, & Darden LLP
1155 Fifteenth Street, Suite 900
Washington, D.C. 20005
Telephone # : 202-296-9260
Fax #: 202-659-3732
email: sschor@msadlaw.com

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by McManus, Schor, Asmar, & Darden LLP for any loss or damage arising in any way from its use.

## CERTIFICATE

The undersigned, individually and as trustee of the Daniel R. Drew 1998 Children's Trusts, dated March 25, 1998, ("Trust"), hereby certifies that 1) attached hereto is a copy of the Trust and all amendments thereto; 2) the Trust has not been amended, modified or rescinded and is in full force and effect on the date hereof; 3) the Trust is validly existing in the State of Illinois; and 4) Trustee is authorized to execute and deliver, as trustee, all loan agreements, transfer documents and other documents, instruments, and agreements and to perform all acts on behalf of the Trust, including specifically transfer of the real property commonly known as 5860 W. 111th Street, Chicago Ridge, Illinois, to 5860 Chicago Ridge, LLC, an Illinois limited liability company, in which the Trust owns a membership interest.

Dated: 1\19\05

Thomas A. Boucher

Thomas A. Boucher, not individually, but as Trustee of the Daniel R. Drew 1998 Children's Trusts, dated March 25, 1998.