**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **5860 CHICAGO RIDGE, LLC.**<br>**2428 West Bloomingdale**<br>**Chicago, IL 60647**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES**<br><br>**Defendant.** | **Case No.: 07-680C**<br>**Judge Allegra** |

**PLAINTIFF'S RESPONSE TO SECOND MOTION FOR ENLARGEMENT OF TIME**

Plaintiff 5860 Chicago Ridge, LLC ("Chicago"), by undersigned counsel, hereby submits its response to Defendant's second Motion for Enlargement of Time ("Second Motion").[1] On June 26, in an effort to resolve Defendant's Motion without further involvement of the Court, Plaintiff agreed to the further two week extension sought by Defendant, asking only that Defendant advise what further depositions it planned to take and in what order. Defendant rejected Plaintiff's offer. *See* Exhibit 1.

Plaintiff acknowledges the Court's admonition regarding discovery disputes. It files this response because it believes that the nature of Defendant's statements require a response to each of the points and allegations made by Defendant against Plaintiff. Plaintiff does not oppose a two week extension of the discovery period until July 28, 2008, but it requests that the Court direct Defendant to identify whom it seeks to depose. Plaintiff reserves the right to object to any said depositions as Plaintiff deems appropriate.

---

[1] Although Defendant's Motion and Certificate of Filing are dated June 6, the Motion was filed June 18 but was not served electronically on Chicago until the afternoon of June 19.

The discovery period is set to close on July 14, 2008, by Order of this Court dated June 16, 2008 ("June 16 Order"). Defendant's Second Motion requests an extension until July 28, 2008, despite the fact that the June 16 Order stated "no further enlargements of these deadlines will be granted."

As is fully set forth below, although Plaintiff is willing to agree to a final two week extension of the discovery period, Defendant's Second Motion lacks reasonable grounds.

**1. <u>Defendant is Seeking Reconsideration of the June 16 Order</u>**

The Court considered Defendant's June 6, 2008 motion for additional time for discovery and granted in part and denied in part Defendant's motion, allowing 30 of the 60 days it was seeking. *See* June 16 Order. Every argument Defendant is making in its Second Motion was available to Defendant (even if not made) when it filed its initial motion. Defendant's Second Motion should be read in this light, since Plaintiff's precarious financial position has not changed and Defendant has not identified compelling reasons to extend the discovery period beyond July 28, to which Plaintiff has agreed.

**2. The True Reason for the Extension Request is that Defendant Delayed Initiating <u>and Pursuing Discovery</u>**

Plaintiff filed its Complaint on September 20, 2007 and its initial disclosure on February 15, 2008. *See* Exhibit 2. Defendant made no objection to Plaintiff's initial disclosure for over four months; now it is claiming that the disclosure was deficient and must be supplemented.

Defendant's claim of deficiency is transparent: having failed diligently to serve and pursue discovery concerning Plaintiff's damages at an earlier time, and feeling the pinch of the impending (but extended) deadline, Defendant is attempting to blame its bind on Plaintiff. However, Defendant has known the schedule in this case was aggressive from the beginning, yet it did not serve its first discovery requests until April 9 (almost seven months after Plaintiff

served its Complaint, almost four months after Defendant filed its Answer, and two months after Plaintiff's initial disclosure), and its first discovery requests did not include any questions or request any documents regarding Plaintiff's damages. *See* Exhibit 3. Instead, Defendant waited for two more months after initial disclosures, until June 6, to serve its second discovery requests, which for the first time seek information and documents relating to Plaintiff's damages.

Only Defendant knows why it chose to depose four (4) witnesses before obtaining documents and information (beyond the initial disclosure) regarding damages. Nonetheless, it now claims it needs another extension because Plaintiff's responses to Defendant's new discovery requests are not due until 3 business days (5 calendar days) before the extended discovery cut-off date. Defendant asserts that it cannot review the documents and conduct the depositions in such a short time, even though Defendant has not identified what additional fact witnesses it needs to depose and why the responses to its second discovery requests are relevant to those as yet unnamed witnesses. Moreover, Defendant has yet to attempt to schedule a single additional deposition or even give Plaintiff the courtesy of naming who will be deposed, whether he/she is a party, or whether Defendant seeks to re-depose a witness who has already appeared (to which Plaintiff would likely object), even though the deadline for fact discovery is July 14. Defendant has even failed to ask Plaintiff for available dates for depositions.

Defendant has seized upon an alleged deficiency in Plaintiff's initial disclosure to excuse its own failure to conduct discovery about damages sooner.[2] While not agreeing that its initial disclosures concerning its damages computation were deficient as alleged by Defendant, especially as explained by Daniel Drew in his deposition, Plaintiff agrees to supplement its disclosures at the same time it responds to Plaintiff's additional discovery requests on July 9,

---

[2] Defendant, by its own choice, did not take its first deposition until May 29, 2008.

2008. Much of the information and many of the documents responsive to the discovery requests are the same that supplement the initial disclosure, which Plaintiff has been gathering and will provide it as soon as it reasonably can, but in any event no later than July 9, when its discovery responses are due. Plaintiff has so advised Defendant from the beginning of this current "dispute".

### 3. The Extensive Deposition Testimony Was not Evasive

Defendant's depositions of Dan Drew, a principal witness of Plaintiff, and Rust Gilbert, each of which was approximately 7 hours long and which generated 478 pages of testimony, were concerned almost exclusively with Plaintiff's claimed damages, primarily lost equity. Contrary to Defendant's assertions, neither deponent's testimony was "evasive".

Assuming Defendant's counsel prepared in advance for Mr. Drew's deposition, he knew most of his questions would address damages,[3] yet he chose to depose Messrs. Drew and Gilbert [4] before requesting any written discovery or documents about damages from Plaintiff. If Defendant's counsel needed such information and/or documents about damages prior to the deposition, he could have requested it in a timely manner or requested supplementation of Plaintiff's initial disclosures at that time; in the alternative, he could have postponed the deposition until he obtained and reviewed discovery responses, thereby eliminating repeated motions for extensions. Instead, he waited to propound this discovery or seek supplemental initial disclosures at almost the end of the original fact discovery period and then sought to blame Plaintiff for the "timing" issue.

---

[3] Defendant's counsel asked only a handful of questions concerning Plaintiff's breach of contract allegations.

[4] Thomas Boucher and Anthony Lombardo

Despite the timing of the deposition, Defendant deposed Dan Drew for a full day and Mr. Drew testified that he calculated Plaintiff's claimed damages and how but that he did not prepare a contemporaneous written calculation of the lost equity Plaintiff is claiming, beyond what was submitted with the certified claim and initial disclosures. He did, however, give a detailed explanation of the basis for the lost equity figure, and he gave it a number of times.

It was not Mr. Drew's allegedly "evasive" testimony [5] that brought the damages issue (and Defendant's purported quandary) to light. Defendant was well aware of the "lost equity" claim before Mr. Drew's deposition. [6] Moreover, Defendant's questions to Mr. Drew were often unclear and/or compound and generated many objections to the form.

**4. Plaintiff Has Fully Cooperated in Discovery**

Defendant claims that Plaintiff has failed to cooperate in discovery and has frustrated Defendant's efforts. This is patently untrue and an unfair characterization of Plaintiff's efforts in the discovery process. Beginning with Plaintiff's depositions of Defendant, which Plaintiff originally set in accordance with Defendant's preference but which Plaintiff had to reschedule to accommodate Defendant's counsel's schedule, Plaintiff has met every deadline established by this Court and its Rules without a single request for an extension. In fact, in order to timely respond to Defendant's second discovery requests, Plaintiff advised Defendant on June 24 of certain objections it has to the requests within days after receiving them, rather than waiting to object at the end of the 30-day response period, so Defendant could refine its requests to overcome the objections, if Defendant so chose. Defendant's counsel has not responded to

[5] Defendant does not identify exactly what was "evasive" about Mr. Drew's 7 hours of testimony or whether he required Mr. Drew to have a perfect memory in the absence of his being questioned about any documents in particular.

[6] Plaintiff has the burden of proving its damages, and if Defendant believes that Plaintiff has not met its burden, it can take whatever action it deems proper.

Plaintiff's counsel's communications on this point. Further, and on very short notice, Plaintiff's counsel agreed to produce Mr. Gilbert and Mr. Boucher for deposition so that the original discovery deadline of June 13, which Plaintiff agreed at Defendant's request to extend to June 20, could be met. Despite this extension to June 20 to accommodate Defendant, Defendant filed its first Motion for Enlargement of Time, in which it accused Plaintiff of failing to cooperate in discovery. The Government's second request followed shortly thereafter.

To the extent Defendant's argument is based on Plaintiff's alleged unwillingness to **expedite** its responses to Defendant's second set of discovery requests, Plaintiff requires and is entitled to a full 30 days to respond, absent an order from this Court to the contrary, which Defendant has never sought.

**5. <u>Defendant's Discovery Tactics are Prejudicial and Costly to Plaintiff</u>**

Plaintiff Chicago is a relatively small business operation with a single asset and a lender that has the ability to foreclose on the asset. Although Defendant asserts that Plaintiff's opposition to its first motion for enlargement was deficient because it did not include an affidavit supporting the allegation that the LLC is under financial duress, the proof thereof can be found in the Forbearance Agreement between Plaintiff and its lender, which Defendant attached to its initial motion for enlargement, and Defendant does not dispute that the Forbearance Agreement requires Plaintiff to make significant interest payments, at the rate of 5.625% on a balance of approximately $3.2 Million, with no rental stream to fund these payments.

In addition, Plaintiff is incurring ever-increasing litigation costs because of the Government's chosen techniques for and methods of pursuing discovery; its unreasonable demands have forced Plaintiff into an expensive and time consuming motions practice. Plaintiff

respectfully asks the Court to deny further extensions of the discovery deadline so this case can proceed without further delays.[7]

**6. Defendant's Assertion About the Complexity of the Issues Is Erroneous**

Defendant alleges that the documents responsive to its second document request will be voluminous and complex and take weeks to review. For example, Defendant argues that Mr. Drew testified that "Chicago Ridge is part of a complicated network of special purpose entities that comprise Mr. Drew's business interests" and that "[i]n order to assess Chicago Ridge's claim for lost equity, therefore, it became necessary to understand the relationships and transactions between the business entities controlled by Mr. Drew." (Second Motion at 2.) In fact, Mr. Drew stated that he has an interest on Drew Management, Inc., and five or six limited liability companies. Only one of those LLCs is the Plaintiff here and the other LLCs, except for Plaintiff's predecessor Drew Ridge LLC, had no involvement in this matter. Similarly, Nelson Rust Gilbert, who was deposed two weeks later on June 13, 2008, testified extensively and clearly on this issue, which is also a subject of Defendant's second discovery requests.

The alleged – but unsupported - "complexity" of the other LLCs has no relationship to Plaintiff that Defendant has identified, nor can it reasonably justify an additional extension of the fact discovery period.

**7. An Alleged Fraud Investigation Is Not an Excuse to Extend Discovery**

In a final bid for an extension, Defendant asserts as a "fact" that Plaintiff has overstated its damages by "at least" $2 Million, as a result of which Defendant allegedly must conduct a fraud investigation. This is mere testimony of counsel for which Defendant has not provided any

[7] Similarly unpersuasive is Defendant's assertion that Plaintiff's counsel made "dubious" privilege assertions during depositions or that Plaintiff's counsel "walked out" of depositions, which is merely Defendant's mischaracterization of the situation. Plaintiff will address the privilege issue in its simultaneously-filed opposition to Defendant's motion to compel.

support. If Defendant has any support for such an allegation, now would be the time to disclose it to Plaintiff and the Court.[8] Defendant's unsupported assertions about fraud investigations are insufficient to justify a second extension of the discovery schedule.

## CONCLUSION

Although it disagrees with the bases for Defendant's Motion, Plaintiff does not oppose a two week extension of the discovery schedule, although Plaintiff requests that the Court direct Defendant to inform Plaintiff within five (5) days after the date of this Order whom it intends to try to depose.

Respectfully submitted,

Date: June 30, 2008

/s/

Laurence Schor, D.C.
lschor@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.
1155 15th Street, N.W., Ninth Floor
Washington, D.C. 20005
202-296-9260; 202-659-3732 fax
Counsel of Record for 5860 Chicago Ridge, LLC

**Of Counsel:**
Susan L. Schor
sschor@msadlaw.com
Jeanne A. Anderson
janderson@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.

[8] Defendant's assertion also raises the question why further discovery is required if Defendant already knows that the claim is "overstated" and by how much.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically filed, this 30th day of June 2008 on:

Robert E. Chandler
U.S. Department of Justice
Civil Division
1100 L St., N.W.
Washington, D.C. 20530
Counsel of Record for Defendant

/s/
Laurence Schor