**From:** "Chandler, Robert (CIV)" <Robert.Chandler@usdoj.gov>
**To:** "Susan Schor" <SSchor@msadlaw.com>
**CC:** "Jeanne Anderson" <JAnderson@msadlaw.com>, "Larry Schor" <LSchor@msadlaw...
**Date:** 6/27/2008 5:21 PM
**Subject:** RE: Pending Discovery Motions

Susan,

Although you have expressed "hope [that] we can resolve the motions issues without court action," your email simply affirms your prior positions, rather than suggesting a way forward. Given that, I believe it would be best for both parties if we have the Court decide these issues.

Please note that I did not receive an email from you this week with objections to our discovery requests. If plaintiff has objections, please send them to me as soon as possible.

Regards,

Robert E. Chandler
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington D.C. 20530
(202)514-4678
robert.chandler@usdoj.gov

-----Original Message-----
From: Susan Schor [mailto:SSchor@msadlaw.com]
Sent: Friday, June 27, 2008 10:54 AM
To: Chandler, Robert (CIV)
Cc: Jeanne Anderson; Larry Schor
Subject: Pending Discovery Motions

Rob -

Your email has left us a bit confused as to your position and we need clarification.

Regarding Tom Boucher's communications with this firm, are you suggesting either (1) that Mr. Boucher is not the Trustee of the Drew Children's Trust, a 50 % owner of the 5860 LLC or (2) that the fact that we did not initially identify the basis of the attorney client privilege as resting, in whole or in part, on Mr. Boucher's position as Trustee of the Trust somehow negates the privilege or (3) that the Children's Trust Trustee's discussions with this firm are not protected? If you dispute that Mr. Boucher is Trustee of the Trust, please advise the basis of your contention. I note, in this respect, that even after Rust Gilbert testified that the Trust was a 50% owner of the LLC, you never asked either Mr. Gilbert or Mr. Boucher a single question about the identity of the Trustee(s), and you didn't ask any questions about the composition of the LLC until June 6, when you filed your second discovery requests. If you contend that the privilege is inapplicable because we did not state that it was based on Mr. Boucher's position as Trustee, which somehow negates the privilege, we reject the premise; privilege is not lost simply because one or more of its bases are not asserted. Finally, if you contend that, as Trustee of the Trust that is a member of Plaintiff LLC, communications between Mr. Boucher and Plaintiff's counsel are not protected, we also reject your position but would be most interested to see legal support for your assertion.

As I told you previously, we are participating in this colloquy with you in an attempt to avoid presenting the matter to the Court per the Court's instructions. Our preference is to avoid further expense to our client and to reach a resolution on this issue today. Please note,

however, that we believe that Mr. Boucher's communications with this firm are privileged and that position will not change. If, despite the factual support we have provided you, you insist on re-deposing Mr. Boucher, please let us know when you respond to me and we will file our opposition in accordance with the Court's Order.

Regarding Plaintiff's damages disclosure, we have agreed to supplement our initial disclosure as soon as we are reasonably able to do so, even though we believe that it was adequate (an issue you never raised for 4 months) and despite the fact that essentially all of the same information and documents were requested in your second discovery requests.

It is significant that, despite your having the initial disclosure since February and your deposition of Dan Drew on May 29, you did not move for your second enlargement until June 18. And even though we had advised you that we would produce the documents supplementing our initial disclosure on June 20, you filed a motion for enlargement seeking only 2 more weeks past the extended deadline but without moving for expedited consideration of the motion. You took the position in the motion that if Plaintiff did not produce the documents until July 9 (when the responses to your second discovery requests were due), you would not have time to review them before the July 14 cut-off of fact discovery. Even knowing that you might not get the documents until July 9, you still asked for just a 2 week extension. Now you say that you may need more time because this has "dragged on". It has only "dragged on" because you failed to seek expedited consideration of your motion until the week after you filed it. Moreover, your motion contemplated not getting the documents until July 9 and you still asked for just 2 weeks.

We are not "refusing" to disclose the damages information "for another 2 weeks" as you assert. To the contrary, we have been working with our client to assemble the information and documents to supplement the initial disclosure, as well as to respond to your second discovery request, and we are doing so in full accord with the Court's Rules. We are committed to producing the documents supplementing the initial disclosure as soon as possible, with July 9 being the outside deadline. Having agreed to do this (despite our reservations about the need to), and having agreed to the 2 week extension you asked for even when you thought you would not get the documents until July 9, there is nothing more we can do.

Finally, I have no idea what you mean about "strings" we have allegedly attached. We have simply asked you to identify who you intend to depose and in what order.

I also note that earlier this week I sent you an email identifying certain objections we have to your second discovery requests in the hope that you could revise the requests to address them so we could respond to your requests on the merits and not have to object. I hope you will respond shortly to that email.

I look forward to hearing from you today in the hope we can resolve the motions issues without court action.

Susan

Susan L. Schor
McManus, Schor, Asmar, & Darden LLP
1155 Fifteenth Street, Suite 900
Washington, D.C. 20005
Telephone # : 202-296-9260
Fax #: 202-659-3732
email: sschor@msadlaw.com

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is