# IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| 5860 CHICAGO RIDGE, LLC. | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 07-680 |
| THE UNITED STATES, | ) | |
| Defendant | ) | |

## DEFENDANT'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rules 26, 33 and 34 of the United States Court of Federal Claims ("RCFC"), defendant requests that plaintiff answer under oath the following written interrogatories within thirty (30) days from the date of service and that plaintiff produce documents for inspection and copying within that thirty-day period. These discovery requests are governed by the following definitions and instructions:

DEFINITIONS

1. The terms "plaintiff," "you," or "your," as used herein, mean the party plaintiff, 5860 Chicago Ridge LLC ("Chicago Ridge"), and any entity owned in whole, in part, or controlled by plaintiff, and includes all present and past employees, subcontractors, consultants, agents, investigators, directors, officers, experts, and representatives, including counsel and all other persons or entities acting or purporting to act on plaintiff's behalf, who could reasonably be expected to have personal knowledge that would effect the completeness and accuracy of the answers to these interrogatories.

2. The term "person," as used herein, includes any natural person, corporation, partnership, other business association or entity recognized by law, and the employees or independent contractors thereof, and any domestic or foreign government body, commission, board, agency, branch, department, component, or element thereof.

3. The term "document," as used herein, means and includes without limitation the following items, whether printed, micro-filmed, electronically recorded in sound or pictures, stored in computer memory or in a computer database, or re-produced by any process, or written or produced by hand, and regardless of whether claimed to be privileged or confidential or personal: letters, correspondence, memoranda, reports, summaries, notes, notebooks, electronic mailings ("e-mails"), sketches, prints, photographs, printed forms, manuals, brochures, diaries, books, lists, publications, agreements, working papers, intra-company and inter-company communications, forecasts, statistical statements, graphs, charts, plans, drawings, minutes or records of meetings or conferences, policy statements, circulars, and any and all other writings. The above includes any and all other materials of any tangible medium of expression and original or preliminary notes, including drafts, typing, printings, minutes, or copies or reproductions thereof that are now or have ever been in the possession, custody or control of Chicago Ridge.

4. References to the name of a company or the designation of a party include the company or corporation, as the case may be, or the party, and its employees, agents, directors, officers, stockholders, principals, partners, representatives, attorneys, investigators, consultants, and subcontractors.

5. An interrogatory asking you to "explain in detail," "describe in detail," "state each fact," or "state all facts" seeks disclosure of each and every fact, circumstance, condition, and thing known to you about the subject of the interrogatory containing such a phrase and full identification and description of the source(s) of such facts, circumstances, conditions and things, including, but not limited to, identification of each person having knowledge of and each document containing information relating to such fact, circumstance, condition or thing.

6. The "complaint" refers to the amended complaint filed by Chicago Ridge on September 27, 2007 against the United States, No. 07-680C, before the United States Court of Federal Claims.

7. The "lease" means the contract identified in paragraph 4 of the complaint.

8. The "building" or "premises" refers to the building owned by Chicago Ridge located at 5860 W. 111th St., Chicago Ridge, Illinois which is the subject of the lease.

INSTRUCTIONS

1. In answering these interrogatories, furnish all information, however obtained, including hearsay, that is available to you, including information known by or in the possession of yourself, your employees, subcontractors, experts, plaintiff's attorney, or appearing in your documents, not merely information within the personal knowledge of the individual(s) executing plaintiff's answer to interrogatories.

2. If plaintiff cannot answer the following interrogatories in full after exercising due diligence to secure the information, so state, and answer to the extent

possible. Specify plaintiff's inability to answer the remainder, and state whatever information or knowledge plaintiff has concerning the unanswered portion.

3. These interrogatories are continuing in nature to the extent provided in Rule 26(e) of the Rules of the United States Court of Federal Claims. If plaintiff obtains additional information, a supplemental response shall be furnished when such information becomes available, but not later than a date thirty days preceding the scheduled trial of this case.

4. Provide separate responses for each interrogatory or sub-part thereof; do not join together and provide a common response or answer to two or more interrogatories or to sub-parts of an interrogatory.

5. Where exact statistical or numerical information, including dates or times, cannot be furnished, estimated or approximate information is to be supplied. Where an estimate or approximation is supplied, it should be so indicated, and an explanation provided as to the basis upon which the estimate or approximation was made. State the reason(s) why exact statistical or numerical information cannot be furnished.

6. If any response, or any portion of any response, to any of the following interrogatories or subparts thereof is not made on or by the present knowledge of the person signing or swearing to such response, identify each person from whom the information was obtained and is a matter of personal knowledge. Designate the number of the interrogatory for which each such person supplied information.

7. To the extent you consider any of the following interrogatories, or sub-parts thereof, to be objectionable, answer that portion of the interrogatory, or sub-part thereof, to which you have no objection and separately state the portion of the

interrogatory, or sub-part thereof, to which you lodge an objection and state the specific grounds therefore.

8. Should plaintiff claim a privilege for any document requested, or about which information is requested by any of the following interrogatories, plaintiff shall so state. Plaintiff shall describe such document(s) in the manner indicated above. Plaintiff shall state all facts that demonstrate why the document(s) sought or the information requested by any of the following document requests or interrogatories is entitled to the privilege requested.

9. When answering these interrogatories, please type the interrogatory or request, as well as your response or objection in accordance with all provisions of Rule 33 and Appendix G of the Rules of the United States Court of Federal Claims.

10. To the extent possible, all documents produced in response to this Request should be arranged in separate categories identified by the paragraph number of the Request to which such documents are responsive.

11. After your initial production, if you, or others subject to your control, including your attorneys, become aware of documents responsive to this Request, such documents promptly should be made available to the Government for inspection and copying. A document shall be deemed to refer or pertain to a matter if it expressly or otherwise refers to the matter, or if its subject matter bears a clear logical relationship to the matter.

## INTERROGATORIES

1. Identify each person who supplied information used to prepare the

responses to these interrogatories and, as to each person so identified, indicate the number of the interrogatory or part thereof for which the person supplied information.

2. Identify each person who was involved in negotiating the Lease for or on behalf of Chicago Ridge.

3. Identify all communications relating to the condition of the building and, for each such communication, identify the sender and receiver of such communications, whether and how the recipient responded to the communication; the individual(s) involved in the preparation of the response.

4. Identify any report you received relating to the condition of the Building, the date you received that report, the relationship between Chicago Ridge and the preparer of the report and any amounts paid by Chicago Ridge to the preparer of the report.

5. Identify all steps taken by Chicago Ridge to remedy the problems with the building and, for each, identify the person(s) or contractor(s) taking such steps.

6. State the basis for the allegations, contained in paragraphs 12 of the complaint, that the problems with the building were confined to a limited area of the building, that Chicago Ridge has remedied the majority of the problems with the building and that it is continuing to repair the remaining problems.

7. State the basis for the allegations contained in paragraph 13 of the complaint.

8. State the basis for the allegations contained in paragraph 15 of the complaint.

9. State the basis for your allegation in paragraph 16 of your Complaint that the majority of the problems experienced by IRS, including the water leaks, were minor and resulted in at most minimal disruption to IRS.

10. State the basis for your allegation in paragraph 24 of the complaint that Chicago Ridge will be deprived of the benefits of the lease, likely will lose the premises due to foreclosure by lenders, and will be harmed in other ways.

11. Identify any communication made by Chicago Ridge in order to re-lease any or all of the premises.

12. Describe any and all actions taken by Chicago Ridge in order to mitigate its damages in this case.

13. Describe any and all damages or prejudice suffered by Chicago Ridge resulting from GSA's alleged failure "to give Chicago the required 30 days to cure" as stated in paragraph 31 of the complaint.

14. Identify any expenditures avoided by Chicago Ridge as a consequence of the termination of the lease.

15. Identify all contractors involved in the design, construction and outfitting of the building, state each contractor's role and, if any contractor was fired or replaced by another contractor, state the reasons the contractor was fired or replaced.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce all documents pertaining to the lease that is the subject matter of this litigation.

2. Produce all documents that support the factual allegations contained in your complaint.

3. Produce all documents referred to or relied upon in answering the defendant's First Set of Interrogatories.

5. Produce all documents relating to Chicago Ridge's quality control plan, inspections, and tests.

6. Produce all log books containing information about the building.

7. Produce all organizational charts for Chicago Ridge and for management of the building for the entire period of the lease in dispute.

9. Produce all contracts relating to work performed on the building.

10. Produce all documents related to the re-letting of the building after the lease was terminated by GSA.

13. Produce all communications related to the condition of the building or work performed on the building after the Government began its tenancy.

17. Produce the statements of any persons taken by Chicago Ridge with regard to the matters that are the subject of this litigation.

18. Produce all graphic representations of the work in any way or manner related to the building.

19. Produce all photographs, videos or motion pictures, or sound recordings of the building not already produced.

20. Produce any reports relating to the condition of the building.

20. Produce reports or other documents relating to any audit, compilation or other calculation that was made of the costs incurred by Chicago Ridge relating to the building.

21. Produce all documents you intend to introduce or rely upon at trial.

22. Produce all drawings of the building; all drawings used in the design, contrstruction and outfitting of the building; all specifications relating to the building and all warantees relating to the building.

23. Produce all approval documents from the City of Chicago Ridge relating to the building.

24. Produce all documents relating to any decisions by the City of Chicago Ridge not to approve any aspects of the design, construction or outfitting of the building or to condition such approval on the performance of additional work.

25. Produce all documents related to any other litigation related to the building.

JEFFREY S. BUCHOLZ
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

KIRK T. MANHARDT
Assistant Director

ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

April 9, 2008

Attorneys for Defendant