IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| **5860 CHICAGO RIDGE, LLC.**<br>**2428 West Bloomingdale**<br>**Chicago, IL 60647**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES**<br><br>**Defendant.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **Case No.: 07-680C**<br>**Judge Allegra** |

**PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT**

Pursuant to Rules 7(b) and 15(d) of the Rules of the Court of Federal Claims ("RCFC"), Plaintiff 5860 Chicago Ridge LLC ("Chicago"), by undersigned counsel, hereby moves for leave to supplement its Complaint to firmly establishing this Court's jurisdiction over its certified claim for monetary damages ("Monetary Claim") pursuant to the Contract Disputes Act, 41 U.S.C. § 601, *et seq*. Plaintiff's motion does not involve its breach of contract and improper default termination claims, which are properly before the Court.

The Government's default termination letter dated May 18, 2007, was a final decision of the Contracting Officer and was properly appealed to this Court by Plaintiff's Complaint dated September 20, 2007. *See* Attachment 1.

However, Plaintiff's certified claim for monetary damages was not submitted to the contracting officer until September 24, 2007, after the Complaint was filed in this matter. *See* Attachment 2. The certified claim has since been deemed denied by the passage of more than 60 days. "A CDA action may be brought in the Court of Federal

Claims or before a board of contract appeals only if ... the contracting officer has failed to issue a final decision on the contractor's claim or to notify the contractor of the time within which a decision will be issued, and at least 60 have passed since the date the claim was submitted for a decision.... In the latter case, the claim is 'deemed denied.' " *NCLN20, Inc. v. U.S.* --- Fed.Cl. ----, 2008 WL 2346189 (Fed. Cl. 2008). Because the certified claim was not deemed denied at the time Plaintiff's Complaint was filed, it is necessary for Plaintiff to amend its Complaint and to allege the jurisdictional requisite of a deemed denial.

Amending the Complaint is the most expeditious manner in which to address this jurisdictional issue, and will also conserve the resources of the parties and of this Court. The parties have already expended substantial efforts in discovery in this matter, including discovery related to Plaintiff's claim for monetary damages. Discovery is set to close on June 13, 2008. The GSA has been in possession of the certified claim since on or about September 27, 2008, and the certified claim was also produced to Defendant by Plaintiff with its discovery production of May 9, 2008. Amending the Complaint to allege that the certified claim has been deemed denied will therefore not prejudice Defendant's case.

## BACKGROUND

By letter dated May 18, 2008 ("Termination Letter"), the General Services Administration ("GSA") terminated for default a lease with Plaintiff for office space being used by the Internal Revenue Service ("IRS"). Attachment 1. The Termination Letter stated that it was a Contracting Officer's ("CO") final decision and set forth Plaintiff's appeal rights. *Id.*

At the time of the termination and thereafter until February 2008, IRS remained in the building at issue and paid rent therefor notwithstanding the default termination. Because IRS evidenced its intention to remain in the building for some (unspecified) period of time after GSA terminated the lease (and in fact remained in the building until February 2008), Plaintiff did not know when IRS would be vacating the premises. Thus, Plaintiff's potential damages were uncertain at the time of the termination.

Four months later, in September 2007, GSA advised Plaintiff that IRS intended to vacate the building in or about January 2008. On September 20, 2008, Plaintiff timely filed its Complaint in this Court appealing the Contracting Officer's final decision terminating the lease for default. The Complaint contained three counts challenging the default termination and alleged $4,001,126 in monetary damages. Thereafter, on September 24, 2007, Plaintiff submitted its Monetary Claim for $4,001,126 to the CO and requested a final decision. Attachment 2.

The CO failed to render a final decision within 60 days or at any time thereafter.[1] Therefore, the Claim is deemed denied.

**<u>LEGAL ARGUMENT</u>**

The CO's deemed denial of Plaintiff's Monetary Claim can be brought within the Court's jurisdiction over this case through a supplemental pleading. As stated in RCFC 15(d):

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth

---

[1] During her deposition in May 2008, the CO testified that she never intended to issue a final decision and that doing so was not her responsibility because the claim should have been submitted to OMB. *See* pp. 190 through 194 of April 29, 2008 deposition of Malinda Pennington, Attachment 3 hereto. The CO later advised that she was mistaken in her belief that the Monetary Claim should have been submitted to OMB. *Id.,* at 193.

> transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense...

The Federal Circuit has explained that "defects in a plaintiff's case - even jurisdictional defects - can be cured while the case is pending if the plaintiff obtains leave to file a supplemental pleading under Rule 15(d) reciting post-filing events that have remedied the defect." *Black v. Sec'y of Health and Human Servs.*, 93 F.3d 781, 790 (Fed.Cir.1996). "Rule 15(d) is intended to give the court broad discretion in allowing a supplemental pleading." Fed.R.Civ.P. 15(d) Advisory Committee's note to 1963 amendment. Here, leave is properly sought under Rule 15(d) to recite the post-filing event of the deemed denial of its Monetary Claim. Such action will also conserve the resources of the parties and this Court.

## CONCLUSION

For the foregoing reasons, Plaintiff hereby requests that the Court grant its Motion and allow Plaintiff to file its First Supplemental Complaint.

Respectfully submitted,

Date: July 7, 2008

/s/ Laurence Schor

Laurence Schor, D.C.
lschor@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.
1155 15th Street, N.W., Ninth Floor
Washington, D.C. 20005
202-296-9260
202-659-3732 fax
Counsel of Record for Chicago Ridge, LLC

Of Counsel:
Susan L. Schor
sschor@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically filed, this 7th day of July 2008 on:

Robert E. Chandler
U.S. Department of Justice
Civil Division
1100 L St., N.W.
Washington, D.C. 20530
Counsel for the Defendant

/s/ Laurence Schor

Laurence Schor