**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **5860 CHICAGO RIDGE, LLC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: 07-680C** |
| | ) | **Judge Allegra** |
| **THE UNITED STATES** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT AND DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rules 7.2 and 7(b) of the Rules of the United States Court of Federal Claims ("RCFC"), defendant respectfully submits this response to plaintiff's motion for leave to supplement its complaint, and further submits the Government's motion to dismiss.

On May 18, 2007, the contracting officer for the lease contract that is the subject of this litigation terminated the lease for default. Plaintiff, 5860 Chicago Ridge LLC ("Chicago Ridge"), responded by filing a complaint in this Court on September 20, 2007 which sought monetary relief in the form of unpaid rents, maintenance costs, real estate taxes and potential lost equity in the leased premises. Compl. ¶ 50, p. 9 ¶¶ a – c. Chicago Ridge also requested that the Court "reverse the termination for default." Id. at ¶ 50. The United States does not, in this response and motion, challenge the Court's jurisdiction to consider the validity of the default termination. Rather, the Government's motion to dismiss only relates to Chicago Ridge's request for monetary relief.

Chicago Ridge filed its complaint without having first submitted a certified claim to the contacting officer as required by 28 U.S.C. § 605. Thus, the fact that Court did not have jurisdiction with respect to Chicago Ridge's monetary claims at the time the complaint was filed is clear. Chicago Ridge attempted to remedy this deficiency on September 26, 2007 by submitting a claim to the contracting officer seeking the payment of unpaid rent and potential lost equity in the leased premises.[1] The contracting officer did not respond to Chicago Ridge's purported claim.

Chicago Ridge now contends that its claim was deemed denied by the contracting officer upon the passage of 60 days. Pl. Mot. 1-2. In addition, Chicago Ridge contends that it should be permitted to supplement its complaint to allege a deemed denial in order to "firmly establishing [sic] this Court's jurisdiction over its certified claim for money damages … ." Pl. Mot. 1.

This Court does not, however, possess jurisdiction to consider Chicago Ridge's claims for monetary relief. Indeed, Chicago Ridge implicitly acknowledges that the Court lacked jurisdiction over its monetary claims at the time the complaint was filed. The only question, then, is whether Chicago Ridge can establish jurisdiction through a belated claim and supplementation of its pleadings. It cannot. First, once Chicago Ridge filed its complaint in this Court, the contracting officer was statutorily barred from considering its claim. There is not, therefore, a deemed denial upon which Chicago Ridge may base its assertion of jurisdiction over its monetary claims. Second, a plaintiff may not supplement its complaint pursuant to RCFC 15(d) in order to establish

---

[1] Chicago Ridge contends that its claim was submitted to the contracting officer on September 24, 2007, which is the date that appears on the claim letter. The attached certification, however, is dated September 26, 2007, and is therefore the earliest date on which Chicago Ridge could have submitted its claim.

jurisdiction where the jurisdictional defect is the failure to satisfy an administrative prerequisite. For these reasons, which are explained more fully below, we respectfully request that the Court deny plaintiff's motion and dismiss plaintiff's monetary claims.

## ARGUMENT

### I. This Court Lacks Jurisdiction To Consider Chicago Ridge's Monetary Claims

Chicago Ridge failed to submit its monetary claims to the contracting officer pursuant to 28 U.S.C. § 605 prior to filing its complaint and, therefore, this Court presently does not have jurisdiction to consider those claims. 41 U.S.C. § 605(a); 41 U.S.C. § 609(a). Though this conclusion seems obvious, Chicago Ridge stops short of acknowledging that this Court presently lacks jurisdiction to consider its monetary claims, and we therefore briefly address this issue.

The provisions of the Contract Disputes Act ("CDA") granting this Court jurisdiction to consider certain matters constitute a waiver of sovereign immunity. Accordingly, the conditions set forth in the CDA must be strictly construed. James M. Ellett Construction Company v. United States, 93 F.3d 1537, 1341 (Fed. Cir. 1996); Cosmic Construction Co. v. United States, 697 F.2d 1389, 1390 (Fed. Cir. 1982). For this Court to possess jurisdiction to consider a complaint pursuant to the CDA, the conditions set forth in both section 605 and section 609 must be satisfied; that is, "there must be both a valid claim . . . and a contracting officer's decision on that claim." James M. Ellett Construction Company v. United States, 93 F.3d at 1541-42.

Chicago Ridge did not submit a claim to the contracting officer prior to filing its complaint and, consequently, the contracting officer did not issue a final decision relating to money damages. At the time the complaint was filed, then, the Court did not have

jurisdiction to consider Chicago Ridge's monetary claims. Moreover, the Court has not acquired jurisdiction through any action taken by Chicago Ridge or by operation of law. Thus, the Court presently does not possess jurisdiction to consider Chicago's claim.

Chicago Ridge tacitly admits as much. Although it styles its motion as one to "firmly establish[] this Court's jurisdiction over its certified claim for monetary damages … ," Pl. Mot. 1, the remainder of its motion belies the suggestion that Chicago Ridge is merely attempting to establish "better" jurisdiction in this Court. For example, Chicago Ridge contrasts its monetary claims with its other claims, which it states "are properly before the Court." Id. In addition, its statement that its monetary claims "can be brought within the Court's jurisdiction," suggests that those claims presently are not within the Court's jurisdiction. Id. at 3. Chicago Ridge does not seriously suggest, then, that this Court currently possesses jurisdiction to consider its monetary claims. The Court should hold that it does not.

## II. Chicago Ridge May Not Remedy The Jurisdictional Defect By Supplementing Its Complaint Pursuant To RCFC 15(d)

### A. There Has Not Been A Deemed Denial By The Contracting Officer

In its motion, Chicago Ridge states that it submitted a claim to the contracting officer several days after filing its complaint in this Court. Pl. Mot. 1. It contends that because the contracting officer has not acted upon its claim, the claim is deemed to have been denied. Id. at 1-2. Chicago Ridge further contends that its belated claim, combined with this alleged deemed denial, suffices to "firmly establish[]" jurisdiction for this Court to consider its monetary claims. Id. at 1.

By the time it filed its attempted claim, however, Chicago Ridge already had filed its complaint, which contained its claims of monetary relief, in this Court. Because "[o]nce a claim is in litigation, the Department of Justice gains exclusive authority to act in the pending litigation," Sharman Co. v. United States, 2 F.3d 1564, 1571 (Fed. Cir. 1993); see Case, Inc. v. United States, 88 F.3d 1004, 1009 (Fed. Cir. 1996), the contracting officer lacked authority to act upon the claim. Thus, the claim could not be, and was not, denied by the contracting officer.

Section 516 of title 28 grants exclusive authority to the Department of Justice to act on matters in litigation, which "divests the contracting officer of his authority to issue a final decision on the claim." Sharman, 2 F.3d at 1571 (citation omitted); see Case, 88 F.3d at 1009. When Chicago Ridge asserted claims based upon the Government's termination of the lease in this Court by filing its complaint, therefore, it divested the contracting officer of the authority to issue a decision on those claims. See, e.g., Roxco, Ltd. v. United States, 77 Fed. Cl. 138, 148-49 (2007) ("the CO was divested of authority to rule on plaintiff's supplemental claim because the claim was pending before this court.") (citing Sharman, 2 F.3d at 1571); Cincinnati Elecs. Corp. v. United States, 32 Fed.Cl. 496, 500 (1994).

Because Chicago Ridge may not rely upon the contracting officer's failure to act upon its September 26, 2007 claim for monetary relief, this Court lacks jurisdiction to entertain those claims. This Court therefore should dismiss all of Chicago Ridge's claims for monetary relief. Moreover, Chicago Ridge's September 26, 2007 claim did not assert claims for maintenance costs and real estate taxes, which it now seeks before this Court. Consequently, even if the Court could exercise jurisdiction over certain of Chicago

Ridge's monetary claims, it could not include the claims for maintenance costs and real estate taxes because they were not presented to the contracting officer for decision.

### B. Chicago Ridge May Not Supplement Its Complaint To Allege That It Satisfied Statutory Jurisdictional Prerequisites After Filing The Complaint

Even if Chicago Ridge could obtain a final decision from the contracting officer during the pendency of this action, it could not establish jurisdiction in this Court by supplementing its complaint pursuant to RCFC 15(d). In support of its attempt to invoke RCFC 15(d), Chicago Ridge cites Black v. Sec'y of Health and Human Servs., 93 F.3d 781 (Fed. Cir. 1996) for the proposition that jurisdictional defects may be cured while a matter is pending through a supplemental pleading of post-filing facts supporting jurisdiction. Chicago Ridge reads Black far too broadly.

While the Court of Claims in that case held that post-filing facts could be used to support jurisdiction, it also stated that permitting such supplementation requires "a careful reading of the substantive provision at issue." Id. at 790. Where, as here, it would "defeat the purpose of [a] statutory prohibition," supplementation pursuant to RCFC 15(d) is not permitted. Indeed, the Court identified prohibitions against filing before exhausting administrative remedies as one such statutory provision. The Court relied in part upon Hallstrom v. Tillmook County, 493 U.S. 20 (1989), in which the Supreme Court required a complaint to be dismissed for failure to exhaust administrative remedies, even though the administrative exhaustion was completed while the complaint was pending. To do otherwise, the Court noted, would be contrary to Congress's intent in creating the prohibition, because it would permit the plaintiff to file his complaint

within the prohibited period, and still maintain his action. Black, 93 F.3d at 790-91. This is precisely what Chicago Ridge seeks to accomplish here.

## CONCLUSION

For the foregoing reasons, we respectfully request that the Court deny Chicago Ridge's motion to supplement its complaint pursuant to Rule 15(d) and dismiss Chicago Ridge's complaint insofar as it asserts claims for monetary relief.

Respectfully submitted,

GREGORY G. KATSAS
Acting Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

July 7, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 7th day of July 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT AND DEFENEANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler