IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| **5860 CHICAGO RIDGE, LLC.**<br>**2428 West Bloomingdale**<br>**Chicago, IL 60647**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**THE UNITED STATES**<br><br>**Defendant.** | **Case No.: 07-680C**<br>**Judge Allegra** |

**MOTION TO STAY DISCOVERY PENDING DETERMINATION REGARDING SUBJECT MATTER JURISDICTION AND REQUEST FOR EXPEDITED CONSIDERATION**

Pursuant to the Rules of the Court of Federal Claims ("RCFC") 7(b), Plaintiff 5860 Chicago Ridge, LLC, through counsel, hereby submits its Motion for Stay of Discovery Pending Determination on Subject Matter Jurisdiction and Request for Expedited Consideration ("Motion"). Defendant opposes this Motion.

Expedited consideration of the Motion is appropriate because the Court issued an Order on July 3, 2008 ("Order") directing that all fact discovery be completed by July 28, 2008, and if the discovery proceeds, there is the possibility that expensive and duplicative discovery efforts will be required.

For the reasons set forth below, this Motion seeks a stay of the discovery deadlines set by this Court's scheduling Orders of June 16 and July 3, 2008.[1] There is no prejudice to Defendant if this Motion is granted, since Defendant seeks dismissal of the very monetary claim about

[1] Plaintiff is not seeking a stay of this Court's July 3 Order granting Defendant's Motion to Compel the deposition of Thomas Boucher concerning the facts and circumstances of Plaintiff's claim of an attorney-client relationship between Mr. Boucher and Plaintiff's counsel. Plaintiff will meet the Court's July 28, 2008 deadline for this deposition.

which it currently seeks discovery and because Plaintiff has offered to negotiate reasonable discovery deadlines with Defendant once the jurisdictional issues are resolved by the Court. *See* Exhibit 1.

## PROCEDURAL BACKGROUND

The relevant procedural history is as follows. On September 20, 2008, Plaintiff timely filed its Complaint in this Court appealing the Contracting Officer's final decision that terminated for default the lease ("Lease") between Plaintiff and the General Services Administration ("GSA"). The Complaint also alleged $4,000,000 in monetary damages. On September 24, 2007, Plaintiff submitted its Certified Claim to the Contracting Officer ("CO") and requested a final decision on its monetary damages in the amount of $4,001,126. *See* Attachment 1. The CO did not issue a final decision within 60 days and the claim is deemed denied.

On June 18, 2008, Plaintiff filed its motion to supplement its Complaint pursuant to RCFC 15(d) for the purpose of addressing a potential defect in this Court's jurisdiction over its certified claim for monetary damages ("Certified Claim"). The jurisdictional issue related solely to Plaintiff's monetary claims and not to its allegations of breach of contract and improper default termination of the Lease, over which the Court clearly has jurisdiction. Plaintiff's Supplemental Complaint alleges the intervening jurisdictional basis for its claim for monetary damages, *i.e.*, that on September 24, 2007, Plaintiff submitted its Certified Claim for those damages to the CO (4 days after the filing of its Complaint) and that the claim was deemed denied and could be appealed to this Court under the Contract Disputes Act 28 U.S.C. § 605, *et seq.* ("CDA").

On July 3, 2008, the parties participated in a status conference with the Court concerning pending discovery motions. During the status conference, Defendant's counsel did not raise to the Court or Plaintiff that Defendant intended to argue that the Court lacks jurisdiction over Plaintiff's monetary claims under 28 U.S.C. § 615. Yet, Defendant's Response and Motion to Dismiss on this ground - filed four days later - has an obvious impact on the pending discovery Defendant is seeking concerning monetary damages (as discussed in detail below). During the status conference, the Court granted Defendant's motion for an extension of fact discovery (to July 28) and its Motion to Compel the Deposition of Thomas Boucher, also by July 28, on the limited issue of Plaintiff's claim of attorney-client privilege.

On July 7, 2008, Defendant filed its Response to Plaintiff's Motion to Supplement and its Motion to Dismiss ("Response and Motion"), raising a new/different jurisdictional issue under 28 U.S.C. § 605.[1] Defendant acknowledged in its Response and Motion that this Court has subject matter jurisdiction over Plaintiff's claim that the default termination was improper, but alleged that the Court lacks jurisdiction of Plaintiff's request for monetary damages. Defendant argues that the Court "should dismiss all of Chicago Ridge's claims for monetary relief", Response and Motion at 2, on the ground that under 28 U.S.C. § 605 the monetary claim is "in litigation", and the Attorney General has exclusive authority to act in the pending litigation.[2]

Also on July 7, 2008, and in accordance with the Court's July 3 Order, Plaintiff served on Defendant its Supplement to Initial Disclosures providing additional detail and documents relating to its computation of damages, as well as its Response to Defendant's Second Set of Interrogatories and Requests for Production of Documents. Subsequently, Plaintiff's counsel

[2] Plaintiff opposes the Response and Motion and expects to submit its Reply, which is due July 21, by July 11, 2008.

began working with Defendant's counsel to schedule Defendant's additional requested depositions within the discovery deadline of July 28, 2008.

There are discovery implications associated with the jurisdictional arguments made in Defendant's July 7, 2008 Response and Motion. Plaintiff's counsel and Defendant's counsel attempted to negotiate an agreement that would postpone depositions related to Plaintiff's damages claim, concerning which Defendant seeks dismissal. Negotiations were not successful, in part because while Defendant agreed to postpone two depositions,[3] it still wished to conduct the remaining four. However, Plaintiff reasonably believes those four depositions relate entirely or almost entirely to the damages claim Defendant seeks to preclude, and Defendant gave Plaintiff no specific information to the contrary.[4] In any event, these depositions should not be conducted on a piecemeal basis, *e.g.*, to carve out the damages issues, which issues would potentially be the subject of yet another round of depositions if Defendant's Motion to Dismiss is granted.

## LEGAL ARGUMENT

### A Stay of Discovery is Appropriate

When a dispositive motion is pending, the question of whether to suspend discovery turns primarily on whether further discovery would uncover facts that would aid the party seeking discovery to support its opposition to the dispositive motion. *See, e.g., Reliance Ins. Co. v. United States,* 18 Cl.Ct. 359, 360 (1989); *International Graphics, Div. of Moore v. United States,* 3 Cl.Ct. 715, 717-18 (1983) (plaintiff was not entitled to conduct discovery

[3] Gabriella Casillas and Al Guidice

[4] Defendant's counsel is reviewing Plaintiff's responses to Defendant's second set of interrogatories and requests for production of documents and thus, although asked to do so, has not yet fully and formally identified the scope of the two 30(b)(6) depositions he intends to take.

during the pendency of defendant's dispositive motion where plaintiff made no showing that discovery was relevant to that motion).

The Court has broad discretion to limit and restrict discovery when justice so requires. *See Reliance Ins. Co.* at 360, citing *Williamson v. United States Dept. of Agric.,* 815 F.2d 368, 382 (5th Cir.1987). It has also been held that where "a dispositive motion was pending when the trial judge allowed discovery, [the] order was improvidently issued." *Id.,* quoting *Summit Nursing Home, Inc. v. United States,* Cl.Ct. No. 89-74 (order of April 15, 1975). Further, there is no prejudice to defendant in delaying discovery as it has sought dismissal of the very monetary claim concerning which it currently seeks discovery. *See also Blair Holdings Corp. v. Rubinstein,* 159 F.Supp. 14, 15 (S.D.N.Y.1954) (**in the absence of a showing by plaintiff that it had been prejudiced**, discovery on the merits was postponed until the jurisdictional issue had been decided). Moreover, "the discovery provisions [of the Federal Rules] are subject to the injunction of Rule 1 that they "be construed to secure the just, *speedy,* and *inexpensive* determination of every action."" *Herbert v. Lando,* 441 U.S. 153, 177, 99 S.Ct. 1635, 1649, 60 L.Ed.2d 115 (1979) (emphasis added).

Defendant proposes to schedule six or seven depositions prior to the close of discovery on July 28, in addition to the four depositions it has already taken. None of the additional depositions relates to the issues raised in Plaintiff's Motion to Supplement its Complaint or in Defendant's Response and Motion to Dismiss. Instead, they relate solely or almost exclusively to the certified monetary claim over which Defendant now claims this Court lacks subject matter jurisdiction, and to Defendant's probe and "investigation" of that claim. For example, Defendant seeks to depose, *inter alia,* Plaintiff's tax attorney and a bookkeeper, which depositions Defendant has agreed could be stayed (*see* Exhibit 2), and to re-depose Daniel

Drew concerning his "conversations with Larry [Schor] (and others) about the amount of damages he should claim". Exhibit 3. Until Defendant sought dismissal of Plaintiff's monetary claim, Plaintiff did not oppose these depositions (except for the Government's effort to recall Mr. Drew individually) or the depositions of non-parties not within Plaintiff's control. However, Plaintiff now seeks a stay of this discovery because the depositions are relevant only to Plaintiff's Certified Claim. This discovery effort (including, *inter alia*, at least two trips to Chicago, Illinois by both Plaintiff's and Defendant's counsel or extensive witness travel) will be an unnecessary drain on the parties' time and resources as long as the jurisdictional issue is unresolved and especially were the Court to conclude that it lacks jurisdiction over the monetary claim. Further, since there would be no prejudice to Defendant if discovery were stayed, a stay is appropriate.

## CONCLUSION

Under the circumstances presented herein, and in the interest of justice and a speedy and inexpensive resolution of this matter and where there is no prejudice to Defendant, Plaintiff respectfully requests that the Court grant its Motion for Stay Pending Determination on Subject Matter Jurisdiction.

Date: July 9, 2008

Respectfully submitted,

/s/ Laurence Schor

Laurence Schor, D.C.
lschor@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.
1155 15th Street, N.W., Ninth Floor
Washington, D.C. 20005
202-296-9260
202-659-3732 fax
Counsel of Record for Chicago Ridge, LLC

Of Counsel:

Susan L. Schor
sschor@msadlaw.com
Jeanne A. Anderson
janderson@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically filed, this 9th day of July 2008 on:

Robert E. Chandler
U.S. Department of Justice
Civil Division
1100 L St., N.W.
Washington, D.C. 20530
Counsel for Defendant

___/s/_Laurence Schor__________
Laurence Schor