Case 1:07-cv-00680-FMA Document 25-2 Filed 07/09/2008 Page 1 of 9

**From:** Susan Schor
**To:** robert.chandler@usdoj.gov
**CC:** Jeanne Anderson; Larry Schor
**Date:** 7/9/2008 4:02 PM
**Subject:** 5860 Chicago Ridge, LLC v. U.S.

Rob,

Based on your recent emails, we have concluded that we cannot negotiate a stay of the pending discovery satisfactory to both parties. We clearly believe that the impact of your placing jurisdiction of damages in issue through your Opposition to our Motion for Leave to Supplement and your Motion to Dismiss is greater than you do.

We agree to conduct the further deposition of Tom Boucher on the limited issue set forth in your Motion that was granted by the Court. Please let us know what date you prefer and we will check/confirm with Tom. With regard to your other proposed depositions, we are filing a Motion to Stay because we have every reason to believe these depositions relate primarily, if not solely, to the damages claim that you are seeking to preclude. In the interest of avoiding unnecessary and duplicative discovery efforts, we feel a stay is appropriate.

With respect to your email about the sufficiency of our recent responses to your second round of discovery, we will respond shortly and provide additional responsive documents if any exist. To the extent that we agree that a "clarification" of our responses is needed, we will supply one.

We are cognizant of your concerns that scheduling will be a difficult matter for you in August and September. Once jurisdictional is resolved, we are willing to give you a reasonable time to complete your fact discovery if the Judge rules that he has jurisdiction over our monetary claim, and we will continue to cooperate with you in this regard.

We also believe that there is no prejudice to Defendant if a stay is issued in this matter to resolve the important issue you put before the Court.

Regards,

Susan

Susan L. Schor
McManus, Schor, Asmar, & Darden LLP
1155 Fifteenth Street, Suite 900
Washington, D.C. 20005
Telephone # : 202-296-9260
Fax #: 202-659-3732
email: sschor@msadlaw.com

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by McManus, Schor, Asmar, & Darden LLP for any loss or damage arising in any way from its use.

2

**From:** "Chandler, Robert (CIV)" <Robert.Chandler@usdoj.gov>
**To:** "Susan Schor" <SSchor@msadlaw.com>
**CC:** "Jeanne Anderson" <JAnderson@msadlaw.com>, "Larry Schor" <LSchor@msadlaw...
**Date:** 7/8/2008 2:46 PM
**Subject:** RE: 5860 Chicago Ridge, LLC v. U.S.

Susan,

I disagree that a stay is appropriate under the circumstances. I will grant you that the depositions of Guidice and Casillas relate almost exclusively to damages. Perhaps we can postpone those two depositions, and move forward on the others. Please note that if we push into August, scheduling gets dicey for me and it could require more than three weeks to complete discovery. I know that plaintiff is eager to move discovery forward as quickly as possible. With that in mind, we should try to accomplish what we can now.

I am confused by your response regarding discovery. Your responses to our requests for production indicated you would be providing documents. Is it your position that there are NO documents responsive to our requests?

Regards,
Rob

-----Original Message-----
From: Susan Schor [mailto:SSchor@msadlaw.com]
Sent: Tuesday, July 08, 2008 12:35 PM
To: Chandler, Robert (CIV)
Cc: Jeanne Anderson; Larry Schor
Subject: RE: 5860 Chicago Ridge, LLC v. U.S.

Rob,

In response to your email, we provided all of our discovery responses yesterday.

We are also in receipt of yesterday's filing by Defendant, which includes a motion to dismiss Plaintiff's monetary claims for lack of jurisdiction. We will be filing our response, with a request for expedited briefing and consideration by the Court, by COB Friday.

We will also file, at the same time, a Motion to Stay Discovery until the jurisdictional issue is resolved by the Court. As a result, we are not agreeing to schedule any further depositions in this matter until the jurisdictional issue you raised is resolved, since the discovery the Government is currently seeking is related almost exclusively to the very damages claim which your motion seeks to have dismissed. Under the circumstances, our client should not be required to incur the further expense of discovery until the Court resolves the jurisdiction issue.

Please let us know, by COB today if possible, if you will consent to our request for a stay of the discovery schedule.

Susan

Susan L. Schor
McManus, Schor, Asmar, & Darden LLP
1155 Fifteenth Street, Suite 900
Washington, D.C. 20005
Telephone # : 202-296-9260
Fax #: 202-659-3732
email: sschor@msadlaw.com

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might

affect any computer system into which it is received and opened.
However, it is the responsibility of the recipient to ensure that it is
virus free and no responsibility is accepted by McManus, Schor, Asmar, &
Darden LLP for any loss or damage arising in any way from its use.

>>> "Chandler, Robert (CIV)" <Robert.Chandler@usdoj.gov> 7/7/2008 11:09
>>> PM >>>
Thanks for this Susan. I will take a more careful look at this tomorrow and get back to you with my reactions. Initially, though, two points jump out at me:

1. Your position regarding the deposition of Mr. Drew is not clear. You appear to be demanding that we seek leave in one sentence, and then proffering him for deposition in the next. Can you please clarify your position?

2. You indicate below that you "provided all of [your] discovery responses today," but your response to our document requests indicated that you would be producing additional documents. Can you please clarify, and if you do intend to produce additional documents, let me know when you expect to produce them?

Regards,

Robert E. Chandler
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington D.C. 20530
(202)514-4678
robert.chandler@usdoj.gov

-----Original Message-----
From: Susan Schor [mailto:SSchor@msadlaw.com]
Sent: Monday, July 07, 2008 7:00 PM
To: Chandler, Robert (CIV)
Cc: Jeanne Anderson; Larry Schor
Subject: RE: 5860 Chicago Ridge, LLC v. U.S.

Rob -

In response to your email:

1. Subject to clearing these dates with the witnesses, we propose the following dates for depositions:

a. Al Guidice - July 15; for your information, Mr. Guidice is a tax attorney, not Chicago Ridge's accountant. Plaintiff's accountant is ACT Group, whose address, I believe, is 6242 N. Clark St., Chicago, IL 60660. We represent Mr. Guidice and will accept a subpoena for him;
b. Gabriella Casillas - July 15;
c. Tom Boucher - July 16;
d. Drew Management, Inc. - July 21, provided you provide the scope of the deposition by July 14. Since we provided all of our discovery responses today, you should be able to identify the scope of the 30(b)(6) depositions in the very near future;
e. Chicago Ridge, LLC - 30(b)(6) designee(s) - July 22, provided you provide the scope of the deposition by July 14;
f. Dan Drew (individually) - we cannot propose a date for you to re-call Dan because you have not

sought leave of court, as required by RCFC 30(2)(B). Moreover, we will oppose your motion for the reasons Jeanne articulated in Dan's deposition (e.g., pp. 73-77, 128- 134). However, in the spirit of cooperation, we will agree to his re-deposition but only with respect to whether his discussions with Larry are protected by the attorney-client privilege and any new information you received today. However, we dispute your contentions that you can delve into his conversations with Larry, so we will need to conduct his deposition - if at all - when the Judge is available.

We believe this is a reasonable schedule, and it does not require 3 separate trips to Chicago.

2. To set the record straight, we told you that Tom Boucher is available on all of the dates you originally proposed (which did not include July 10 and 11) except that Jeanne, Larry, and I are unavailable on July 14 and the Judge is not available on July 15.

3. If you want to re-call Mr. Boucher, it will have to be in Chicago. Larry has no recollection of agreeing to pay for re-opening the deposition if Judge Allegra granted your motion, nor did the Judge impose sanctions.

We are checking with the witnesses about the schedule we have proposed and hope to get back to you tomorrow or Wednesday.

Susan L. Schor
McManus, Schor, Asmar, & Darden LLP
1155 Fifteenth Street, Suite 900
Washington, D.C. 20005
Telephone # : 202-296-9260
Fax #: 202-659-3732
email: sschor@msadlaw.com

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by McManus, Schor, Asmar, & Darden LLP for any loss or damage arising in any way from its use.

>>> "Chandler, Robert (CIV)" <Robert.Chandler@usdoj.gov> 7/7/2008 5:24 PM >>>
Susan,

I have not sent out deposition notices because we have not agreed upon dates for the depositions. I proposed a number of dates, and have not heard from you as to when your witnesses are available. In light of the fact that none of you, Larry or Jeanne are available on July 10, 11, 14 or 15, I will open up the 17th and 18th, which I originally indicated I would prefer not to do. To summarize, then, I am available any day this month from the 10th through the 28th, but would prefer to avoid the 24th and 25th. Please send me a list of dates when your witnesses are available.

With respect to the 30(b)(6) topics, I will endeavor to get you as much as I can, as soon as I can. Understand, however, that until I have had an opportunity to review the additional disclosures you provided today, and the additional discovery you are providing later this week, I will be limited in my ability to do that.

I understand your position with respect to Guidice and Casillas, assuming that you do not represent either of them. If you do represent them, I would expect that, in the spirit of cooperation during discovery, you could accept service on their behalf. If not, please

provide me with the necessary contact information so that I can arrange for service. Also, I trust you will assist in the scheduling of their depositions.

My contention with respect to Mr. Drew's privilege assertion is the same as it was at his deposition. That is, Mr. Drew's conversations with Larry (and others) about the amount of damages he should claim are not privileged because (1) Mr. Drew waived the privilege, (2) Mr. Drew put the subject in issue by effectively asserting an advice of counsel defense, and (3) Mr. Drew put the subject in issue by certifying that his claim was made in good faith. I raised these contentions at the the deposition, but did not receive a response. I would appreciate it if you inform me what your position is on this issue.

My re-opening of Mr. Drew's deposition primarily will relate to the conversations described above and the newly-disclosed damages information I received from you today. There may be more based upon plaintiff's responses to our second set of discovery. If there is, I will let you know as soon as possible.

To respond to your previous email, the Government will not pay for Mr. Boucher to come to DC. I would have thought that it would be cheaper for you to bring him here than for your team to go to Chicago. Alternatively, I was hoping that Larry would follow through on his agreement to pay for re-opening Boucher's deposition if the judge found in our favor on the privilege issue. Either way, if Mr. Boucher is willing to come to DC again, it would make it easier for all of us to fit these depositions in, and I would very much appreciate your cooperation.

Regards,

Robert E. Chandler
U.S. Department of Justice
Civil Division
Commercial Litigation Branch
1100 L Street NW
Washington D.C. 20530
(202)514-4678
robert.chandler@usdoj.gov

-----Original Message-----
From: Susan Schor [mailto:SSchor@msadlaw.com]
Sent: Monday, July 07, 2008 3:09 PM
To: Chandler, Robert (CIV)
Cc: Jeanne Anderson; Larry Schor
Subject: 5860 Chicago Ridge, LLC v. U.S.

Rob -

With just 3 weeks left in the extended discovery schedule, we have not yet received any notices of deposition from you or copies of any subpoenas that you are serving or have served. It is particularly important that we receive the notice for the 5860 Chicago Ridge, LLC 30(b)(6) deposition so we can determine who is (are) best suited to testify on issues you identify. In fairness to Plaintiff, and in order to allow it to prepare to address fully all of the areas on which you are seeking testimony, the notice should be served by COB this Friday, July 11.

You have also identified a 30(b)(6) deposition of Drew Management, Inc., a non-party in this matter. Drew Management will have to be provided with notice of the scope of expected testimony at least 2 weeks before your proposed deposition date to fully prepare.

In accordance with the Court's Rules, you must also subpoena non-parties

Al Guidice and Gabriella Casilla, otherwise their appearances cannot be guaranteed. We do not have authority to accept service on behalf of either of them.

We also need to address your July 3, 2008 proposal to re-depose Dan Drew as an individual. We take exception to the assertion in your Disclosure of Anticipated Deponents that Mr. Drew "erroneously" claimed the attorney-client privilege; there has been no such finding and we dispute that Mr. Drew improperly invoked the privilege. In light of the Judge's Order regarding cooperation, please advise us of the basis for your assertion.

Regardless of the reason you seek to re-call Mr. Drew, RCFC 30(a)(1)(B) requires that you obtain leave of Court since "the person to be examined already has been deposed in the case." However, in a further effort to cooperate, we may be willing to stipulate to an appropriate scope of deposition for Mr. Drew, but we cannot agree to an unlimited re-examination that covers all matters about which you previously questioned him. Please let us know whether you will propose a stipulated scope of re-examination or if this is another matter we may need to take up with the Court.

Due to the press of other cases we are handling, it is important that we tie down the deposition dates as soon as possible. We have some flexibility, and the deponents may have some as well, but cannot hold open indefinitely all of the dates you previously identified.

The above is without waiver of Plaintiff's right to move to quash any deposition(s) if Plaintiff deems it appropriate after receiving notice thereof.

I look forward to hearing from you as soon as possible.

Susan

Susan L. Schor
McManus, Schor, Asmar, & Darden LLP
1155 Fifteenth Street, Suite 900
Washington, D.C. 20005
Telephone # : 202-296-9260
Fax #: 202-659-3732
email: sschor@msadlaw.com

This E-mail message and any attachments have been scanned for viruses and are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened. However, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by McManus, Schor, Asmar, & Darden LLP for any loss or damage arising in any way from its use.

3

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| 5860 CHICAGO RIDGE, LLC.<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES<br><br>Defendant. | ) | Case No.: 07-680C<br>Judge Allegra |

**DEFENDANT'S DISCLOSURE OF ANTICIPATED DEPONENTS PURSUANT TO THE COURT'S ORDER OF JULY 3, 2008**

Pursuant to the Court's order of July 3, 2008, the United States respectfully submits the following list of persons it anticipates deposing in the above-captioned matter:

1. **Thomas Boucher;**

2. **5860 Chicago Ridge LLC**, pursuant to Rule 30(b)(6) of the Rules of the Court of Federal Claims ("RCFC");

3. **Drew Management, Inc.**, pursuant to RCFC 30(b)(6);

4. **Al Guidice;**

5. **Gabriella Casillas;**

6. **Daniel R. Drew** – In his initial deposition, Mr. Drew refused to testify about certain matters he erroneously claimed were subject to the attorney-client privilege. The United States anticipates deposing Mr. Drew with regard to these matters;

7. **Laurence Schor** – The United States anticipates deposing Mr. Schor if, and only if, it is necessary following the deposition of Mr. Drew.

The deponents identified above represent all persons or entities that the United States presently anticipates deposing in this matter. The Government reserves its right to take the depositions of other persons or entities as permitted by the RCFC.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

July 3, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 3rd day of July 2008, a copy of the foregoing "DEFENDANT'S DISCLOSURE OF ANTICIPATED DEPONENTS PURSUANT TO THE COURT'S ORDER OF JULY 3, 2008" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler