**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| **5860 CHICAGO RIDGE, LLC.**<br>**2428 West Bloomingdale**<br>**Chicago, IL 60647**<br><br>**v.**<br><br>**THE UNITED STATES**<br><br>**Defendant.** | **Case No.: 07-680C**<br>**Judge Allegra** |

**REPLY TO RESPONSE TO MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT AND RESPONSE TO MOTION TO DISMISS**

Pursuant to Rules 7(b) and 15(d) of the Rules of the Court of Federal Claims ("RCFC"), Plaintiff 5860 Chicago Ridge LLC, ("Chicago"), through undersigned counsel, hereby submits its reply to Defendant's Response to Motion for Leave to Supplement Complaint and its response to Defendant's Motion to Dismiss ("Defendant's Response and Motion"). For the reasons set forth below, Plaintiff's Motion to Supplement should be granted and Defendant's Motion to Dismiss should be denied.

**PROCEDURAL BACKGROUND**

The procedural background of this matter is as follows. By letter dated May 18, 2008 ("Termination Letter"), the General Services Administration ("GSA"), through the Contracting Officer, terminated for default its Lease with Plaintiff for office space for the Internal Revenue Service ("IRS"). The Termination Letter advised that it was the Contracting Officer's final decision and set forth Plaintiff's appeal rights. *Id.* At the time of the termination and thereafter until February 2008, IRS remained in the building that was the subject of the Lease and paid rent therefore, notwithstanding the termination.

Because IRS remained in the building after the termination and Plaintiff did not know when IRS would be vacating, the amount of Plaintiff's damages as of the termination date was uncertain.

In September 2007, Plaintiff learned from GSA that IRS would be vacating the building in or about January 2008. On September 20, 2008, Plaintiff timely filed its Complaint in this Court appealing the Contracting Officer's final decision. The Complaint set forth three Counts challenging the propriety of the default termination and alleged $4,000,000 in monetary damages. Count I alleges "Breach of Contract and Failure to Comply With Applicable Regulations Resulting from GSA's Failure to Give Chicago Proper Notice and Opportunity to Cure"; Count II alleges "Breach the Contract – Unjustified Termination for Non-Material Default; Count III alleges that the Contracting Officer's determination to terminated the Lease for default was arbitrary and capricious and an abuse of discretion.

On September 24, 2007, Plaintiff submitted its Certified Claim to the Contracting Officer and requested a final decision on its monetary damages in the amount of $4,001,126. *See* Attachment 1. The Contracting Officer did not issue a final decision within 60 days, nor did she ever issue one. The lost rent element of the Certified Claim ($3,001,026) expressly included real estate taxes.

On June 18, 2008, Plaintiff filed its Motion to Supplement its Complaint pursuant to RCFC 15(d) for the purpose of addressing a potential defect in this Court's jurisdiction that relates solely to Plaintiff's monetary damages and not to its allegations of breach of contract and improper default termination of the Lease, over which Defendant acknowledges the Court has jurisdiction. Defendant's Response and Motion at 1. Plaintiff's Supplemental Complaint alleges the intervening jurisdictional basis for its claim for monetary damages, *i.e.,* that on September

24, 2007 (4 days after filing its Complaint), Plaintiff submitted a Certified Claim for those damages to the Contracting Officer and that when the claim was deemed denied, Plaintiff could appeal the deemed denial to this Court under the Contract Disputes Act, 28 U.S.C § 605 *et seq.* ("CDA").

On July 7, 2008, Defendant filed its Response and Motion raising a jurisdictional issue under 28 U.S.C. § 605 that was different from the jurisdictional issue addressed in Plaintiff's Motion for Leave to Supplement. Specifically, Defendant alleges that the Court lacks jurisdiction over Plaintiffs request for monetary damages and argues that the Court "should dismiss all of Chicago Ridge's claims for monetary relief" on the grounds that under 28 U.S.C. § 605, the Attorney General has exclusive authority to act in the pending litigation, thus precluding a deemed denial by the Contracting Officer on Plaintiff's monetary claim and thereby depriving this Court of jurisdiction. Defendant's Response and Motion at 2.

## LEGAL ARGUMENT

### I. PLAINTIFF'S MONETARY CLAIM IS NOT PRECLUDED BY STATUTE

Defendant claims that, simply by filing its Complaint appealing the default termination before submitting its Certified Claim to the Contracting officer, Plaintiff placed its monetary claim "in litigation", thereby barring it from consideration by the Contracting Officer under 28 U.S.C. § 516[1],. Plaintiff disagrees.

Under applicable precedent, the Contracting Officer has authority to consider and decide Plaintiff's claim for monetary damages, and that authority was not precluded by 28 U.S.C. § 516.

---

[1] 28 U.S.C. 605 states: "Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party, or is interested, and securing evidence therefor, is reserved to officers of the Department of Justice, under the direction of the Attorney General."

Plaintiff acknowledges that under 28 U.S.C. § 516 a "contracting officer cannot address a CDA claim when that ***same*** CDA claim is in litigation." *Boeing Co. v. United States,* 31 Fed.Cl. 289, 292 (1994) (emphasis added), *citing Sharman Co. v. United States,* 24 Cl.Ct. 763, 769 (1991); *see also Case Inc. v. United States,* 88 F.3d 1004, 1008-09 (Fed.Cir.1996); *Alaska Pulp Corp. v. United States,* 34 Fed.Cl. 100, 103 (1995) ("*Sharman* establishes that the touchstone for the operation of the statute is whether ***the particular CDA claim*** is already in litigation by the filing of the complaint.") (Emphasis added.) However, Plaintiff disputes that its monetary claim is the "same claim" as its appeal of the final decision terminating the contract for default. This Court has held that "*Sharman* activates § 516 to deprive the contracting officer of authority ***only if*** the post-complaint claim submitted to the contracting officer is ***identical*** to the pre-complaint claim "in litigation." *McDonnell Douglas Corp. v. U.S.*, 37 Fed. Cl. 285 at 289 (1997) (emphasis added). Plaintiff's claim for damages claim is clearly not "identical" to its appeal of the final decision terminating the Lease for default.

In deciding whether a given matter is "in litigation," the courts have held that the doctrine restricting authority to litigate for the federal government to the Attorney General *should be* ***"narrowly construed*** because of its potential for ***disruptive effects***." *Buse Timber v. United States,* 45 Fed.Cl. 258, 265 (1999) (emphasis added), citing *Hughes Aircraft Co. v. United States,* 209 Ct. Cl. 446, 534 F.2d 889, 901 (1976). The fact that there are overlapping issues of fact and law is not determinative of whether a matter is "in litigation":

> Termination for default is a government claim, and termination for convenience is a separate contractor claim. 41 U.S.C. § 605(a); *Malone v. United States,* 849 F.2d 1441, 1443 (Fed.Cir.1988). The fact that the two claims involve overlapping issues of law and fact is not determinative. *Boeing,* 31 Fed.Cl. at 292-93. ***The Department of Justice's authority under § 516 does not reach "other matters which, albeit related, are not yet so pending."*** *Hughes Aircraft*, 209 Ct.Cl. at 465, 534 F.2d 889. Plaintiffs' post-complaint claims were not "in litigation" until the complaint was amended in September 1991. The contracting officer was not

> hindered by § 516; he was authorized to issue a final decision on plaintiffs' post-complaint claim for termination for convenience costs because that claim was not pending before the court.

*McDonnell Douglas Corp. v. U.S.*, 37 Fed. Cl. at 289 (emphasis added)*; see also Hughes Aircraft,* 209 Ct.Cl. at 465, 534 F.2d at 889.

In this case, the Contracting Officer's final decision terminating the Lease for default contained no findings with respect to any monetary damages or claim by Plaintiff (Exhibit 1), nor could it: it was a final decision on the default termination only. Thus, Plaintiff's subsequent Certified Claim setting forth and certifying the basis for its damages is not the "same" or identical claim as its appeal of the default termination. *See McDonnell Douglas Corp. v. U.S.*, where the Court specifically ruled that 28 U.S.C. § 516 does not preclude the Contracting Officer from deciding a later-certified cost claim arising from a default termination because the monetary claim is not "in litigation" until the contracting officer has made a final decision thereon:

> Following a decision to terminate for default, a contracting officer may not decide that § 516 prevents him from considering a termination for convenience cost recovery claim. Such a claim is distinct from the Government's claim for return of unliquidated progress payments, which accompanies the default termination. ***A contractor's claim can be in litigation only if the contracting officer has made a final decision on that claim.***

*McDonnell Douglas Corp. v. U.S., supra,* at 291 (emphasis added).

While Defendant argues for a broad construction of 28 U.S.C. § 516, a more narrow construction is appropriate here because of the potential for disruption to the proceedings. If the statute is construed broadly, the practical affect will be to bifurcate and delay Plaintiff's monetary claim from its claim on the merits of the default termination. The very real possibility is that Plaintiff would have to wait to submit its monetary claim to the Contracting Officer until after this Court ruled on the propriety of the default termination, all appeals (if any) were

exhausted, and the matter was no longer "in litigation", as Defendant seeks to define it. Assuming that, as is the case before the Court now, the Contracting Officer failed to issue a decision, at which point Plaintiff would have to embark, once again, on a costly (separate) lawsuit and discovery effort. *See e.g. McDonnell Douglas Corp. v. U.S.*, 37 Fed. Cl. at 294 (1997) ("The Government's position would deprive the court of jurisdiction to decide plaintiffs' damages, at least temporarily. . . . The effect of such a ruling would require the contractors to submit a new proposal seeking recovery as if the contract had been terminated for convenience. The contracting officer would consider the plaintiffs' proposal…if they could not agree...the contracting officer would have 60 days in which to make a unilateral determination, or notify plaintiffs that a decision was forthcoming…If the contracting officer did neither…[plaintiffs] could then appeal the matter here." Citation omitted.)

Since Plaintiff's Certified Claim for monetary damages is not identical to its claim appealing the default termination, Plaintiff's monetary damages were not put "in litigation" by the filing of the Complaint. Thus, the Contracting Officer had authority to consider the Certified Claim and issue a final decision thereon. Her failure to do so in 60 days is a deemed denial of the claim, and it is appropriate to allow Plaintiff to supplement its Complaint to allege the same.

## II. SUPPLEMENTING THE COMPLAINT IS APPROPRIATE UNDER RCFC <u>15(D)</u>

Plaintiff's Certified Claim can be brought within the Court's jurisdiction through a supplemental pleading under RCFC 15(d), which provides:

> Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense….

"Rule 15(d) is intended to give the court broad discretion in allowing a supplemental pleading." Fed.R.Civ.P. 15(d) Advisory Committee's note to 1963 amendment.[2] The Federal Circuit has explained that "defects in a plaintiff's case - even jurisdictional defects - can be cured while the case is pending if the plaintiff obtains leave to file a supplemental pleading under Rule 15(d) reciting post-filing events that have remedied the defect." *Black v. Sec'y of Health and Human Servs.*, 93 F.3d 781, 790 (Fed.Cir.1996).

Defendant argues for a narrow reading of the Federal Circuit's decision in *Black*. However, other Circuit Courts have declined to apply such a narrow interpretation of Rule 15(d) and have concluded that it is appropriate to cure a jurisdictional defect through supplemental filings. *See, e.g., Positive Black Talk, Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 365 (5th Cir. 2004); *M.G.B. Homes, Inc. v. Ameron Homes, Inc.*, 903 F.2d 1486, 1488 (11th Cir. 1990). Defendant's related argument that Plaintiff may not supplement its Complaint under Rule 15(d) simply because "Chicago Ridge did not submit a claim to the contracting officer **prior** to filing its complaint", Motion at 3 (emphasis added), is simply incorrect. In the context of considering the propriety of allowing supplemental pleadings to cure jurisdictional defects, the Courts have distinguished between "timing" issues, such as the issue pressed by Defendant here, and "substantive" jurisdictional requirements, allowing "timing" issues to be cured with supplemental pleadings.

A case directly on point is *Positive Black Talk, Inc., supra.* In *Positive Black Talk,* the court considered a situation in which a plaintiff filed a copyright infringement action four days before the Copyright Office received plaintiff's application for copyright registration. The court concluded that the plaintiff could cure its failure to comply with 17 U.S.C. § 411(a) by

[2] The Rules Committee 2002 Note Revision states that RCFC 15 was conformed to the comparable FRCP (with two exceptions not applicable here).

"amending or supplementing its complaint once it has registered the copyright." *Id.* In reaching its conclusion, the court stated:

> The notion that the supplemental pleading cures the technical defect, notwithstanding the clear language of § 411, ***is consistent with the principle that technicalities should not prevent litigants from having their cases heard on the merits. . . .*** [Section] 411 has a substantive component and a timing component - it requires the filing of a registration application, which must occur prior to the institution of the suit. . . . [T]he substantive requirement here was satisfied (because [plaintiff] filed a registration application, deposit, and fee), but the timing element was not (because the Copyright Office received the materials after [plaintiff] filed suit). [B]ecause [plaintiff] satisfied the substantive requirement of § 411 before final judgment, "considerations of finality, efficiency, and economy" counsel us to disregard the technical defect in timing in this particular case.

*Id.* at 366 (emphasis added) (citing *Mathews v. Diaz,* 426 U.S. 67, 73-76, 96 S.Ct. 1883, 48 L.Ed.2d 478 (1976) and quoting *Caterpillar Inc. v. Lewis,* 519 U.S. 61, 75, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)). Similarly, Plaintiff here satisfied the substantive requirements of the CDA for submission of a certified claim and the "timing" issue addressed in Plaintiff's Motion to Supplement Complaint can be resolved by supplemental pleading alleging the deemed denial.

## III. PLAINTIFF PROPERLY CERTIFIED ITS OPERATING EXPENSES AND REAL ESTATE TAXES

Defendant's Response and Motion argues, in the alternative, that Plaintiff's Complaint must be dismissed with respect to real estate taxes and operating expenses because Plaintiff did not include these claims in its Certified Claim. To the contrary, the Certified Claim expressly states that Plaintiff is claiming net lost rent "inclusive of real estate taxes." Exhibit 2. A specific amount of operating expenses was not included in the Certified Claim, and they are subject to ascertainment of amount as a result of the loss of the Government as a tenant. Plaintiff will provide the Government with a calculation of its reduced operating expenses as expeditiously as possible after the Building has been vacant for a sufficient period to calculate them with some degree of certainty.

## IV. ALTERNATIVELY, THE COURT SHOULD STAY THIS PROCEEDING TO ALLOW THE CONTRACTING OFFICER TO ISSUE A FINAL DECISION ON PLAINTIFF'S CERTIFIED CLAIM

In the alternative, if the Court determines that there could be no deemed denial of Plaintiff's Certified Claim, the Court may issue a stay pursuant to § 605(c)(5) of the CDA. Because the Court has jurisdiction over the default termination, it has jurisdiction to stay the litigation and remand the damages claim to the Contracting Officer under the CDA. *See, e.g., United Partition Systems, Inc. v. United States,* 59 Fed.Cl. 627 (2004) (the court is not foreclosed from issuing a stay if it has jurisdiction over any aspect of a plaintiff's complaint). As Defendant has conceded, the Court has jurisdiction over Plaintiff's appeal of the default termination.

Under these circumstances, issuance of a stay is appropriate. The issuance of a stay is in the interests of the Court and the parties, including the interests of judicial economy: "[t]his court should 'grant all necessary relief in one action' and avoid piecemeal litigation. H.R.Rep. No. 1023, 92d. Cong., 2d Sess. 3 (1972), U.S. Code Cong. & Admin. News at 3116, 3118. (*quoted* in *Boeing Co.,* 31 Fed.Cl. at 296). Further, the Court has held that "[w]hen possible, all claims should be addressed in a single action: '[i]n light of the greater formality of the Claims Court [compared to the boards] . . . the more efficient approach is to appeal all issues together." *Overall Roofing & Constr., Inc. v. United States,* 929 F.2d 687, 690 (Fed.Cir.1991).

## CONCLUSION

The foregoing considered, Plaintiff respectfully prays that the Court grant its motion to supplement its Complaint to add its claims for monetary relief or, in the alternative, stay this matter pending consideration of Plaintiff's Certified Claim by the Contracting Officer, and deny Defendant's Motion to Dismiss.

Respectfully submitted,

Date: July 10, 2008

/s/ Laurence Schor

Laurence Schor, D.C. Bar No. 11494
lschor@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.
1155 15th Street, N.W., Ninth Floor
Washington, D.C. 20005
202-296-9260
202-659-3732 fax
Counsel of Record for Chicago Ridge, LLC

Of Counsel:

Susan L. Schor
sschor@msadlaw.com
Jeanne A. Anderson
janderson@msadlaw.com
McManus, Schor, Asmar & Darden, L.L.P.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was electronically filed, this 10th day of July 2008 on:

Robert E. Chandler
U.S. Department of Justice
Civil Division
1100 L St., N.W.
Washington, D.C. 20530
Counsel for the Defendant

/s/ Laurence Schor
Laurence Schor