**5860 CHICAGO RIDGE, LLC**

September 24, 2007

Malinda E. Pennington
Contracting Officer
Office of Customer Solutions
General Services Administration
230 South Dearborn Street
Chicago, Illinois 60604

Re: 5860 Chicago Ridge, LLC's "(Chicago") Certified Claim for Damages Resulting From the GSA's Improper Termination for Default of Lease No. GS-05B-17003 and Request for a CO's Final Decision

Dear Ms. Pennington:

By letter dated May 18, 2007, you issued a Final Decision ("CO's Final Decision") terminating for default Lease No. GS-05B-17003 ("Lease") between GSA and Chicago for Premises at 5860 West 111th Street, Chicago Ridge, Illinois ("Premises") occupied by the Internal Revenue Service ("IRS"). The Premises were built to the Government's specifications and the Lease was for a firm ten year term with annual rent payable in the amount of $546,307.00, at a Rate Per USF of $34.67. Your CO's Final Decision stated that the Lease was terminated pursuant to GSAR 552.270.22 "Default by the Lessor During the Term."

By this letter and pursuant to the Contract Disputes Act, 41 U.S.C. § 601-13, and the Disputes Clause of the Lease, FAR 52.233-1, Chicago submits its Certified Claim for damages suffered by Chicago as a result of the improper termination for default of the Lease and requests a CO's Final Decision on this claim.[1]

On May 4, 2007, prior to your CO's Final Decision terminating the Lease, GSA issued Presolicitation Notice GS-05B-17995 for new space located in Chicago, Illinois

[1] Chicago has also timely appealed the CO's Final Decision terminating the Lease to the United States Court of Federal Claims on the grounds that the termination (i) constituted a breach of contract because it failed to comply with applicable regulations; (ii) constituted a breach of contract because it was not based upon a material default; and (iii) constituted an abuse of discretion. Chicago's Complaint is attached to this letter, and the facts and allegations set forth in the Complaint are incorporated by reference herein.

and has negotiated and entered into a new lease. Counsel for Chicago has learned from GSA that the IRS intends to vacate the space currently leased by GSA from Chicago and to move to the new leased space by November, 2007, or at the latest, by January, 2008.

Chicago hereby claims the following damages as a result of the improper decision to terminate the Lease for default:

1. The net unpaid rent that Chicago would have received during the remainder of the term of the lease from January 2008 until June 24, 2014. The annual rent currently payable to Chicago was $554,052.00. Chicago's calculation of the amount to become due over the term of the lease is shown in detail on the attached sheet. The total certified amount claimed by Chicago for lost rent is $3,001,126.

2. The value of the Owner's Equity in the Premises, which value will be lost as a result of the improper termination for default, in the certified amount of $1,000,000.

Chicago hereby requests a CO's Final Decision on its Certified Claim in the total amount of $4,001,126. within 60-days of receipt of this Letter.

Sincerely,

Daniel R. Drew
5860 Chicago Ridge LLC
800 E. Northwest Hwy.
Palatine, IL 60074

Attachment

Cc: Laurence Schor, Esq.

**CLAIM OF 5860 CHICAGO RIDGE, LLC UNDER LEASE NO. GS-05BC-17003 FOR WRONGFUL TERMINATION**

**I - I. NET RENT LOSS**

| Future Years | ***Initial Year*** | ***Year 3*** | 4 | 5 | 6 | 7 | 8 | 9 | 10 |
|---|---|---|---|---|---|---|---|---|---|
| Gross | ***$546,307*** | ***$554,052*** | $558,207 | $562,394 | $566,612 | $570,861 | $575,143 | $579,457 | $583,802 |
| Operating Expenses | ***$95,567*** | ***$94,600*** | $100,000 | $103,000 | $106,090 | $109,273 | $112,551 | $115,927 | $119,405 |
| Net (inclusive of taxes) | ***$450,740*** | ***$459,452*** | $458,207 | $459,394 | $460,522 | $461,589 | $462,592 | $463,529 | $464,397 |

**Net Rent lost from Jan 08 is composed of years 5-10 and half of lease year 4 and totals $3,001,126.**

Actual Expenses/Rent are shown in Bold
Subsequent future years: Gross escalates by 0.75 per cent per year
Expenses are started from a more conservative base and escalated at 3 per cent per year.

**II. LOSS OF EQUITY**

Claimant anticipates that the GSA breach and the cessation of rent payments will result in Claimant's loss of ownership to its lender. 5860 Chicago Ridge has analyzed the current local rental market and property utilization and does not foresee an opportunity to relet the building to a single tenant, paying the rental rate now paid by GSA. To relet the building to smaller private entities taking portions of the building, would require substantial remodeling of the current configuration and would increase the likelihood of vacant and unrented space. 5860 Chicago Ridge does not have the financial capability to overcome this financial reversal and anticipates losing its equity in the property. We do not know when the loss will occur but its occurrence will result in a loss of $1,000,000.oo for which claim is made herein.

**III. POTENTIAL ADDITIONAL LOSSES**

5860 Chicago Ridge anticipates that it may incur additional losses as a direct result of GSA's breach of the Lease and will submit claims for those losses should they occur.

## CERTIFICATION

I, Daniel Drew, Managing Member, hereby certify that this claim is made in good faith, that the supporting data are accurate and complete to the best of my knowledge and belief, that the amount requested accurately reflects the contract adjustment for which I believe the government is liable, and that I am duly authorized to certify the claim on behalf of 5860 Chicago Ridge, LLC.

Date 26 Sept. '07

Daniel Drew
Managing Member
5860 Chicago Ridge LLC
800 E. Northwest Hwy.
Palatine, IL 60074

2

GSA

GSA Great Lakes Region

May 18, 2007

VIA FEDERAL EXPRESS AND FAX

Mr. Daniel R. Drew
Drew Management Company
800 E. Northwest Hwy.
Palatine, IL 60074

Re: Lease No. GS-05B-17003 ("Lease") between 5860 Chicago Ridge, LLC ("Lessor") and the United States of America ("Government") acting by the General Services Administration ("GSA") for the Premises occupied by the Internal Revenue Service ("IRS") at 5860 West 111th Street, Chicago Ridge, Illinois ("Premises")

Dear Mr. Drew:

IRS took occupancy of the subject build-to-suit facility on June 25, 2004, and has, from that date, continued to experience water leakage. On each occurrence, the Lessor has received notice. (See attached letters dated January 25, 2005, January 27, 2005, February 8, 2005, June 6, 2006, August 16, 2006, August 24, 2006, September 18, 2006, October 6, 2006, December 22, 2006 and April 27, 2007.) In GSA's final letter dated April 27, 2007, I requested complete remediation of the water leakage problems by May 11, 2007.

To date, the Lessor has failed to remediate the water leakage issues and has not shown cause as to why the Government should not terminate Lease No. GS-05B-17003. An e-mail response was received from you on May 3, 2007 stating that it would not be possible to comply with the May 11th remediation deadline, and "...the proper course of action will require an entire new roof SYSTEM..." You also stated that, "The requisite planning alone will be more than a month past your deadline...and...would not put a solution in view until the end of the summer." A copy of the May 3, 2007 email is attached.

During our telephone conversation of May 3, 2007, you stated that the building had a lot of problems and that it was a defective building. During their entire tenancy at these Premises, the IRS has endured too many interruptions of business and cannot continue to operate in this manner.

The lease clause, "Default by Lessor During the Term" (552.270-22) states:

> "Failure to maintain, repair, operate or service the premises as and when specified in this lease, or failure to perform any other requirement of this lease as and when required provided any such failure shall remain uncured for a period of thirty (30) days next following Lessor's receipt of notice thereof from the Contracting Officer or an authorized representative. Repeated and unexcused failure by Lessor to comply with one or more requirements of this lease shall constitute a default notwithstanding that one or all such failures shall have been timely cured pursuant to this clause. If a default occurs, the Government may, by

U.S. General Services Administration
230 South Dearborn Street
Chicago, IL 60604-1696
www.gsa.gov

> notice to Lessor, terminate this lease for default and if so terminated, the Government shall be entitled to the damages specified in the Default in Delivery-Time Extension clause."

It is the decision of the undersigned that the Lessor's right to proceed with the performance of Lease No. GS-05B-17003 is hereby terminated for cause pursuant to Default by Lessor During the Term Clause 552.270.22. In the Government's claim for damages, we reserve all rights and remedies provided by law or under this contract, in addition to its entitlement to reimbursement of excess reprocurement costs. Excess costs include, but are not limited to, any excess of the reprocurement price over the contract price, and related administrative, technical, and travel costs incurred in the reprocurement process.

Pursuant to Section 33.211 of the Federal Acquisition Regulation (FAR), this is the final decision of the Contracting Officer. The Lessor may appeal this decision to the Civilian Board of Contract Appeals ("Board"). If Lessor decides to appeal, they must, within 90 days from the date of receipt of this decision, mail or otherwise furnish written notice to the Board and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number. Appeals to the Board, by Lessor may, solely at Lessor's election, proceed under the Board's small claim procedure for claims of $50,000 or less or its accelerated procedure for claims of $100,000 or less. Alternately, Lessor may bring an action directly in the United States Court of Federal Claims (except as provided in the Contract Disputes Act of 1978, 41 U.S. C. 603, regarding Maritime Contracts) within 12 months from the date of receipt of this decision.

At this time, GSA has started the procurement process to seek new space for the IRS who will then vacate their current premises when new office space is ready. Should you have any questions, please feel free to contact me at 312-353-1049.

Sincerely,

Malinda E. Pennington

MALINDA E. PENNINGTON
OFFICE OF CUSTOMER SOLUTIONS
Contracting Officer

Attachments