**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **5860 CHICAGO RIDGE, LLC.** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Case No.: 07-680C** |
| | ) | **Judge Allegra** |
| **THE UNITED STATES** | ) | |
| **Defendant.** | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT AND DEFENDANT'S MOTION TO DISMISS**

In our motion to dismiss, we established that this Court lacks jurisdiction to consider the monetary claims of plaintiff, 5860 Chicago Ridge LLC ("Chicago Ridge"), because Chicago Ridge failed to present those claims to the contracting officer before filing its complaint in this Court. Moreover, we demonstrated that Chicago Ridge's belated claim to the contracting officer (the "CO claim"), submitted after its complaint was filed, did not remedy this jurisdictional defect because the contracting officer lacked the authority to act on the claim once Chicago Ridge put the matter in litigation by filing its complaint. Finally, we showed that even if the contracting officer had authority to act on Chicago Ridge's claim, Chicago Ridge cannot remedy the jurisdictional defect by supplementing its complaint to include allegations of its post-filing satisfaction of this administrative exhaustion requirement.

In its response, Chicago Ridge contends that the claims in its complaint are not the "same claim" as those in the CO claim and, thus, the contracting officer had the

authority to act on Chicago Ridge's claim. In addition, Chicago Ridge contends that cases from other circuits are "directly on point" and permit the kind of supplementation Chicago Ridge seeks to accomplish in this case. Finally, Chicago Ridge moves, in the alternative and for the first time, to stay this matter so that it may file a proper claim with the contracting officer.

As we demonstrate below, however, the monetary claims in Chicago Ridge's complaint are precisely the same claims as those in the CO claim. In addition, we show that cases Chicago Ridge cites to support its supplementation argument are decidedly not on point. For these reasons, as more fully described below, we respectfully request that the Court dismiss Chicago Ridge's monetary claims.

## I. The Monetary Claims In Chicago Ridge's Complaint Are The Same Claims As Those In Its Claim To The Contracting Officer

Chicago Ridge contends that the CO claim is not precluded because it does not contain the same claims as those that were the subject of its complaint and that were, therefore, "in litigation" at the time it submitted its claim to the contracting officer. Chicago Ridge sums up its position this way: "Plaintiff disputes that its monetary claim is the 'same claim' as its appeal of the final decision terminating the contract for default." Pl. Reply and Resp. 4. The Government does not contend, however, that the contracting officer lacked authority to consider the CO claim because of Chicago Ridge's appeal of the termination decision. Rather, the Government contends that the contracting officer lacked authority to consider the CO claim because Chicago Ridge's complaint also stated the same claims for monetary relief as those in the CO claim. Chicago Ridge's response brief blithely ignores the existence of the monetary claims in its complaint.

Chicago Ridge's complaint includes a claim for breach of contract based on Chicago Ridge's allegation that "GSA's termination of the Lease was unjustified and wrongful" (Count II). Compl. 7-8, ¶ 38; Pl. Reply and Resp. 2. As its damages for this claim, Chicago Ridge seeks "damages in the amount of unpaid rent that it would have received during the remainder of the term of the Lease" which, along with claimed utility and maintenance costs and real estate taxes "will be at least $3,000,000."[1] Compl. 9. In addition, Chicago Ridge's complaint seeks "damages in the amount of the equity loss in the Building of at least $1,000,000."

The CO claim contains the identical claims. The CO claim asserts that the Government is liable based upon "improper termination for default of the Lease." As its damages, Chicago Ridge requested that the contracting officer pay "the net unpaid rent that Chicago would have received during the remainder of the term of the lease[,]" totalling $3,001,126. In addition, Chicago Ridge requested payment of "the value of the Owner's Equity in the premises … in the certified amount of $1,000,000."

That the monetary relief sought in the CO claim is identical to the monetary relief sought in Chicago Ridge's complaint is evident. Both claims are premised upon the allegation of an improper termination. Moreover, both the CO claim and the complaint seek the same categories of damages – lost rent and lost equity. In addition, the amount of damages sought is virtually the same. Indeed, these roughly $4 million damages claims differ by just $1,126. Finally, the CO claim expressly incorporates the allegations contained in the complaint. Pl. Reply and Resp. Exh. 1, p. 1, fn 1 ("the facts and

---

[1] We note that although the complaint purports to seek utility and maintenance costs and real estate taxes, these amounts have not been included by Chicago Ridge in its damages calculations during discovery.

allegation set forth in the Complaint are incorporated by reference herein"). Thus, there is no room for Chicago Ridge to contend that its CO claim is premised on any set of facts different from those in the complaint.

Contrary to Chicago Ridge's assertion, the Court's decision in McDonnell Douglas Corp. v. United States, 37 Fed. Cl. 285 (1997) does not suggest a different result. In that case, the Court considered only whether, when a contractor has submitted a complaint to this Court seeking a conversion of a termination for default into a termination for the convenience of the Government, the contracting officer is without authority pursuant to Section 516 to issue a decision on the contractor's subsequently submitted termination for convenience cost recovery claim. In concluding that the contracting officer had authority to render a decision, the Court held that a mere overlap in legal and factual issues is not sufficient to preclude a contracting officer's authority under Section 516. This case, however, involves far more than a mere overlap in factual and legal issues – the claims at issue here involve the same theory of recovery, and the exact same damages.

Finally, Chicago Ridge suggests that its monetary claims were not "in litigation" within the meaning of Section 516 precisely because they had not first been presented to the contracting officer. That is, Chicago Ridge suggests that where the Court lacks jurisdiction to consider a matter, it is not in litigation. Chicago Ridge cites the following statement from McDonnell Douglas as its only support of this proposition: "A contractor's claim can be in litigation only if the contracting officer has made a final decision on that claim." McDonnell Douglas, 37 Fed. Cl. at 291. This language is clear dicta, however, as the basis for the Court's decision was the fact that the claims were

different. No decisions of this Court or the Court of Appeals for the Federal Circuit have adopted this view. Plaintiff's contentions are patently inconsistent with the decisions of the Federal Circuit in Sharman Co. v. United States, 2 F.3d 1564, 1571 (Fed. Cir. 1993) and Case, Inc. v. United States, 88 F.3d 1004, 1009 (Fed. Cir. 1996). If Chicago Ridge's view were adopted, Congress's requirement that a claim be submitted to the contracting officer prior to the initiation of litigation would be eviscerated.

## II. The Fifth Circuit's Decision In Positive Black Talk Does Not Require The Court To Permit Chicago Ridge To Supplement Its Complaint

Notwithstanding Chicago Ridge's assertion that it is "directly on point," the decision in Positive Black Talk Inc. v. Cash Money Records, 394 F.3d 357 (5th Cir. 2004) does not compel this Court to permit supplementation of Chicago Ridge's complaint. First, and most obviously, it is not binding on this Court. Second, it is not on point. The omitted jurisdictional prerequisite in Positive Black Talk was the filing of an application for a copyright registration. The jurisdictional prerequisite in this case is distinguishable on precisely the critical basis set out in Black – the fact that allowing the plaintiff to cure would defeat the purpose of the requirement. As the Positive Black Talk court stated, "nothing suggests that Congress viewed the pre-filing requirement in § 411 as central to the purpose of the federal copyright laws." 394 F.3d at 366 fn. 6. The requirement for the submission of claims to the contracting officer, on the other hand, represents a critical element in fulfilling Congress's desire that contracting claims be resolved at the administrative level where possible. Moreover, the decision in Positive Black Talk rested, to some degree, upon the fact that "the case had already proceeded to judgment, making 'considerations of finality, efficiency, and economy … overwhelming.'" Id. at 367 (quoting Catepillar Inc. v. Lewis, 519 U.S. 61 (1996)). That is not the case here.

## CONCLUSION

For the foregoing reasons and the reasons stated in our motion to dismiss, we respectfully request that the Court deny Chicago Ridge's motion to supplement its complaint pursuant to Rule 15(d) and dismiss Chicago Ridge's complaint insofar as it asserts claims for monetary relief. If the Court were to grant our motion to dismiss, we would not oppose a stay of this case in order to permit Chicago Ridge to submit its monetary claims to the contracting officer.

Respectfully submitted,

GREGORY G. KATSAS
Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/ Kirk T. Manhardt
KIRK T. MANHARDT
Assistant Director

s/ Robert E. Chandler
ROBERT E. CHANDLER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
8th Floor
Washington, D.C. 20530
Tele: (202) 514-4678

July 24, 2008

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 24th day of July 2008, a copy of the foregoing "DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT COMPLAINT AND DEFENEANT'S MOTION TO DISMISS" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Robert E. Chandler