# In The United States Court of Federal Claims

No. 07-680C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed:  April 23, 2009)

_____

| | |
|---|---|
| 5860 CHICAGO RIDGE, L.L.C., | * |
| | * |
| Plaintiff, | * |
| v. | * |
| | * |
| THE UNITED STATES, | * |
| | * |
| Defendant. | * |

_____

**OPINION**

_____

**ALLEGRA, Judge:**

      This government contract suit is before the court on plaintiff's motion to supplement its pleadings pursuant to RCFC 15(d) and defendant's motion under RCFC 12(b)(1) to dismiss the monetary portions of plaintiff's complaint due to an alleged failure to comply with the Contract Disputes Act (CDA), 41 U.S.C. §601 *et seq*.

**I.**

      This case arises out of a contract between 5860 Chicago Ridge, L.L.C. (Chicago Ridge) of Chicago, Illinois, and the General Services Administration (GSA) for the leasing of office space by the Internal Revenue Service.  On May 18, 2007, the contracting officer (CO) terminated the lease for default.  On September 20, 2007, plaintiff filed a complaint in this court setting forth three counts, averring that: (i) the lease was breached by GSA's failure to give Chicago Ridge proper notice and an opportunity to cure; (ii) the lease was unjustifiably terminated for a non-material default; and (iii) the CO's decision to terminate the lease was arbitrary and capricious and an abuse of discretion.  Plaintiff asked the court to reverse GSA's termination and to award it money damages totaling $4 million, comprised of unpaid rent for the balance of the lease term, utility and maintenance costs and real estate taxes, and loss of equity in the leased building.

Four days after filing its complaint in this court, on September 24, 2007, plaintiff filed a certified claim for money damages with the CO. On June 18, 2008, shortly after the start of discovery, plaintiff filed a motion to supplement its pleadings, intending to add to its complaint a claim arising out of the alleged deemed denial by the CO of its 2007 claim. On July 7, 2008, defendant filed an objection to plaintiff's motion as well as a motion to dismiss plaintiff's request for monetary relief, alleging that the court does not have jurisdiction over this part of the case.[1] At a status conference held on August 19, 2008, the parties discussed staying the case in hopes of settling the jurisdictional issue. At the parties' urging, on August 28, 2008, the court issued an order staying the case until October 10, 2008. When the latter date arrived, the parties filed a joint status report in which they asked the court to lift the stay to allow plaintiff to dismiss voluntarily its claims for monetary relief and to withdraw its motion to supplement the pleadings, after which defendant would withdraw its motion to dismiss. On October 17, 2008, however, plaintiff filed a status report indicating that it had reconsidered its position and no longer believed that the course of conduct proposed in the October 10, 2008, joint status report was in its best interests. Plaintiff requested that the court rule on both parties' motions. The court issued an order lifting the stay on October 20, 2008.

## II.

This court has "jurisdiction to render judgment upon any claim by or against, or dispute with, a contractor arising under . . . the Contract Disputes Act of 1978 [(CDA)] . . . on which a decision of the contracting officer has been issued under . . . that Act." 28 U.S.C. § 1491(a)(2); *see also Applied Cos. v. United States*, 144 F.3d 1470, 1477 (Fed. Cir. 1998); *North Star Alaska Housing Corp. v. United States*, 76 Fed. Cl. 158, 183 (2007). In this framework, the "strict limits" of the CDA constitute "jurisdictional prerequisites to any appeal." *England v. The Swanson Group, Inc.*, 353 F.3d 1375, 1379 (Fed. Cir. 2004) (citing *Sharman Co. v. United States*, 2 F.3d 1564, 1569 n.6 (Fed. Cir. 1993), *overruled on other grounds by Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995) (en banc)). Hence, jurisdiction is lacking "unless the contractor's claim is first presented to the contracting officer and that officer renders [or is deemed to render] a final decision on the claim." *England*, 353 F.3d at 1379; *see also D.L. Braughler Co., Inc. v. West*, 127 F.3d 1476, 1480 (Fed. Cir. 1997); *James M. Ellett Constr. Co. v. United States*, 93 F.3d 1537, 1541-42 (Fed. Cir. 1996); *Bath Iron Works Corp. v. United States*, 20 F.3d 1567, 1578-79 (Fed. Cir. 1994).

Jurisdiction is assessed based on the circumstances existing at the time the complaint was filed. *Sharman*, 2 F.3d at 1569; *see also Mullan v. Torrance*, 22 U.S. 537, 539 (1824) ("[T]he jurisdiction of the Court depends upon the state of things at the time of the action brought[.]"). It is undisputed that plaintiff filed its complaint in this court on September 20, 2007, without first

---

[1] Defendant admits – as it must – that this court has jurisdiction over plaintiff's complaint to the extent that it seeks to challenge directly the contracting officer's decision to terminate the contract for default. *See Keeter Trading Co., Inc. v. United States*, 79 Fed. Cl. 243, 248 (2007).

having filed a certified claim for damages with the CO. In cases like this, this court has repeatedly held that it has jurisdiction to review the termination for default, but does not have jurisdiction over a contractor's related damages claim unless the contractor filed a claim for damages and received a final decision thereon prior to filing suit. *See, e.g., Armour of America v. United States*, 69 Fed. Cl. 587, 592-93 (2006); *Deponte Investments, Inc. v. United States*, 54 Fed. Cl. 112, 115 (2002); *see also Sharman*, 2 F.3d at 1570 (noting that "the default claim and demand for return of unliquidated progress payments are separate and distinct . . . for jurisdictional purposes"). Here, no final decision regarding plaintiff's monetary claim was rendered before the filing of this lawsuit leading the court to conclude that the monetary portion of plaintiff's complaint must be dismissed for lack of jurisdiction.

Seemingly undeterred by the above precedents, plaintiff maintains that the jurisdictional defect here can be cured if it is allowed to supplement its pleadings to allege that its certified claim for money damages was "deemed denied." A deemed denial arises when a CO fails timely to issue a final decision on a claim – in such an instance, the CO's inaction is "deemed to be a decision . . . denying the claim and . . . authorize[s] the commencement of the appeal or suit on the claim." 41 U.S.C. § 605(c)(5). But, there was no deemed denial here, because in 2007, the CO lacked the authority to rule on the claim because that claim was in litigation – indeed, the CO continues to lack that authority now for the same reason. *See Sharman*, 2 F.3d at 1571. In *Sharman*, the Federal Circuit held that "[o]nce a claim is in litigation, the Department of Justice gains exclusive authority to act in the pending litigation," thereby "divest[ing] the contracting officer of his authority to issue a final decision on the claim." *Id.; see also Roxco, Ltd. v. United States*, 77 Fed. Cl. 138, 149 (2007); *Witherington Const. Corp. v. United States*, 45 Fed. Cl. 208, 211-12 (1999). The decisional law makes amply clear that while a lawsuit involving the claim is pending, the CO's silence may not be construed as a deemed denial of the claim. *See Case, Inc. v. United States*, 88 F.3d 1004, 1009 (Fed. Cir. 1996) ("when a contracting officer lacks authority to issue a final decision on a claim, there can be no valid deemed denial of the claim so as to confer CDA jurisdiction under 41 U.S.C. § 605(c)(5)"); *Roxco*, 77 Fed. Cl. at 149 (no deemed denial where CO lacked authority to rule on claim); *General Dynamics Corp. v. United States*, 47 Fed. Cl. 514, 524 (2000) (same); *Ervin and Assocs. v. United States*, 44 Fed. Cl. 646, 656 (1999) (same).[2]

---

[2] In an effort to sidestep *Sharman*, plaintiff argues that its certified claim for money damages filed with the CO is not the same as its claim for monetary relief filed in this court, such that the former claim is not actually "in litigation." But, this assertion ignores the fact that: (i) these claims both arise from the default termination of the lease; (ii) they use almost identical language and ask for almost identical amounts of money; and (iii) the complaint in this case was attached to, and incorporated by reference into, the certified claim plaintiff filed with the CO. As such, plaintiff's argument in this regard is untenable. *See Sharman,* 2 F.3d at 1571(stating that two claims were identical if they "allege[] entitlement to the same money based on the same partial performance, only under a different legal label."); *Case, Inc.*, 88 F.3d at 1010-11; *Boeing v. United States*, 31 Fed. Cl. 289, 293-94 (1994).

As such, the court concludes that it lacks jurisdiction over plaintiff's monetary claims and that the proposed supplemental pleading cannot cure this problem. On this basis, the court must deny the motion to supplement the complaint and grant defendant's motion to dismiss the monetary portion of plaintiff's existing complaint.[3] Upon the dismissal of the monetary claims here, the CO will be revested with the authority to rule on the plaintiff's claim. *See Alaska Pulp Corp. v. United States*, 34 Fed. Cl. 100, 103-04 (1995); *see also Boeing*, 31 Fed. Cl. at 292-93. Assuming that claim is denied or deemed denied, the statute of limitations on filing a second complaint with this court concerning those monetary claims would begin to run from the time of the denial. *See Witherington Const. Corp.*, 45 Fed. Cl. at 212-13.

### III.

Based on the foregoing, plaintiff's motion to supplement the pleadings is **DENIED**, and defendant's motion to dismiss the monetary claims associated with the complaint is **GRANTED**, albeit without prejudice. Should, following a valid, final decision or deemed denial of the monetary claim, plaintiff decide to refile these portions of its case as a separate lawsuit in this court, the Clerk shall assign that case to the undersigned judge. No filing fee shall be imposed. No costs.

**IT IS SO ORDERED**.

s/ Francis M. Allegra
Francis M. Allegra
Judge

---

[3] Contrary to plaintiff's claim, a supplemental pleading under RCFC 15(d) cannot serve to correct a jurisdictional defect where, as here, the statute in question (the CDA) uses language specifically "forbidding a claimant from filing an action prior to the agency's denial of an administrative claim." *Black v. Sec'y of Health and Human Servs.*, 93 F.3d 781, 790-91 (Fed. Cir. 1996).