# In The United States Court of Federal Claims

No. 07-680C

(Filed:  March 15, 2011)

_____

5860 CHICAGO RIDGE, LLC.,

        Plaintiff,

   v.

THE UNITED STATES,

        Defendant.

_____

**ORDER**

_____

     On Tuesday, March 15, 2011, the court conducted a pre-trial conference in this case. Participating in this conference were Mr. Lawrence Schor, for plaintiff, and Mr. Douglas Hoffman, for defendant.  For the reasons discussed at this conference, the court hereby orders the following:

1.     Trial in this case will commence at 10:00 a.m. (EDT) on Monday, April 4, 2011, at the United States Court of Federal Claims, Courtroom #4, 717 Madison Place, Washington, DC 20005.  On Tuesday, April 5, 2011, trial will begin at 1:30 p.m (EDT).  Each subsequent day of trial will begin at 9:30 a.m. (EDT), unless otherwise ordered.

2.     On or before March 30, 2011, the parties shall file an amended joint stipulation of undisputed facts.  The court expects that stipulation to be as extensive as possible.  Failure to file a sufficiently comprehensive stipulation will result in an order requiring the parties to refile a revised stipulation that comports with the court's expectations.

3.     The basic issues to be decided are:

    a.     Whether defendant was entitled to terminate the lease for default based on plaintiff's alleged breaches.

    b.     If entitled to terminate the lease, what amount of damages defendant is entitled to as excess reprocurement costs and overpayments.

4.      The parties shall each have twenty minutes for opening statements. Plaintiff will go first, then defendant.

5.      Regarding exhibits:

     a.      At the outset of trial, it is the court's intent to admit *en masse* any exhibits to which there are no objections.  At that time, the court will rule on any objections to exhibits that do not require live testimony.  Objections to exhibits that require live testimony will be considered at the appropriate time.  The parties shall consult with each other to avoid introducing duplicate exhibits.

     b.      At the beginning of trial, the parties shall supply six pre-marked copies of the exhibits they intend to offer in this case, including joint exhibits.  The exhibits shall be in binders, with tabbed dividers between each individual exhibit.  Colored exhibit stickers shall be affixed only to the original copy of the exhibits (which will be provided to the reporter).  Defendant shall use blue stickers; plaintiff shall use any color other than blue.  The parties shall ensure that the pagination of individual exhibits is easily identifiable.

     c.      The parties shall avoid submitting to the court duplicate copies of exhibits and shall endeavor to assure that their exhibits are consecutively numbered, with no numbers omitted.

6.      Regarding witnesses:

     a.      The parties shall coordinate regarding the order of witness presentations, particularly in the calling of common witnesses.

     b.      Each party shall notify the other as soon as possible if a determination is made not to call someone on its witness list.

     c.      Based on the anticipated schedule, the parties are hereby instructed to have adequate witnesses available and prepared to testify on each day of trial, so as to ensure that each day of the trial proceedings is fully utilized.

      d.      Counsel are reminded of the court's expectation that the direct examination of witnesses shall be crisp and shall not unduly elicit information already in the record (e.g., stipulated matters).

7.      The court may require post-trial briefing in this case.  The schedule for such briefing will be established at the conclusion of trial.

8.      Counsel are reminded of the court's expectation that they will attempt to resolve as many matters as possible through cooperation.

**IT IS SO ORDERED.**

s/Francis M. Allegra
Francis M. Allegra
Judge